UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| FRANKLIN FUELING SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> VEEDER ROOT COMPANY and DOES 1 through 20, <br><br> Defendants. | Case No. 09-CV-00580-FCD-JFM <br><br> **STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER** |

### **STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

To protect the confidentiality of information provided and documents produced in this litigation, Franklin Fueling Systems, Inc. ("Franklin") and Veeder Root Company ("Veeder Root") (collectively, the "Parties") stipulate to the following Confidentiality and Protective Order ("Order") and request that the Court enter this Order pursuant to Federal Rule of Civil Procedure 26(c).

**1.      Designation of Confidential Material.** A Party ("Designating Party") may designate any information, things or documents subject to discovery or provided in the course of this litigation, including but not limited to interrogatory answers, admissions, documents in any form, and deposition transcripts ("Item" or "Items") as CONFIDENTIAL if the party has a good faith belief that the item so designated contains information that constitutes or contains trade

1    secrets or other confidential research, development, financial or commercial information. The
2    Items so designated ("Confidential Material") shall be governed by the terms of this Order.

3    **2.     Designation of Attorneys' Eyes Only Confidential Material.**  A Party shall have
4    the right to further designate Confidential Material as CONFIDENTIAL—ATTORNEYS' EYES
5    ONLY, if that party has a good faith belief that the Item so designated contains information that a
6    competitor would have difficulty disregarding in a competitive situation, including, but not
7    limited to, information about pricing, marketing strategies and approaches, financial information,
8    engineering and technical documents, business plans or projections, product development,
9    competition surveys, acquisition offers or expressions of interest and those documents and
10   materials that are used in the calculation of or support the calculation of the profits of the
11   supplying party. The Items so designated ("Attorneys' Eyes Only Confidential Material") shall
12   be governed by the terms of this Order.

13   **3.     Methods of Designation.**  Confidential Material and Attorneys' Eyes Only
14   Confidential Material shall be designated and marked in the following manners:

15       **a.     Documents**: The Designating Party may designate documents by
16   producing copies of the confidential document marked with a legend reading "CONFIDENTIAL"
17   or "CONFIDENTIAL—ATTORNEYS' EYES ONLY," or other appropriate notice to similar
18   effect. Such legends shall be placed on the first page of each document containing Confidential
19   Material and/or Attorneys' Eyes Only Confidential Material, as appropriate, and upon each page
20   within such document considered to contain Confidential Material and/or Attorneys' Eyes Only
21   Confidential Material. In the event a Party elects to make documents available for inspection (as
22   opposed to producing the documents), no marking need be made by the Party making such
23   documents available in advance of the initial inspection. After the inspecting Party has selected
24   documents for copying, the producing Party may designate as "CONFIDENTIAL" or
25   "CONFIDENTIAL—ATTORNEYS' EYES ONLY" those documents that the producing Party
26   believes to contain Confidential Material and/or Attorneys' Eyes Only Confidential Material (as
27   appropriate) before producing copies of the selected documents.
28

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

STIPULATED CONFIDENTIALITY AND
PROTECTIVE ORDER                -2-                09-CV-00580-FCD-JFM

SanFran-234369.1 0039731- 00003

1         **b.**       **Physical Exhibits**: The confidential status of physical exhibits shall be

2 indicated by placing a label on the physical exhibit marked with a legend reading

3 "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY," or other appropriate

4 notice to similar effect.

5         **c.**       **Deposition Proceedings**: Whenever it appears that Confidential Material

6 and/or Attorneys' Eyes Only Confidential Material will be revealed in a deposition, the

7 Designating Party may so state and may designate the material on the record at the time of its

8 disclosure as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" as

9 appropriate. Upon such designation, the portion of the deposition containing Confidential

10 Material and/or Attorneys' Eyes Only Confidential Material shall be continued in the absence of

11 all persons to whom access to such Confidential Material and/or Attorneys' Eyes Only

12 Confidential Material is prohibited under the terms of this Order. The Court Reporter or other

13 person transcribing and/or recording the proceedings shall segregate any portion of the transcript

14 of the deposition or hearing which has been stated to contain Confidential Material and/or

15 Attorneys' Eyes Only Confidential Material and may furnish copies of these segregated portions,

16 in a sealed envelope, only to the deponent as required by law and such other persons who are

17 entitled to view that material pursuant to the terms of this Order. Further, if a document that has

18 been marked "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" is

19 introduced as a deposition exhibit, the testimony concerning that exhibit shall be designated as

20 "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" (as appropriate) and

21 said exhibit shall be affixed to the separate transcript that is created for confidential testimony.

22 The Court Reporter or other person transcribing or recording the proceedings shall be provided

23 with a copy of this Order and shall agree, on the record, to be bound by its terms.

24       Additionally, all or part of the deposition testimony and/or exhibits to the deposition may

25 be designated as Confidential Material and/or Attorneys' Eyes Only Confidential Material within

26 twenty (20) business days of receipt of the transcript by a party of the deponent. Unless the

27 parties otherwise agree, the entire transcript of all depositions of witnesses currently or formerly

28 employed by Franklin, Veeder Root, or any companies affiliated with Franklin or Veeder Root,

and all expert witnesses shall be deemed designated as "CONFIDENTIAL—ATTORNEYS' EYES ONLY" until five (5) business days following receipt of the transcript by the deponent or a party of the deponent. Any post-deposition designation shall specify page, line and/or exhibit number.

**4.     Disclosures of Confidential Material.** Access to any Item designated "CONFIDENTIAL" shall be limited to:

a.     Any party to this litigation and its current or former officers and/or employees whose advice, consultation or assistance are being or will be used by the Party in connection with the prosecution or defense of this litigation, or its preparation for trial, and provided that such individuals sign the Agreement attached hereto as Exhibit A;

b.     In-house counsel for a Party or any corporate parent or affiliate of any party and their clerical staff whose advice, consultation or assistance are being or will be used by the Party in connection with the prosecution or defense of this litigation, or its preparation for trial, and provided that such individuals sign the Agreement attached hereto as Exhibit A;

c.     Outside counsel of record for any party, including any partner or employee of such counsel to whom it is deemed necessary that the material be shown for the prosecution or defense of this litigation, or preparation for trial, but excluding outside consultants, experts, and investigators;

d.     Outside consultants or experts who have agreed to maintain the confidentiality of documents pursuant to this Order by signing the Agreement attached hereto as Exhibit A;

e.     The author of the Item and anyone shown on the Item as having received it in the ordinary course of business;

f.     Any person for whom the Designating Party has given its prior consent in writing or authorized by further Order of the Court in this action, and provided that such individuals sign the Agreement attached hereto as Exhibit A;

g.     Third-party court reporting services, third-party duplicating, document handling, and/or imaging services;

      h.      A witness during his or her deposition, if the counsel seeking to use Confidential Material has a good faith basis for believing that the witness has authored, received, or seen such Confidential Material, or otherwise has relevant knowledge relating to such Confidential Information (subject to the provisions contained in paragraph 3 above);

      i.      Any witness during the course of his or her testimony at the trial of this case or at any evidentiary hearing in this case;

      j.      Any mediator who is engaged to assist the parties in settlement negotiations on a confidential basis, provided that such mediator agrees to maintain the confidentiality of documents pursuant to this Order by signing the Agreement attached hereto as Exhibit A;

      k.      The Court, provided that such disclosure is made pursuant to the provisions of this Order including but not limited to paragraph 10 governing the submission of Confidential Material and/or Attorneys' Eyes Only Confidential Material to the Court, and further provided that in the event that such submission is made to any appellate court in connection with any appeal or writ, that the submitting party agrees to first make a reasonable and good faith effort to obtain an order permitting the submission of the Confidential Material and/or Attorneys' Eyes Only Confidential Material under seal.

**5. Disclosures of Attorneys' Eyes Only Confidential Material.** Access to any Item designated Attorneys' Eyes Only Confidential Material shall be limited to the persons identified in paragraphs 4(c) and 4(e) through 4(k). Access to any Item designated Attorneys' Eyes Only Confidential Material shall not be disclosed to any person allowed access under paragraph 4(d) except as permitted by paragraph 7 below. Access to any Item designated Attorneys' Eyes Only Confidential Material shall not be disclosed to any person allowed access under paragraphs 4(a) and 4(b) unless agreed to in writing by the parties or ordered by the Court, and provided that such individuals sign the Agreement attached hereto as Exhibit B.

**6. Third Party Confidential Material and/or Attorneys' Eyes Only Confidential Material.** Third parties producing Confidential Material and/or Attorneys' Eyes Only Confidential Material in this litigation may also designate documents "CONFIDENTIAL" or

1   "CONFIDENTIAL—ATTORNEYS' EYES ONLY," subject to the same protections and
2   constraints as the Parties.  A copy of this Order shall be served along with any subpoena served in
3   connection with this litigation.  All documents produced by third parties shall be treated
4   "CONFIDENTIAL—ATTORNEYS' EYES ONLY" for a period of twenty (20) days from the
5   date of their production, and during that period any Party may designate such documents as
6   "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" pursuant to the
7   terms of this Order.  A third party's use of this Order to protect its Confidential Material and/or
8   Attorneys' Eyes Only Confidential Material does not entitle that third party access to such
9   documents produced by any Party in this case.

10  **7.     Acknowledgement to be Bound by this Order.**  Each person in category 4(d)
11  above who is appropriately designated to receive Attorneys' Eyes Only Confidential Material
12  shall execute a "Written Assurance" in the form attached as Exhibit B.  Opposing counsel shall be
13  notified in advance of any potential expert or outside consultant to whom a Party wishes to
14  disclose Attorneys' Eyes Only Confidential Material designated by another Party.  Such notice
15  shall provide a signed copy of Exhibit B from the consultant or expert, and the consultant or
16  expert's current *curriculum vitae* including disclosure of whether the expert or consultant is
17  employed by a competitor or affiliate of any party to this litigation.  Opposing counsel shall
18  respond to this disclosure and either consent or object to such disclosure in writing within ten (10)
19  days after receipt of such notice.  No disclosure shall be made until the Party seeking disclosure
20  obtains the prior approval of the Court or the objecting Party.  In the event of an objection, the
21  parties shall meet and confer within ten (10) business days of the objection concerning the
22  objection.  If the objection is not resolved, the producing party shall, within ten (10) days of the
23  objection, petition the Court for an Order prohibiting the disclosure and shall bear the burden of
24  proof with respect to the propriety of its objection and blocking of said individual from serving as
25  an expert or consultant in this case.  Any party that fails to file such a motion within the
26  prescribed time period shall be deemed to have waived such objection and the parties shall be
27  deemed to have agreed upon disclosure to the consultant or expert.  No party will be deemed to
28  have waived any privilege by disclosing the name of a non-testifying expert or consultant to

1  whom counsel intends to show Attorneys' Eyes Only Confidential Material.  No non-testifying
2  expert or consultant disclosed pursuant to this paragraph will be subject to a deposition or
3  subpoena to be a witness at trial based solely on the fact that they were the subject of such
4  disclosure.  Nothing in this paragraph is intended to limit discovery of or with regard to experts
5  who produce reports in this case in anticipation of testifying at trial.  The parties may jointly
6  agree to extend the time periods included in this paragraph.

7  **8.     Limitation on Use of Confidential Material and/or Attorneys' Eyes Only**
8  **Confidential Material.**  Confidential Material and/or Attorneys' Eyes Only Confidential
9  Material shall not be made available to any person except as authorized under this Order.
10 Confidential Material and/or Attorneys' Eyes Only Confidential Material shall not be used for
11 any purposes other than in the prosecution or defense of claims asserted in this litigation.  In no
12 event shall any person receiving Confidential Material and/or Attorneys' Eyes Only Confidential
13 Material use it for commercial or competitive purposes.  In no event shall any person receiving
14 Confidential Material and/or Attorneys' Eyes Only Confidential Material make any public
15 disclosure of the contents thereof, except as may be necessary for the litigation in proceedings in
16 open court, where the Court expressly declines to seal the record or hold in camera proceedings,
17 as provided in paragraph 10 below.

18 **9.     Objections to Designations.**  Objections to the designation of Confidential
19 Material and/or Attorneys' Eyes Only Confidential Material shall occur only as follows:
20     a.     If a Party (the "Objecting Party") believes that an Item designated either
21 "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" is not in fact the
22 proper subject of such designation or should be reclassified or revealed to an individual or
23 individuals not otherwise authorized to have access to such an Item under the terms of this Order,
24 then the Objecting Party shall give written notice ("Notice of Objection") to the Designating
25 Party setting forth with specificity the Item in question and, depending on the objection, the
26 proposed reclassification or the name of the person(s) to whom disclosure is proposed to be made
27 even without a reclassification.

28

1    b.   The Designating Party and Objecting Party shall promptly thereafter meet and confer in good faith to attempt to resolve any disputes regarding the designation(s) to which an objection is made.  If the Objecting Party and the Designating Party cannot resolved their differences on the Notice of Objection, then the Designating Party must, if it wishes to have the item remain classified and to be covered under the terms of the Order, file a motion with the Court for such appropriate order.  The Item to which the Notice of Objection has been given shall continue to be given the treatment accorded its classification under the terms of this Order until the Parties agree otherwise or the Court so orders.  The motion must be filed within twenty (20) days of actual receipt of written notice by either the Designating Party or the Objecting Party that said parties are unable to resolve their differences regarding the classification of an Item, unless said parties agree to extend said time period and confirm such extension in writing.

**10.   Submission of Confidential Material and/or Attorneys' Eyes Only Confidential Material to Court.**

   **a.   Hearings.**  Any information deemed to be Confidential Material and/or Attorneys' Eyes Only Confidential Material that is revealed in the course of a hearing is also subject to this Order and shall not be disclosed except to those persons specified in paragraph 4 above, provided, however, that no Party shall be found to have violated this Order by virtue of the disclosure of Confidential Material and/or Attorneys' Eyes Only Confidential Material during a public hearing to a person legally authorized to be present at the hearing.  If testimony concerning Confidential Material and/or Attorneys' Eyes Only Confidential Material is elicited at a hearing or at trial, a Party may request that a designated portion of the transcript be treated as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY (as appropriate).  Such a request shall be made by notifying the opposing Party in writing within twenty (20) days after the date of the receipt of the transcript.  If such a request is made, such portion shall be so treated and filed under seal, if it is filed in the record.  Unless otherwise designated, all such transcripts shall be treated for a period of twenty (20) days after the date of the receipt thereof as CONFIDENTIAL—ATTORNEYS' EYES ONLY.

**b.    Filing Confidential Material and/or Attorneys' Eyes Only Material with the Court.**  Any Party filing or lodging any Confidential Material and/or Attorneys' Eyes Only Confidential Material with the Court will request that the Confidential Material be sealed, pursuant to Eastern District of California Local Rule 39-141 or any other applicable rule.

**11.    Copies, Extracts and Summaries.**  This Order shall apply to copies, extracts and summaries of documents designated as Confidential Material, including portions of pleadings or other filings that reference said material.

**12.    Return of Confidential Material and Attorneys' Eyes Only Confidential Material.**  Within sixty (60) days of the final disposition (including any appeal, writ, review or rehearing) of the action, each Item previously designated as Confidential Material and/or Attorneys' Eyes Only Confidential Material and any copies thereof and any extracts, summaries or compilations taken therefrom (other than attorney work product in the possession of outside counsel, and any copy residing on portions of back-up tapes, which should be destroyed in accordance with standard retention policies), shall either be returned to the Party who made the designation or destroyed.  Each counsel shall also certify in writing that he has made a diligent search and inquiry regarding originals and copies of Confidential Material and/or Attorneys' Eyes Only Confidential Material and that all have been returned to the producing Party's counsel of record or destroyed.

**13.    De-Designation and Modification.**  This Order is made without prejudice to the right of a Party to apply for an order modifying or limiting any designation of information or documents as Confidential Material and/or Attorneys' Eyes Only Confidential Material or modifying this Order in any respect.

**14.    Inadvertent or Unintentional Disclosure.**  The inadvertent or unintentional disclosure by the designating party or non-party of Confidential Material and/or Attorneys' Eyes Only Confidential Material, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the claim of confidentiality either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.

**15.  Waiver of Objections.**  Neither the entry of this Order, nor the designation of any information or documents as Confidential Material and/or Attorneys' Eyes Only Confidential Material (nor the failure to make such a designation), shall constitute evidence or an admission with respect to any issue in the case, and shall not constitute a waiver of any objections to the production or disclosure of Confidential Material and/or Attorneys' Eyes Only Confidential Material on any other ground.  Nothing in this Order shall be construed as waiving any objections of any Party as to the admissibility of a particular document or of any proposed testimony into evidence.

**16.  Limitation on Disclosure of Confidential Material and Attorneys' Eyes Only Confidential Material.**  Except in the event of De-designation pursuant to paragraph 13, no Party may, after receipt of the notice of designation pursuant to paragraph 3, disclose Confidential Material and/or Attorneys' Eyes Only Confidential Material, or extracts, copies or summaries of that Confidential Material and/or Attorneys' Eyes Only Confidential Material (with the exception of attorney work product in the possession of outside counsel), for any purpose other than prosecuting or defending any claims in this action, and then only pursuant to the provisions of this Order.

**17.  Privileged Materials.**  The parties may identify a large volume of documents and other materials to be retrieved, collected, reviewed and made available for review and copying by the opposing party.  The Court recognizes that it would unduly delay the proceedings in this case for each party to postpone document production in order to conduct a thorough review of all the potentially responsive records and materials in order to identify which are attorney-client privileged, protected from disclosure by the attorney work-product doctrine, or are otherwise immune from discovery.  In order to preserve the rights of all parties and to permit the matter to proceed in accordance with the rules and schedule prescribed by the Court, pursuant to Federal Rule of Evidence 502, the Court hereby orders:

 a. Each Party shall make best efforts to identify all information that it deems privileged or subject to work product protection and to assert the privilege or protection if appropriate.

      b.      If information subject to a claim of attorney-client privilege or work product protection or otherwise immune from discovery is inadvertently or mistakenly disclosed or produced by the Producing Party, after the Producing Party took reasonable steps to prevent disclosure (hereinafter referred to as "inadvertently disclosed information"), such disclosure or production shall in no way constitute a waiver or forfeiture of, or estoppel as to, any claim of privilege or work product protection or immunity for such information and its subject matter.

      c.      In the event that a Receiving Party discovers that a Producing Party has produced inadvertently disclosed information that bears indicia of privilege (either attorney-client or work product), it shall promptly so notify the Producing Party through its undersigned counsel. The Receiving Party shall then segregate the inadvertently disclosed information and make no further use of it until such time that the Producing Party indicates that it does not assert privilege over the material or the Court orders the information to be disclosed.

      d.      No Receiving Party will assert that the fact that it has been permitted to review or receive inadvertently disclosed information constitutes a waiver of any right, privilege or other protection that the Producing Party had or may have had. In thereafter seeking production of the inadvertently disclosed information, the Receiving Party shall not assert waiver or estoppel as a ground for such production. Nor shall the Producing Party use the inadvertently disclosed information as a basis for arguing for the Receiving Party's disqualification.

      e.      If the Producing Party asserts that inadvertently disclosed information was privileged or otherwise protected from discovery, the Producing Party shall request that the Receiving Party return the information and all copies thereof and destroy any electronic records (other than portions of back-up tapes, which should be destroyed in accordance with standard retention policies) or that portion of any notes or memoranda that reflect the substance of the information within ten (10) business days of such request, and provide a certification of counsel that all such inadvertently disclosed information has been returned or deleted and/or destroyed. If the Receiving Party agrees that the inadvertently disclosed information was privileged or otherwise protected from discovery, the Receiving Party shall proceed to return or destroy the information in accordance with the Producing Party's request.

1    　　　　　f.   Within ten (10) business days of the certification that such inadvertently
2 disclosed information has been returned or deleted and/or destroyed, the Producing Party shall
3 provide a privilege log with respect to the inadvertently disclosed information.
4    　　　　　g.   If the Receiving Party disputes that the inadvertently disclosed information
5 was privileged or otherwise protected from discovery, the Receiving Party shall file a motion
6 with the Court within ten (10) days of receipt of the Producing Party's request. The Receiving
7 Party shall be entitled to retain one (1) copy of the information for purposes of filing the motion
8 with the Court. If the Receiving Party files or lodges a copy of the disputed information in
9 connection with such a motion, the Receiving Party shall request that the information be sealed,
10 pursuant to Eastern District of California Local Rule 39-141 or any other applicable rule. After
11 resolution of the dispute, if the Receiving Party's motion or request for relief is denied, the
12 Receiving Party will return or destroy the information in accordance with the Producing Party's
13 request.
14    **18.   Subpoena Compliance.**  If a Receiving Party is served with a subpoena or court
15 order that would compel disclosure of any Items designated in this action as Confidential Material
16 and/or Attorneys' Eyes Only Confidential Material, the Receiving Party must so notify the
17 Designating Party in writing promptly as soon as reasonably possible and, in any event, before
18 any compliance under such subpoena or court order is requested or required. Such notification
19 must include a copy of the subpoena or order. The Receiving Party must also immediately inform
20 in writing the party who caused the subpoena or order to issue that some or all of the Items
21 covered by the subpoena or order are the subject of this Order. In addition, the Receiving Party
22 must deliver a copy of this Order promptly to the party in the other action that caused the
23 subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties
24 to the existence of this Order and to afford the designating party in this case an opportunity to
25 protect its confidentiality interests in the court from which the subpoena or order issued. The
26 Designating Party shall bear the burden and expense of seeking protection in that court of its
27 designated material. Nothing in these provisions should be construed as authorizing or
28 encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**19.    Termination**.  The obligations created by this Order shall survive the termination of this lawsuit unless otherwise modified by the Court.  The Court shall retain jurisdiction, even after termination of the lawsuit, to enforce this Order and to make such amendments and modifications to this Order as may be appropriate.

**20.    Successors and Assigns**.  This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

**21.    Governing Rules**.  Unless otherwise agreed by the parties, the procedure for discovery and disclosure of electronically stored information shall be governed by the Federal Rules of Civil Procedure and this Order.

DATED:  September 1, 2009.

By:  /s/ John F. Moulds
JOHN F. MOULDS
UNITED STATES MAGISTRATE JUDGE

Agreed and Approved:

By:/s/ SETH D. HILTON
SETH D. HILTON
Attorneys for Plaintiff
FRANKLIN FUELING SYSTEMS, INC.

By:/s/ C. BRYAN WILSON
C. BRYAN WILSON
Attorney for Defendant
VEEDER ROOT COMPANY

EXHIBIT "A"

**Statement of Affirmation for Confidential Material**

1. I have read the Protective Order ("Order") entered by the Court on __________, 2009 in Case No. 09-CV-00580 before the United States District Court for the Eastern District of California, Sacramento Division.

2. Under the Order, I am authorized to receive Confidential Material, as defined therein.

3. I agree to abide by the Order and will not use or disclose Confidential Material for any purpose other than in assisting in the prosecution, defense, trial, appeal, settlement or other resolution of the claims in dispute in said lawsuit.

4. I agree that I will not disclose any Confidential Material to any person except to the counsel, management personnel, witnesses or to others authorized by the Order to receive such Confidential Material.

5. At the conclusion of the proceeding, and upon the reasonable request of the attorneys for the producing Party, I will either destroy the tangible Confidential Material that is in my possession (including any notes or extracts therefrom, other than attorney-work product in the possession of outside counsel, and portions of back-up tapes, which should be destroyed in accordance with standard retention policies) or return such tangible Confidential Material to the producing Party.

______________________________
Signature

______________________________
Printed Name

______________________________
Date

EXHIBIT "B"

**Statement of Affirmation for Attorneys' Eyes Only Confidential Material**

1. I have read the Protective Order ("Order") entered by the Court on _____, 2009 in Case No. 09-CV-00580 before the United States District Court for the Eastern District of California, Sacramento Division.

2. Under the Order, I am authorized to receive Confidential Material and Attorneys' Eyes Only Confidential Material, as defined therein.

3. I agree to abide by the Order and will not use or disclose Confidential Material or Attorneys' Eyes Only Confidential Material for any purpose other than in assisting in the prosecution, defense, trial, appeal, settlement or other resolution of the claims in dispute in said lawsuit.

4. I agree that I will not disclose any Confidential Material to any person except to persons on my staff working to assist me in connection with this matter, or the counsel or others authorized by the Order to receive such Confidential Material.

5. I agree that I will not disclose any Attorneys' Eyes Only Confidential Material to any person except to persons on my staff working to assist me in connection with this matter, or the counsel or others authorized by the Order to receive such Attorneys' Eyes Only Confidential Material.

6. At the conclusion of the proceeding, and upon the reasonable request of the attorneys for the producing Party, I will either destroy the tangible Confidential Material and/or Attorneys' Eyes Only Confidential Material that is in my possession (including any notes or extracts therefrom other than attorney-work product in the possession of outside counsel and portions of back-up tapes, which should be destroyed in accordance with standard retention policies) or return such tangible Confidential Material and/or Attorneys' Eyes Only Confidential Material to the producing Party.

_____
Signature

_____
Printed Name

_____
Date