EDWARD C. DUCKERS (SB #242113)
SETH D. HILTON (SB #181899)
STOEL RIVES LLP
980 Ninth Street, Suite 1900
Sacramento, CA 95814
Telephone: (916) 447-0700
Facsimile: (916) 447-4781

Attorneys for Plaintiff
FRANKLIN FUELING SYSTEMS, INC.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| FRANKLIN FUELING SYSTEMS, INC., | Case No. 2:09-CV-00580-FCD-JFM |
| Plaintiff, | DECLARATION OF BRIAN J. NESE IN SUPPORT OF PLAINTIFF FRANKLIN FUELING SYSTEMS, INC.,'S MOTION TO SEVER COUTNERCLAIMS, OR IN THE ALTERNATIVE, FOR SEPARATE TRIALS |
| v. | |
| VEEDER ROOT COMPANY and DOES 1 through 20, | |
| Defendant. | Date: November 13, 2009<br>Time: 10:00 a.m.<br>Crtrm: 2<br>Judge: Hon. Frank C. Damrell, Jr. |

I, Brian J. Nese declare as follows:

1.     I am an attorney licensed to practice in the State of California and am employed with the law firm of Stoel Rives, LLP, attorneys of record for Plaintiff Franklin Fueling Systems, Inc. ("Franklin"). I have personal knowledge as to the facts herein, and if called as a witness would testify to these facts.

2.     On August 10, 2009, Franklin served its Response to Defendant Veeder Root Company's First Set of Request for Production, a true and correct copy of which is attached hereto as Exhibit A.

/ / /

/ / /

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DECL. OF BRIAN J. NESE ISO PL'S MTN TO
SEVER COUNTERCLS., OR FOR SEPARATE
TRIALS
SanFran-234524.1 0039731-00003

-1-

2:09-CV-00580-FCD-JFM

3.     On August 10, 2009, Franklin served its Response to Defendant Veeder Root Company's First Set of Interrogatories, a true and correct copy of which is attached hereto as Exhibit B.

4.     On August 10, 2009, Franklin served its Response to Defendant Veeder Root Company's First Set of Requests for Admission, a true and correct copy of which is attached hereto as Exhibit C.

5.     On August 5, 2009, C. Bryan Wilson, counsel for Veeder Root Co., sent a meet and confer to me regarding discovery served by Veeder Root.  A true and correct copy of the August 5, 2009 letter is attached hereto as Exhibit D.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated this 22nd day of September, 2009.

/s/ BRIAN J. NESE
BRIAN J. NESE

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DECL. OF BRIAN J. NESE ISO PL'S MTN TO
SEVER COUNTERCLS., OR FOR SEPARATE
TRIALS
SanFran-234524.1 0039731-00003

-2-

2:09-CV-00580-FCD-JFM

# EXHIBIT A

1  SETH D. HILTON (SB #181899)
   EDWARD C. DUCKERS (SB #242113)
2  STOEL RIVES LLP
   555 Montgomery Street, Suite 1288
3  San Francisco, CA  94111
   Telephone:  (415) 617-8900
4  Facsimile:  (415) 676-3000

5  Attorneys for Plaintiff
   Franklin Fueling Systems, Inc.

6

7

8                UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10 FRANKLIN FUELING SYSTEMS, INC. ,        Case No. 09-CV-00580-FCD-JFM

11              Plaintiff,                  PLAINTIFF FRANKLIN FUELING
                                            SYSTEMS, INC.'S RESPONSE TO
12       v.                                 DEFENDANT VEEDER ROOT
                                            COMPANY'S FIRST SET OF
13 VEEDER ROOT COMPANY and DOES 1           REQUESTS FOR PRODUCTION OF
   through 20,                              DOCUMENTS
14
                Defendants.
15

16
       PROPOUNDING PARTY:    DEFENDANT VEEDER ROOT COMPANY
17
       RESPONDING PARTY:     PLAINTIFF FRANKLIN FUELING SYSTEMS, INC.
18
       SET NO.:              ONE
19
       Pursuant to Federal Rule of Civil Procedure 34, Plaintiff Franklin Fueling Systems, Inc.
20
   ("Franklin") hereby responds to Veeder Root Company's ("Veeder Root") First Set of Requests
21
   for Production of Documents.
22
                          **PRELIMINARY STATEMENT**
23
       Franklin has not completed discovery in this action, and has not completed its preparation
24
   for trial.  Franklin's responses to these Requests are based upon information currently known to it
25
   and are given without prejudice to its right to supplement, add to, amend, or modify its responses
26
   to these Requests.  Without obligating itself to do so, Franklin reserves the right to change or
27
   supplement any response set forth below as additional documents are discovered or revealed.
28

1      Each response set forth below, and any future production of documents pursuant thereto,

2 is made without waiver of, and is subject to, any applicable objection set forth herein. Inadvertent

3 production of any document subject to any applicable privilege shall not operate as a waiver of

4 any right to object to any use of such document or of the information contained therein.

5 **GENERAL OBJECTIONS**

6      1.     Franklin objects to the entire Document Request, and to each individual request

7 therein, to the extent that it seeks the production of documents that are privileged or protected

8 from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other

9 constitutional, statutory or common law privilege, protection or rule. Nothing in these responses

10 is intended as, or shall in any way be deemed a waiver of, any privilege.

11      2.     Franklin objects to the entire Document Request, and to each individual request

12 therein, to the extent that it seeks information that is not relevant to the subject matter of the

13 action and which is not reasonably calculated to lead to the discovery of admissible evidence.

14      3.     Franklin further objects to the entire Document Request, and to each individual

15 request therein, to the extent that it seeks the production of documents that reflect or disclose

16 trade secrets or confidential business or proprietary information of Franklin, and/or third parties.

17      4.     Franklin further objects to the "Definitions and Instructions" of the Document

18 Request to the extent that the obligations sought to be imposed therein exceed the requirements of

19 the Federal Rule of Civil Procedures.

20      5.     Franklin objects to the entire Document Request, and to each individual request

21 therein, insofar as it fails to reasonably describe or particularize each item or category of items

22 sought.

23      6.     Franklin states these objections without waiving or intending to waive, but on the

24 contrary preserving and intending to preserve:

25      (a)     all objections as to competency, relevancy, materiality, privilege and

26 admissibility as evidence for any purpose of the responses to the Document Request, or the

27 subject matter thereof, in any subsequent proceeding in, or the trial of, this or any other action;

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST
SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS
SanFran-233292.1 0039731-00003

-2-

09-CV-00580-FCD-JFM

1    (b) The right to object on any ground to the use of any response, or the subject

2 matter thereof, in any subsequent proceeding in, or the trial of, this or any other action;

3    (c) The right to object on any ground at any time to a demand for further

4 response to these or any other discovery procedures involving or relating to the subject matter of

5 the Request for Admissions directed to Franklin; and

6    (d) the right to object on any ground to any other or future discovery requests.

7   7. Franklin objects that the attempt to incorporate by reference the "Definitions and

8 Instructions" from Veeder Root's First Set of Interrogatories renders the Request for Admissions

9 overbroad, vague, ambiguous, uncertain, unintelligible, unduly burdensome, oppressive, and not

10 reasonably calculated to lead to the discovery of admissible evidence.

11   8. By stating in any response that it will produce non-privileged documents in its

12 possession, custody, or control, Franklin does not mean to suggest that such documents exist and

13 can be located and identified by means of a reasonable search, but only that if the documents do

14 exist and can be so located, they will be produced.

15        **RESPONSES**

16 <u>REQUEST NO. 1:</u>

17   Produce all documents that you contend reflect any allegedly false, misleading, unfair,

18 deceptive, or untrue advertising produced by or attributable to Veeder-Root.

19 <u>RESPONSE TO REQUEST NO. I:</u>

20   Franklin objects that the request is burdensome and oppressive in that Veeder Root is

21 already in possession of these documents.  Franklin further objects that such documents may also

22 be obtained from third parties to whom Veeder Root sent the materials.  Subject to and without

23 waiving these objections or the General Objections set forth above Franklin responds as follows.

24 Franklin will produce all non-privileged responsive documents in its possession, custody, or

25 control that it can locate after a reasonable search.

26

27

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST
SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS
SanFran-233292.1 0039731-00003

-3-

09-CV-00580-FCD-JFM

1    REQUEST NO. 2:

2            Produce all documents received from or provided to ARB in connection with the "alarms"

3    described in Paragraph 25 of the Amended Complaint, the Veeder-Root EVR System, or the

4    Veeder-Root ISD.

5    RESPONSE TO REQUEST NO. 2:

6            Franklin objects that this request is overbroad and burdensome, and seeks documents that

7    are neither relevant to the subject matter of the action nor likely to lead to the discovery of

8    admissible evidence.  Subject to these objections and the General Objections set forth above,

9    Franklin responds as follows.  Franklin will produce all non-privileged responsive documents in

10   its possession, custody, or control that it can locate after a reasonable search.

11   REQUEST NO. 3:

12           Produce all advertisements or marketing materials you have issued regarding the "alarms"

13   described in Paragraph 25 of the Amended Complaint, including Tech Bulletin No. TB1108-2

14   (issued on or about December 5, 2008) and all similar documents.

15   RESPONSE TO REQUEST NO 3:

16           Franklin objects that this request is burdensome in that Veeder-Root is already in

17   possession of the referenced tech bulletin, and that the reference to "all similar documents" is

18   vague, ambiguous and unintelligible.  Subject to and without waiving these objections or the

19   General Objections set forth above, Franklin responds as follows.  Franklin will produce all

20   advertisements or marketing materials in its possession, custody or control that it has issued

21   regarding the "alarms" described in Paragraph 25 of the Amended Complaint that it can locate

22   after a reasonable search.

23   REQUEST NO. 4:

24           Produce all documents relating to any investigation that you or a third party acting on your

25   behalf performed in connection with the "alarms" described in Paragraph 25 of the Amended

26   Complaint, the Veeder-Root EVR System, or the Veeder-Root ISD.

27

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST
SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS
SanFran-233292.1 0039731-00003                    -4-                          09-CV-00580-FCD-JFM

1   RESPONSE TO REQUEST NO. 4:

2        Franklin objects that this request is vague and ambiguous as to the meaning of

3   "investigation in connection with" the Veeder-Root EVR System or the Veeder-Root ISD.

4   Franklin further objects that the request is overbroad and seeks documents neither relevant to the

5   subject matter of the action nor likely to lead to the discovery of admissible evidence.  Subject to

6   and without waiving these objections or the General Objections set forth above, Franklin

7   responds as follows.  Franklin will produce all non-privileged responsive documents in its

8   possession, custody, or control concerning any investigation of the "alarms" described in

9   Paragraph 25 of the Amended Complaint that it can locate after a reasonable search.

10   REQUEST NO. 5:

11        Produce all documents received from or provided to ARB in connection with the recent

12   decertification of Franklin's ISD versions 1.0.0 and 1.1.0 for use in multiproduct (six-pack) fuel

13   dispensers.

14   RESPONSE TO REQUEST NO. 5:

15        Franklin objects that this request seeks documents neither relevant to the subject matter of

16   the action nor likely to lead to the discovery of admissible evidence.

17   REQUEST NO. 6:

18        Produce all documents relating to your communications with customers, advertisements,

19   or marketing materials that mention or comment on the performance of the Veeder-Root EVR

20   system and the Veeder-Root ISD.

21   RESPONSE TO REQUEST NO. 6:

22        Franklin objects that this request is overbroad, and seeks documents that are neither

23   relevant to the subject matter of the action nor likely to lead to the discovery of admissible

24   evidence.  Subject to and without waving these objections or the General Objections set forth

25   above, Franklin will produce all non-privileged responsive documents in its possession, custody,

26   or control that relate to its communications with customers, advertisements, or marketing

27   materials that comment upon the performance of the Veeder-Root ISD.

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST
SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS

-5-

09-CV-00580-FCD-JFM

SanFran-233292.1 0039731-00003

1  REQUEST NO. 7:

2      Produce all documents reflecting sales of the Franklin EVR System or the Franklin ISD,

3  including but not limited to any analysis or evaluation of sales of the Franklin EVR System or

4  Franklin ISD.

5  RESPONSE TO REQUEST NO. 7:

6      Franklin objects that this request is overbroad, and seeks documents that are neither

7  relevant to the subject matter of the action nor likely to lead to the discovery of admissible

8  evidence.  Subject to and without waiving these objections and the General Objections set forth

9  above, Franklin responds as follows.  Franklin will produce all non-privileged responsive

10  documents in its possession, custody, or control that it can locate after a reasonable search.

11  REQUEST NO. 8:

12      Produce all documents relating to ARB's certification of the Franklin ISD or the Veeder-

13  Root ISD for use with the Franklin EVR System, including any documents relating to V/L

14  monitoring requirements.

15  RESPONSE TO REQUEST NO. 8:

16      Franklin objects that this request is overbroad, burdensome, and oppressive, and seeks

17  documents that are neither relevant to the subject matter of the action nor likely to lead to the

18  discovery of admissible evidence.  Franklin further objects that documents concerning the V/L

19  monitoring requirements are publicly available from the California Air Resources Board's

20  website.

21  REQUEST NO. 9:

22      Produce all documents reflecting any fines, warnings, enforcement actions, or other

23  disciplinary measures by ARB, CAPCOA, or any California air quality district against Franklin in

24  connection with the Franklin EVR System or the Franklin ISD for any reason.

25  RESPONSE TO REQUEST NO. 9:

26      Franklin objects that this request is vague, ambiguous, overbroad, burdensome, and

27  oppressive, and seeks documents that are neither relevant to the subject matter of the action nor

28  likely to lead to the discovery of admissible evidence.

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST
SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS
SanFran-233292.1 0039731-00003

-6-

09-CV-00580-FCD-JFM

1   REQUEST NO. 10:

2        Produce all documents recording or reflecting your contention that ARB "advised

3   Franklin and Veeder Root not to make public statements concerning the cause of the false alarms

4   until ARB had completed its investigation." *See* Am. Compl. ¶ 26.

5   RESPONSE TO REQUEST NO 10:

6        Subject to and without waiving the General Objections set forth above, Franklin responds

7   as follows.  Franklin will produce all non-privileged responsive documents in its possession,

8   custody or control that it can locate after a reasonable search.

9   REQUEST NO. 11:

10        Produce all documents concerning any site tests performed by ARB or any Air Quality

11  Management District in any way concerning or involving the Franklin EVR System, the Franklin

12  ISD, the Veeder-Root EVR System, or the Veeder-Root ISD.

13  RESPONSE TO REQUEST NO. 11:

14        Franklin objects that this request is overbroad, burdensome and oppressive, and seeks

15  documents neither relevant to the subject matter of the action nor likely to lead to the discovery of

16  admissible evidence.

17  REQUEST NO. 12:

18        Produce all documents provided to or received from Chevron in connection with the

19  "alarms" described in Paragraph 25 of the Amended Complaint, the Veeder-Root EVR System, or

20  the Veeder-Root ISD.

21  RESPONSE TO REQUEST NO. 12:

22        Franklin objects that this request is overbroad and seeks documents that are neither

23  relevant to the subject matter of the action nor likely to lead to the discovery of admissible

24  evidence.  Subject to and without waiving these objections or the General Objections set forth

25  above, Franklin responds as follows.  Franklin will produce all non-privileged responsive

26  documents that it has in its possession, custody or control that it can locate after a reasonable

27  search.

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST
SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS
SanFran-233292.1 0039731-00003

-7-

09-CV-00580-FCD-JFM

1    REQUEST NO. 13:

2          Produce all documents concerning or in any way discussing the "V/L Shift" referenced in

3    Paragraph 29 of the Amended Complaint.

4    RESPONSE TO REQUEST NO. 13:

5          Subject to and without waiving the General Objections set forth above, Franklin responds

6    as follows.  Franklin will produce all non-privileged responsive documents in its possession,

7    custody or control that it can locate after a reasonable search.

8    REQUEST NO. 14:

9          Produce all documents reflecting lost profits, lost market share, and loss of goodwill that

10    you allege Veeder-Root caused.

11    RESPONSE TO REQUEST NO. 14:

12          Subject to and without waiving the General Objections set forth above, Franklin responds

13    as follows.  Franklin will produce all non-privileged responsive documents in its possession,

14    custody or control that it can locate after a reasonable search.

15    REQUEST NO. 15:

16          Produce documents sufficient to show the gross annual profits earned from sales of the

17    Franklin EVR System for the last three years.

18    RESPONSE TO REQUEST NO. 15:

19          Franklin objects that this request is overbroad and seeks documents that are neither

20    relevant to the subject matter of the action nor likely to lead to the discovery of admissible

21    evidence.  Subject to and without waiving these objections or the General Objections set forth

22    below, Franklin responds as follows.  Franklin will produce documents sufficient to show gross

23    annual profits for 2008 and profits to date for 2009.

24    REQUEST NO. 16:

25          Produce documents sufficient to show gross monthly profits earned from sales of the

26    Franklin EVR System for the last twelve months.

27

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST
SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS
SanFran-233292.1 0039731-00003

-8-

09-CV-00580-FCD-JFM

1  RESPONSE TO REQUEST NO. 16:

2          Subject to and without waiving the General Objections set forth above, Franklin responds

3  as follows.  Franklin will produce all non-privileged responsive documents in its possession,

4  custody or control that it can locate after a reasonable search.

5  REQUEST NO. 17:

6          Produce documents sufficient to show the gross monthly profits earned from sales of the

7  Franklin ISD for the last three years.

8  RESPONSE TO REQUEST NO. 17:

9          Franklin objects that this request is overbroad and seeks documents that are neither

10  relevant to the subject matter of the action nor likely to lead to the discovery of admissible

11  evidence.  Subject to and without waiving these objections or the General Objections set forth

12  below, Franklin responds as follows.  Franklin will produce documents sufficient to show gross

13  annual profits for 2008 and profits to date for 2009.

14  REQUEST NO. 18:

15          Produce documents sufficient to show the gross monthly profits earned from sales of the

16  Franklin ISD for the last three years.

17  RESPONSE TO REQUEST NO. 18:

18          Franklin objects that this request is overbroad and seeks documents that are neither

19  relevant to the subject matter of the action nor likely to lead to the discovery of admissible

20  evidence.  Subject to and without waiving these objections or the General Objections set forth

21  below, Franklin responds as follows.  Franklin will produce documents sufficient to show gross

22  monthly profits for the past twelve months.

23  REQUEST NO. 19:

24          Produce documents sufficient to show how many service stations in California currently

25  use the Franklin EVR System

26

27

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST
SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS
SanFran-233292.1 0039731-00003

-9-

09-CV-00580-FCD-JFM

1  RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

2      Subject to and without waiving the General Objections set forth above, Franklin responds

3  as follows.  Franklin will produce non-privileged responsive documents in its possession, custody

4  or control that it can locate after a reasonable search.

5  REQUEST NO. 20:

6      Produce all exhibits you intend to introduce at trial.

7  RESPONSE TO REQUEST NO. 20:

8      Franklin objects that this request seeks information protected by the attorney work product

9  doctrine, is vague and ambiguous, and is premature.  The date for exchanging exhibit lists shall be

10  set by the Court pursuant to the Federal Rules of Civil Procedure.

11  REQUEST NO. 21:

12      Produce all documents relied upon by any of your expert witnesses, and please produce

13  their final expert reports.

14  RESPONSE TO REQUEST NO. 21:

15      Franklin objects that this requests seeks information protected by the attorney work

16  product doctrine and is premature.  The date for exchanging expert witness information shall be

17  set by the Court pursuant to Federal Rule of Civil Procedure 26.

18  REQUEST NO. 22:

19      Produce all documents to which you referred or relied upon in preparing responses to the

20  First Set of Interrogatories or that concern, support, or are identified in your responses to the First

21  Set of Interrogatories.

22  RESPONSE TO REQUEST NO. 22:

23      Franklin objects that this request is vague and ambiguous, and overbroad, and seeks

24  information protected by the attorney work product document and the attorney client privilege.

25  REQUEST NO. 23:

26      Produce all documents to which you referred or relied upon in preparing responses to the

27  First Requests for Admission or that concern, support or are identified in your responses to the

28  First Requests for Admission.

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST
SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS
SanFran-233292.1 0039731-00003

-10-

09-CV-00580-FCD-JFM

1  <u>RESPONSE TO REQUEST NO. 23</u>:

2      Franklin objects that this request is vague and ambiguous, and overbroad, and seeks

3  information protected by the attorney work product document and the attorney client privilege.

4  <u>REQUEST NO. 24</u>:

5      Produce all documents that concern, support, or refute any allegation, denial, admission,

6  defense, or other averment in the Complaint or Amended Complaint.

7  <u>RESPONSE TO REQUEST NO. 24</u>:

8      Franklin objects that this request if vague, ambiguous, unintelligible, overbroad,

9  burdensome and oppressive.  Franklin further objects that this request seeks information protected

10  by the attorney work product doctrine and the attorney-client privilege.

11  <u>REQUEST NO. 25</u>:

12      To the extent not produced in response to another request, please produce all documents

13  identified in, referred to, or relied upon to prepare the Complaint and the Amended Complaint.

14  <u>RESPONSE TO REQUEST NO. 25</u>:

15      Franklin objects that this request if vague, ambiguous, unintelligible, overbroad,

16  burdensome and oppressive.  Franklin further objects that this request seeks information protected

17  by the attorney work product doctrine and the attorney-client privilege.

18  DATED:  August 10, 2009

19                          Stoel Rives LLP

20

21              By: _____

22                  SETH D. HILTON
                    Attorneys for Plaintiff
23                  FRANKLIN FUELING SYSTEMS, INC.

24

25

26

27

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST
SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS
SanFran-233292.1 0039731-00003

-11-

09-CV-00580-FCD-JFM

# PROOF OF SERVICE

I declare that I am over the age of eighteen years and not a party to this action. I am employed in the City and County of San Francisco and my business address is 555 Montgomery Street, Suite 1288, San Francisco, California 94111.

On August 10, 2009, at San Francisco, California, I served the attached document(s):

**PLAINTIFF FRANKLIN FUELING SYSTEMS, INC.'S RESPONSE TO DEFENDANT VEEDER ROOT COMPANY'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

on the following parties:

Bradley A. Benbrook, Esq.                    Curtis Joseph Mahoney, PHV
Charles Joseph Stevens                       Dane H. Butswinkas, PHV
Stevens & O'Connell LLP                      C. Bryan Wilson, PHV
400 Capitol Mall, Suite 1400                 Williams & Connolly
Sacramento, CA 95814-4498                    725 Twelfth Street, N.W.
                                             Washington, DC 20005

☒ **BY FIRST CLASS MAIL:** I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the U.S. Postal Service. In the ordinary course of business, correspondence would be deposited with the U.S. Postal Service on the day on which it is collected. On the date written above, following ordinary business practices, I placed for collection and mailing a copy of the attached document in a sealed envelope, with postage fully prepaid, addressed as shown on the service list. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing contained in this declaration.

☒ **BY E-MAIL:** On the date written above, I caused a copy of the attached document to be transmitted via e-mail to the person on whom it is served at the e-mail address shown on the service list. That transmission was reported as complete and without error.

☐ **BY FACSIMILE:** On the date written above, I caused a copy of the attached document to be transmitted to a fax machine maintained by the person on whom it is served at the fax number shown on the service list. That transmission was reported as complete and without error and a transmission report was properly issued by the transmitting fax machine.

☐ **BY HAND DELIVERY:** On the date written above, I placed a copy of the attached document in a sealed envelope, with delivery fees paid or provided for, and arranged for it to be delivered by messenger that same day to the office of the addressee, as shown on the service list.

☐ **BY OVERNIGHT MAIL:** I am readily familiar with my employer's practice for the collection and processing of correspondence for overnight delivery. In the ordinary course of business, correspondence would be deposited in a box or other facility regularly maintained by the express service carrier or delivered to it by the carrier's authorized courier on the day on which it is collected. On the date written above, following ordinary business practices, I placed for collection and overnight delivery a copy of the attached document in a sealed envelope, with delivery fees prepaid or provided for, addressed as shown on the service list.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this document was executed on August 10, 2009, at San Francisco, California.

_____
Daniela Mehedinti

STOEL RIVES LLP
ATTORNEYS AT LAW
TRUCKEE

-1-

PROOF OF SERVICE

SanFran-232564.1 0039731-00003

# EXHIBIT B

1   SETH D. HILTON (SB #181899)
    EDWARD C. DUCKERS (SB #242113)
2   STOEL RIVES LLP
    555 Montgomery Street, Suite 1288
3   San Francisco, CA 94111
    Telephone: (415) 617-8900
4   Facsimile: (415) 676-3000

5   Attorneys for Plaintiff
    Franklin Fueling Systems, Inc.

6

7

8                 UNITED STATES DISTRICT COURT

9                EASTERN DISTRICT OF CALIFORNIA

10  FRANKLIN FUELING SYSTEMS, INC. ,     Case No. 09-CV-00580-FCD-JFM

11          Plaintiff,             PLAINTIFF FRANKLIN FUELING
                              SYSTEMS, INC.'S RESPONSE TO
12         v.                   DEFENDANT VEEDER ROOT
                              COMPANY'S FIRST SET OF
13  VEEDER ROOT COMPANY and DOES 1     INTERROGATORIES
    through 20,

14

15          Defendants.

16

17        PROPOUNDING PARTY:   DEFENDANT VEEDER ROOT COMPANY

18        RESPONDING PARTY:     PLAINTIFF FRANKLIN FUELING SYSTEMS, INC.

19        SET NO.:             ONE

20        Pursuant to Federal Rule of Civil Procedure 33, Plaintiff Franklin Fueling Systems, Inc.

21  ("Franklin") hereby responds to Veeder Root Company's ("Veeder Root") First Set of

22  Interrogatories.

23                    **PRELIMINARY STATEMENT**

24        Franklin has not completed discovery in this action, and has not completed its preparation

25  for trial.  Franklin's responses to these Requests are based upon information currently known to it

26  and are given without prejudice to its right to supplement, add to, amend, or modify its responses

27  to these interrogatories.  Without obligating itself to do so, Franklin reserves the right to change

28  or supplement any response set forth below as additional information is discovered or revealed.

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST      -1-      09-CV-00580-FCD-JFM
SET OF INTERROGATORIES

SanFran-233274.1 0039731-00003

1    Each response set forth below is made without waiver of, and is subject to, any applicable

2    objection set forth herein.

3                              **GENERAL OBJECTIONS**

4    1.      Franklin objects to the entire First Set of Interrogatories, and to each individual

5    interrogatory therein, to the extent that it seeks information that is privileged or protected from

6    disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other

7    constitutional, statutory or common law privilege, protection or rule.  Nothing in these responses

8    is intended as, or shall in any way be deemed a waiver of, any privilege.

9    2.      Franklin objects to the entire First Set of Interrogatories, and to each individual

10   interrogatory therein, to the extent that it seeks information that is not relevant to the subject

11   matter of the action and which is not reasonably calculated to lead to the discovery of admissible

12   evidence.

13   3.      Franklin further objects to the entire First Set of Interrogatories, and to each

14   individual interrogatory therein, to the extent that it seeks information that reflects or discloses

15   trade secrets or confidential business or proprietary information of Franklin, and/or third parties.

16   4.      Franklin further objects to the "Definitions and Instructions" of the First Set of

17   Interrogatories to the extent that the obligations sought to be imposed therein exceed the

18   requirements of the Federal Rule of Civil Procedure.

19   5.      Franklin states these objections without waiving or intending to waive, but on the

20   contrary preserving and intending to preserve:

21           (a)     all objections as to competency, relevancy, materiality, privilege and

22   admissibility as evidence for any purpose of the responses to the First Set of Interrogatories, or

23   the subject matter thereof, in any subsequent proceeding in, or the trial of, this or any other

24   action;

25           (b)     The right to object on any ground to the use of any response, or the subject

26   matter thereof, in any subsequent proceeding in, or the trial of, this or any other action;

27

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST
SET OF INTERROGATORIES

-2-

09-CV-00580-FCD-JFM

SanFran-233274.1 0039731-00003

1          (c)     The right to object on any ground at any time to a demand for further

2    response to these or any other discovery procedures involving or relating to the subject matter of

3    the First Set of Interrogatories directed to Franklin; and

4          (d)     the right to object on any ground to any other or future discovery requests.

5         6.     Franklin objects to the entire First Set of Interrogatories, and to each individual

6    interrogatory therein, to the extent that they seek information equally available to Veeder Root

7    through public sources.

8         7.     Franklin objects to the entire First Set of Interrogatories, and to each individual

9    interrogatory therein, to the extent that they prematurely call for information that is the subject of

10   expert disclosures to be set pursuant to the Federal Rules of Civil Procedure and the Court's

11   scheduling order.

12        8.     Franklin objects to the entire First Set of Interrogatories, and to each individual

13   interrogatory therein, to the extent that they prematurely call for information only required to be

14   disclosed in connection with pretrial proceedings, pursuant to the Court's scheduling order and/or

15   the Federal Rules of Civil Procedure.

16                             **RESPONSES**

17   <u>INTERROGATORY NO. 1</u>:

18        Identify all statements in the ARB Presentation that you believe are untrue or misleading

19   and state the basis of these beliefs.  In responding to this Interrogatory, identify all documents

20   which you believe support your allegations.

21   <u>RESPONSE TO INTERROGATORY NO. 1</u>:

22        Franklin objects that this interrogatory is compound, overbroad, and vague and

23   ambiguous.  Subject to and without waiving these objections and the General Objections set forth

24   above, Franklin responds as follows.  Franklin's claims against Veeder Root are not based upon

25   the contention that the ARB Presentation contains untrue or misleading statements.  Rather,

26   Franklin's claims are based upon Veeder-Root's misrepresentations of the content of the ARB

27   Presentation and ARB's investigation into alarms triggered by the Veeder Root ISD when used

28   with Franklin's EVR System, as well as misrepresentations concerning the causes of the alarms.

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST
SET OF INTERROGATORIES        -3-        09-CV-00580-FCD-JFM

SanFran-233274.1 0039731-00003

1   INTERROGATORY NO. 2:

2          Identify all false and misleading statements you believe Veeder-Root has made regarding

3   you or your products and describe in detail the basis for your contention that such statements are

4   false and misleading.  In responding to this Interrogatory, identify all documents which you

5   believe support your allegations.

6   RESPONSE TO INTERROGATORY NO. 2:

7          Franklin objects that this interrogatory is compound, overbroad, vague and ambiguous,

8   and seeks information that is neither relevant to the subject matter of the action nor likely to lead

9   to the discovery of admissible evidence.  Subject to and without waiving these objections and the

10   General Objections set forth above, Franklin responds as follows.  Franklin's claims against

11   Veeder Root are based upon misrepresentations concerning Franklin's Healy Phase II EVR

12   System.  As set forth in detail in the Amended Complaint, in late 2008 station owners and

13   operators began complaining of the frequency of alarms occurring when the Veeder Root ISD

14   was used with the Franklin Healy Phase II EVR System.  As a result of those complaints, ARB

15   initiated an investigation of the phenomenon.  Beginning at least by mid-February 2009, Veeder

16   Root began communicating, both orally and via written statements, false and misleading

17   statements about the cause of those alarms and ARB's conclusions concerning the cause of those

18   alarms.  Specifically, Veeder Root claimed that the cause of the alarms was a problem with

19   Franklin's Healy Phase II EVR System, and that any time there was a problem with alarms, the

20   Franklin Healy Phase II EVR System was the cause and that System should be returned to

21   Franklin.  Veeder Root further claimed that ARB had concluded that the Franklin EVR System

22   was the source of the problem, and claimed that up to one fourth of Healy Phase II Systems failed

23   and would need to be replaced.  Those statements were false and misleading because ARB had

24   reached no such conclusion, and the cause of the alarms, at least in a majority of cases, was not

25   the result of a defective EVR System.  Although discovery has just commenced, Franklin is aware

26   at a minimum of Veeder Root communicating those false statements through the February 13,

27   2009 e-mail attached as Exhibit A to the Amended Complaint, and through numerous oral

28   statements from Veeder Root agents to EVR System distributors and to station owners.

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST
SET OF INTERROGATORIES                -4-                    09-CV-00580-FCD-JFM

SanFran-233274.1 0039731-00003

1   Documents evidencing these statements, and documents showing the falsity of those

2   statements will be produced to Veeder Root in connection with Veeder Root's First Request for

3   Production of Documents.

4   <u>INTERROGATORY NO. 3</u>:

5   Identify every instance in which, as Paragraph 26 of the Amended Complaint alleges,

6   ARB "advised Franklin and Veeder Root not to make public statements concerning the cause of

7   the false alarms until ARB had completed its investigation," the names of all individuals

8   attending such meetings or otherwise receiving such advisements, and describe in detail the

9   substance of the communications exchanged at such meetings or documents, including all

10   statements, conclusions, or findings provided by ARB.  In responding to this Interrogatory,

11   identify all documents which you believe support your allegations.

12   <u>RESPONSE TO INTERROGATORY NO. 3</u>

13   Franklin objects that this interrogatory is vague, ambiguous, and unintelligible in several

14   parts, and compound, and at a minimum contains four separate interrogatories.  Subject to and

15   without waiving these objections or the General Objections set forth above, Franklin responds as

16   follows.  In late 2008 and early 2009, William Loscutoff, Chief of the Monitoring and Laboratory

17   Division, repeatedly requested in oral communications made both in persona and over the

18   telephone that both Franklin and Veeder Root not make public statements concerning the cause of

19   the alarms, or state that the alarms were caused by the other's equipment.  Among the Franklin

20   employees that heard these communications are Don Kenney and Gregg Sengstack.  While

21   Franklin has complied with Mr. Loscutoff's instructions, Veeder Root has declined to do so.  All

22   documents concerning these communications will be produced in response to Veeder Root's First

23   Set of Requests for the Production of Documents.

24   <u>INTERROGATORY NO. 4</u>:

25   State the basis of your contention in the Amended Complaint that the alarms connected to

26   the Franklin EVR System are "false."  *See, e.g.*, Am. Compl. ¶¶ 25-27.  In answering this request,

27   state the basis of your contention that the ARB Presentation fails to explain the source of these

28   alarms and identify all documents which believe support such contention.

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST
SET OF INTERROGATORIES                                  -5-                          09-CV-00580-FCD-JFM

SanFran-233274.1 0039731-00003

1    RESPONSE TO INTERROGATORY NO. 4:

2           Franklin objects that this interrogatory is unintelligible, in part due to the fact that it

3    misrepresents the contents of the Amended Complaint, and erroneously assumes Franklin has

4    made a contention concerning whether the ARB Presentation explains the source of the alarms.

5    Franklin further objects that this interrogatory is compound, and contains at least two wholly

6    separate interrogatories, one concerning the basis for Franklin's contention that the alarms are

7    false, and the second concerning the content of the ARB Presentation.  Subject to and without

8    waiving these objections or the General Objections set forth above, Franklin responds as follows.

9    To the extent that the reference to the alarms being "connected to the Franklin EVR System" is

10   meant to communicate that the alarms are caused by the Franklin EVR System, that assumption is

11   false.  The false alarms are blockage alarms that are caused by a defect in the way that the Veeder

12   Root ISD uses a statistical assumption to calculate the number of vehicles equipped with Onboard

13   Refueling Vapor Recovery systems that use a fueling point in a day.  That defect can cause the

14   Veeder Root ISD to trigger an alarm that there is a blockage when in fact no such blockage exists.

15          The ARB Presentation addresses both collection degradation and gross collection alarms.

16   These alarms may be triggered by a phenomenon referred to by ARB as "V/L shift," as discussed

17   in the ARB Presentation.  Contrary to the false and misleading statements Veeder Root has

18   repeatedly made, V/L shift is not "connected to" or caused by a defect in the Healy Phase II EVR

19   System.  V/L shift can be caused by a variety of factors, including the refueling of an ORVR

20   vehicle resulting in a V/L ratio outside of the normal range unrelated to any problem with the

21   fueling point, or problems with fueling point components other than the Healy Phase II EVR

22   System.

23          Because the interrogatory makes a false assumption concerning Franklin's contentions, it

24   is impossible to identify documents supporting that false assumption.

25   INTERROGATORY NO. 5:

26          State the basis of your contention that Veeder-Root improperly presented its statements in

27   the Veeder-Root Memorandum as being "endorsed" by ARB.  *See* Am. Compl. ¶ 27.

28   RESPONSE TO INTERROGATORY NO. 5:

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST
SET OF INTERROGATORIES                              -6-                     09-CV-00580-FCD-JFM

SanFran-233274.1 0039731-00003

1    Subject to and without waiving the General Objections set forth above, Franklin responds

2    as follows.  The contention is fully explained in the very paragraph cited by the interrogatory:

3    "By using the ARB staff CAPCOA presentation with its own marketing piece, the VR Marketing

4    Materials made it appear as if ARB has endorsed the false statements contained in those

5    Marketing Materials."  Furthermore, Veeder Root claims in the February 13, 2009 e-mail that the

6    ARB Presentation supports its claim that the cause of the alarms is the Franklin Healy Phase II

7    EVR System, which is false.  Veeder Root also claims to summarize the ARB Presentation in an

8    attachment to the February 13, 2009 e-mail.  In fact, the attachment seriously and repeatedly

9    misrepresents the contents of the ARB Presentation.

10   <u>INTERROGATORY NO. 6</u>:

11       Identify and describe in detail all complaints you have received from Franklin EVR

12   System customers that you in any way attribute to the "alarms" described in Paragraph 25 of the

13   Amended Complaint and the substance of your communications with such customers about such

14   alarms.

15   <u>RESPONSE TO INTERROGATORY NO. 6</u>:

16       Franklin objects that this interrogatory is compound and contains at least two separate

17   interrogatories.  Subject to and without waiving this objection or the General Objections set forth

18   above, Franklin responds as follows.  Because the alarms are generated by the Veeder Root ISD,

19   not the Franklin EVR System, Franklin has not received complaints from its customers about the

20   alarms; rather, any complaints are likely made to Veeder Root.  Because of Veeder Root's false

21   statements to customers that the cause of the alarms is the Franklin EVR System, Franklin has

22   received numerous returns of Healy Phase II EVR Systems that are not defective in any way,

23   causing Franklin substantial injury as further described in response to Interrogatory No. 7.

24   <u>INTERROGATORY NO. 7</u>:

25       Identify and describe in detail each item of damage that you claim and include in your

26   response: (i) the count or defense to which the item of damages relates; (ii) the category into

27   which each time of damages falls, i.e., general damages, special or consequential damages (such

28   as lost profits and loss of goodwill), punitive damages, interest and any other relevant categories;

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST
SET OF INTERROGATORIES

-7-

09-CV-00580-FCD-JFM

SanFran-233274.1 0039731-00003

1   (iii) the factual basis for each item of damages (including the specific names of any customers

2   you believe you have lost based on Veeder-Root's alleged conduct and the amount to lost profits,

3   loss of goodwill, or other damages attributable to such customers); and (iv) an explanation of how

4   you computed each item of damages, including any mathematical formula used.  In responding to

5   this Interrogatory, identify all documents which you believe support your allegations.

6   RESPONSE TO INTERRROGATORY NO. 7:

7        Franklin objects that this interrogatory is compound, vague, ambiguous and unintelligible,

8   and is duplicative of Rule 26 disclosures already provided to Veeder Root.  Subject to these

9   objections and the General Objections set forth above, Franklin responds as follows.  Discovery

10   has just commenced and much of Franklin's damages calculations will be the subject of expert

11   testimony and reports that are not required to be disclosed as this time.  Franklin will provide

12   additional detail as it becomes available and as expert disclosures are required.  As set forth in

13   Franklin's Rule 26 disclosures, Franklin's damages consist of the following.  Prior to Veeder

14   Root's false representations, Franklin's market share for Phase II enhanced vapor recovery

15   systems in California was 95%.  As a direct result of Veeder Root's misrepresentations, Franklin

16   has lost market share across California's various air quality management districts.  For example,

17   Franklin's market share in the Bay Area Air Quality Management District is currently less than

18   50%.  Franklin's market share in California's other air quality management districts now ranges

19   between 75% to 50%.

20        For each lost sale of a Healy Phase II EVR System represented by those market share

21   figures, Franklin loses approximately $18,000 in revenue.  In addition, Franklin also loses

22   additional revenue associated with the replacement of wear components and maintenance.  The

23   loss of Healy Phase II EVR System sales as a result of Veeder-Root's misrepresentations also

24   results in a loss of sales of the INCON ISD, as customers who have been dissuaded from

25   purchasing a Healy Phase II EVR System are less likely to purchase Franklin's ISD.  These lost

26   sales represent additional lost revenue of $12,000 for each INCON ISD that Franklin does not

27   sell, as well as additional revenue for wear components and maintenance over the life of the ISD,

28   as well as revenue associated with the upgrade of tank gauges and related equipment which

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST
SET OF INTERROGATORIES                      -8-                      09-CV-00580-FCD-JFM

SanFran-233274.1 0039731-00003

1   represent additional revenue of $20,000 per installation.  Finally the loss of Healy Phase II EVR

2   System sales also represents a lost opportunity to market other Franklin products to these

3   customers.

4          In addition to the calculations provided to Veeder Root in connection with Rule 26

5   disclosures, Franklin further notes that it has incurred significant damages from warranty returns.

6   Veeder Root had encouraged station owners and product distributors to return Healy Phase II

7   EVR Systems that are fully functional, by misrepresenting that problems with alarms from the

8   Veeder-Root ISD are somehow the fault of the Healy Phase II EVR System.  Dealing with these

9   warranty returns have further increased Franklin's damages as a result of Veeder-Root's

10  misrepresentations.

11         As Veeder-Root's misrepresentations continue to inflict damage on Franklin, a precise

12  calculation of the total damages are impossible at this point.  Franklin will update this information

13  as additional information becomes available and as appropriate.

14         Finally, as stated in the Amended Complaint, Franklin also seeks punitive damages, and

15  the restitution and disgorgement of the profits that Veeder Root earned as a result of its illegal

16  conduct.

17  INTERROGATORY NO. 8:

18         Describe in detail all product recalls or "exchange programs" in any way connected with

19  the Franklin EVR System or the Franklin ISD.  In answering this Interrogatory, describe in detail

20  the reasons for such recalls, all of your communications with ARB and your customers regarding

21  such recalls, and the date when you first became aware of any problem or concern with your

22  products and the date when you commenced the recall or "exchange program."

23  RESPONSE TO INTERROGATORY NO. 8:

24         Franklin objects that this interrogatory is vague and ambiguous, is compound, and seeks

25  information that is neither relevant to the subject matter of the action nor likely to lead to the

26  discovery of admissible evidence.

27

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST
SET OF INTERROGATORIES

-9-

09-CV-00580-FCD-JFM

SanFran-233274.1 0039731-00003

1  INTERROGATORY NO. 9:

2      Describe in detail the site test conducted by the South Coast Air Quality Management

3  District or ARB in 2007 at the Elk Grove service station, including the South Coast Air Quality

4  Management District's or ARB's findings and conclusions and the names of all Franklin

5  employees or agents involved in this test.

6  RESPONSE TO INTERROGATORY NO. 9:

7      Franklin objects that this request is vague, ambiguous, overbroad, compound, contains at

8  least two distinct interrogatories, and seeks information neither relevant to the subject matter of

9  the action nor likely to lead to the discovery of admissible evidence.

10  INTERROGATORY NO. 10:

11      Describe in detail the site test conducted by the South Coast Air Quality Management

12  District or ARB in 2008 at a Costco gas station, including the South Coast Air Quality

13  Management District's or ARB's findings  and conclusions and the names of all Franklin

14  employees or agents involved in this test.

15  RESPONSE TO INTERROGATORY NO. 10:

16      Franklin objects that this request is vague, ambiguous, overbroad, compound, and contains

17  at least two distinct interrogatories.  If this is a reference to a site test conducted in Tustin,

18  California in September 2008 by the South Coast Air Quality Management District, it is

19  Franklin's understanding that the site test was conducted to examine problems with the way that

20  the Veeder Root ISD uses statistical assumptions to determine the number of ORVR-equipped

21  vehicles that use a fueling point.  Franklin was not involved in the site test, nor was it provided

22  with South Coast's conclusions or findings.  Franklin had two employees on site during the test,

23  Jay Walsh, vice president of business development, and Greg Perea, a local field service engineer,

24  solely to address any nozzle issues that might come up.  At the conclusion of the test, Franklin

25  heard that a single nozzle apparently displayed some abnormalities.

26  INTERROGATORY NO. 11:

27      Identify and describe in detail any fines, warnings, enforcement actions, or other

28  disciplinary measures ARB, CAPCOA, or any California air quality management district has

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST
SET OF INTERROGATORIES

-10-

09-CV-00580-FCD-JFM

SanFran-233274.1 0039731-00003

1  imposed or indicated that it has considered imposing on Franklin in connection with the Franklin

2  EVR System or the Franklin ISD.

3  RESPONSE TO INTERROGATORY NO. 11:

4      Franklin objects that his interrogatory is compound, containing at least three separate

5  interrogatories.  Franklin further objects that this interrogatory seeks information that is neither

6  relevant to the subject matter of the action nor likely to lead to the discovery of admissible

7  evidence.

8  INTERROGATORY NO. 12:

9      Identify and describe in detail any changes made to the Franklin ISD software in the last

10  two years and indicate whether these changes were submitted to and approved by ARB.

11  RESPONSE TO INTERROGATORY NO. 12:

12      Franklin objects that this interrogatory is compound and contains at a minimum two

13  distinct interrogatories.  Franklin further objects that this interrogatory seeks information that is

14  neither relevant to the subject matter of the action nor likely to lead to the discovery of admissible

15  evidence.

16  INTERROGATORY N O. 13:

17      Identify and describe in detail any changes made to any components of the Franklin EVR

18  System, including changes in materials or material suppliers, in the last two years and indicate

19  whether these changes have been submitted to and approved by ARB.

20  RESPONSE TO INTERROGATORY NO. 13:

21      Franklin objects that this interrogatory is compound, containing at least two distinct

22  interrogatories.  Franklin further objects that this interrogatory seeks information that is neither

23  relevant to the subject matter of the action nor likely to lead to the discovery of admissible

24  evidence.

25  INTERROGATORY NO. 14:

26      Identify every person who has any knowledge concerning any allegation, denial,

27  admission, defense or other averment in the Amended Complaint.  Describe in detail the extent

28  and nature of the knowledge held by each person identified.

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST          -11-          09-CV-00580-FCD-JFM
SET OF INTERROGATORIES

SanFran-233274.1 0039731-00003

1   RESPONSE TO INTERROGATORY NO. 14:

2          Franklin objects that this interrogatory is vague, overbroad, burdensome and oppressive.

3   Franklin further objects that this interrogatory is compound, and includes at least two distinct

4   interrogatories.  Subject to and without waiving these objections and the General Objections set

5   forth above, Franklin responds as follows.  Franklin has already disclosed the name, and if

6   known, the address and telephone number of each individual likely to have discoverable

7   information that it may use to support its claims or defenses, as required by Federal Rule of Civil

8   Procedure 26(a)(1)(A).

9   INTERROGATORY NO. 15:

10          Identify all witnesses, whether fact witnesses or expert witnesses, who may testify at trial

11   on your behalf an describe in detail their anticipated testimony.

12   RESPONSE TO INTERROGATORY NO. 15:

13          Franklin objects to this interrogatory as overbroad, burdensome and oppressive.  Franklin

14   further objects that the request to disclose the identity of fact and expert witnesses is premature.

15   The date for expert disclosures and the disclosure of fact witnesses shall be set by the Court's

16   scheduling order.  Subject to and without waiving these objections and the General Objections set

17   forth above, Franklin responds as follows.  Franklin has already disclosed the name, and if

18   known, the address and telephone number of each individual likely to have discoverable

19   information that it may use to support its claims or defenses, as required by Federal Rule of Civil

20   Procedure 26(a)(1)(A).

21   INTERROGATORY NO. 16:

22          Identify all documents or other evidence on which you rely for any allegation, denial,

23   admission, defense, or other averment in the Amended Complaint.

24

25

26

27

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST
SET OF INTERROGATORIES

-12-

09-CV-00580-FCD-JFM

SanFran-233274.1 0039731-00003

1    <u>RESPONSE TO INTERROGATORY NO. 16:</u>

2          Franklin objects to this interrogatory as vague and ambiguous, overbroad, burdensome

3    and oppressive.

4    DATED:  August 10, 2009

5                                                Stoel Rives LLP

6

7                                                By: _____

8                                                    SETH D. HILTON
                                                     Attorneys for Plaintiff
9                                                    FRANKLIN FUELING SYSTEMS, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST
SET OF INTERROGATORIES                          -13-                          09-CV-00580-FCD-JFM

SanFran-233274.1 0039731-00003

1
## PROOF OF SERVICE

2       I declare that I am over the age of eighteen years and not a party to this action.  I am

3   employed in the City and County of San Francisco and my business address is 555 Montgomery
    Street, Suite 1288, San Francisco, California 94111.

4       On August 10, 2009, at San Francisco, California, I served the attached document(s):

5   **PLAINTIFF FRANKLIN FUELING SYSTEMS, INC.'S RESPONSE TO**
    **DEFENDANT VEEDER ROOT COMPANY'S FIRST SET OF INTERROGATORIES**

6   on the following parties:

7   Bradley A. Benbrook, Esq.                  Curtis Joseph Mahoney, PHV
    Charles Joseph Stevens                     Dane H. Butswinkas, PHV

8   Stevens & O'Connell LLP                    C. Bryan Wilson, PHV
    400 Capitol Mall, Suite 1400               Williams & Connolly

9   Sacramento, CA 95814-4498                  725 Twelfth Street, N.W.
                                               Washington, DC 20005

10

11  ☒  **BY FIRST CLASS MAIL:**  I am readily familiar with my employer's practice for the collection and
       processing of correspondence for mailing with the U.S. Postal Service.  In the ordinary course of business,
       correspondence would be deposited with the U.S. Postal Service on the day on which it is collected.  On

12     the date written above, following ordinary business practices, I placed for collection and mailing a copy of
       the attached document in a sealed envelope, with postage fully prepaid, addressed as shown on the service

13     list.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation
       date or postage meter date is more than one day after the date of deposit for mailing contained in this
       declaration.

14  ☒  **BY E-MAIL:**  On the date written above, I caused a copy of the attached document to be transmitted via
       e-mail to the person on whom it is served at the e-mail address shown on the service list.  That

15     transmission was reported as complete and without error.

16  ☐  **BY FACSIMILE:**  On the date written above, I caused a copy of the attached document to be transmitted to a
       fax machine maintained by the person on whom it is served at the fax number shown on the service list.  That
       transmission was reported as complete and without error and a transmission report was properly issued by the

17     transmitting fax machine.

18  ☐  **BY HAND DELIVERY:**  On the date written above, I placed a copy of the attached document in a sealed
       envelope, with delivery fees paid or provided for, and arranged for it to be delivered by messenger that same
       day to the office of the addressee, as shown on the service list.

19  ☐  **BY OVERNIGHT MAIL:**  I am readily familiar with my employer's practice for the collection and processing
       of correspondence for overnight delivery.  In the ordinary course of business, correspondence would be

20     deposited in a box or other facility regularly maintained by the express service carrier or delivered to it by the
       carrier's authorized courier on the day on which it is collected.  On the date written above, following ordinary
       business practices, I placed for collection and overnight delivery  a copy of the attached document in a sealed

21     envelope, with delivery fees prepaid or provided for, addressed as shown on the service list.

22      I declare under penalty of perjury under the laws of the State of California that the

23  foregoing is true and correct and that this document was executed on August 10, 2009, at San
    Francisco, California.

24                                             _____

25                                             Daniela Mehedinti

26

27

28

# EXHIBIT C

1   SETH D. HILTON (SB #181899)
    EDWARD C. DUCKERS (SB #242113)
2   STOEL RIVES LLP
    555 Montgomery Street, Suite 1288
3   San Francisco, CA  94111
    Telephone:  (415) 617-8900
4   Facsimile:  (415) 676-3000

5   Attorneys for Plaintiff
    Franklin Fueling Systems, Inc.

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10  FRANKLIN FUELING SYSTEMS, INC. ,        Case No. 09-CV-00580-FCD-JFM

11              Plaintiff,                   PLAINTIFF FRANKLIN FUELING
                                             SYSTEMS, INC.'S RESPONSE TO
12       v.                                  DEFENDANT VEEDER ROOT
                                             COMPANY'S FIRST SET OF
13  VEEDER ROOT COMPANY and DOES 1           REQUESTS FOR ADMISSION
    through 20,
14
                Defendants.
15

16
         PROPOUNDING PARTY:   DEFENDANT VEEDER ROOT COMPANY
17
         RESPONDING PARTY:    PLAINTIFF FRANKLIN FUELING SYSTEMS, INC.
18
         SET NO.:             ONE
19
         Pursuant to Federal Rule of Civil Procedure 36, Plaintiff Franklin Fueling Systems, Inc.
20
    ("Franklin") hereby responds to Veeder Root Company's ("Veeder Root") First Set of Requests
21
    for Admission.
22
                              PRELIMINARY STATEMENT
23
         Franklin has not completed discovery in this action, and has not completed its preparation
24
    for trial.  Franklin's responses to these Requests are based upon information currently known to it
25
    and are given without prejudice to its right to supplement, add to, amend or modify its responses
26
    to these Requests.  Without obligating itself to do so, Franklin reserves the right to change or
27
    supplement any response set forth below as additional information is discovered or revealed.
28

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST        -1-                09-CV-00580-FCD-JFM
SET OF REQUESTS FOR ADMISSION

SanFran-233106.1 0039731-00003

1   Each response set forth below is made without waiver of, and is subject to any applicable

2   objection set forth herein.

3   **GENERAL OBJECTIONS**

4   1.   Franklin objects to the entire Request for Admissions, and to each individual

5   request therein, to the extent that it seeks information that is privileged or protected from

6   disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other

7   constitutional, statutory or common law privilege, protection or rule.  Nothing in these responses

8   is intended as, or shall in any way be deemed a waiver of, any privilege.

9   2.   Franklin objects to the entire Request for Admissions, and to each individual

10   request therein, to the extent that it seeks information that is not relevant to the subject matter of

11   the action and which is not reasonably calculated to lead to the discovery of admissible evidence.

12   3.   Franklin further objects to the entire Request for Admissions, and to each

13   individual request therein, to the extent that it seeks information that reflects or discloses trade

14   secrets or confidential business or proprietary information of Franklin, and/or third parties.

15   4.   Franklin further objects to the "Definitions and Instructions" of the Request to the

16   extent that the obligations sought to be imposed therein exceed the requirements of the Federal

17   Rule of Civil Procedure.

18   5.   Franklin states these objections without waiving or intending to waive, but on the

19   contrary preserving and intending to preserve:

20   (a)   all objections as to competency, relevancy, materiality, privilege and

21   admissibility as evidence for any purpose of the responses to the Request for Admissions, or the

22   subject matter thereof, in any subsequent proceeding in, or the trial of, this or any other action;

23   (b)   The right to object on any ground to the use of any response, or the subject

24   matter thereof, in any subsequent proceeding in, or the trial of, this or any other action;

25   (c)   The right to object on any ground at any time to a demand for further

26   response to these or any other discovery procedures involving or relating to the subject matter of

27   the Request for Admissions directed to Franklin; and

28   (d)   the right to object on any ground to any other or future discovery requests.

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST
SET OF REQUESTS FOR ADMISSION

-2-

09-CV-00580-FCD-JFM

SanFran-233106.1 0039731-00003

1    6.    Franklin objects that the attempt to incorporate by reference the "Definitions and

2    Instructions" from Veeder Root's First Set of Interrogatories renders the Request for Admissions

3    overbroad, vague, ambiguous, uncertain, unintelligible, unduly burdensome, oppressive, and not

4    reasonably calculated to lead to the discovery of admissible evidence.

5                                    **RESPONSES**

6    REQUEST FOR ADMISSION NO. 1:

7    Admit that you have the largest market share of EVR systems currently in use in

8    California service stations.

9    RESPONSE TO REQUEST FOR ADMISSION NO. 1:

10    Franklin objects to this Request on the grounds that it is vague, ambiguous and overbroad

11    concerning the term "EVR systems," which could include a variety of products, including in-

12    service diagnostic systems and other components of fueling points.

13    REQUEST FOR ADMISSION NO. 2:

14    Admit that you issued a recall of all Model 900 Healy Nozzles manufactured or rebuilt

15    during 2007.

16    RESPONSE TO REQUEST FOR ADMISSION NO. 2:

17    Franklin objects that this Request seeks information that is neither relevant to the subject

18    matter of the action nor likely to lead to the discovery of admissible evidence.

19    REQUEST FOR ADMISSION NO. 3:

20    Admit that before issuing the recall of all Model 900 Healy Nozzles manufactured or

21    rebuilt during 2007, the President of Franklin, Don Kenny [sic], publicly denied that there was

22    any problem with these nozzles.

23    RESPONSE TO REQUEST FOR ADMISSION NO. 3:

24    Franklin objects that this request is vague and ambiguous, and seeks information neither

25    relevant to the subject matter of the action nor likely to lead to the discovery of admissible

26    evidence.

27

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST
SET OF REQUESTS FOR ADMISSION

SanFran-233106.1 0039731-00003

-3-

09-CV-00580-FCD-JFM

1    REQUEST FOR ADMISSION NO. 4:

2         Admit that Exhibit A attached hereto is a true, correct, authentic, genuine, and admissible

3    copy of Executive Order VR-202-G, Exhibit 2.

4    RESPONSE TO REQUEST FOR ADMISSION NO. 4:

5         Subject to and without waiving the General Objections set forth above, Franklin responds

6    as follows.  Admitted.

7    REQUEST FOR ADMISSION NO. 5:

8         Admit that Executive Order VR-202-G governs use of the Veeder-Root ISD for use with

9    the Franklin EVR System.

10   RESPONSE TO REQUEST FOR ADMISSION NO. 5:

11        Franklin objects that this request for admission is vague and ambiguous as to time.

12   Subject to and without waiving this objection or the General Objections set forth above, Franklin

13   responds as follows.  Denied.  Executive Order VR-G has been superseded.  It applies only to

14   Veeder-Root ISDs that were permitted and commissioned during the time the order was effective.

15   REQUEST FOR ADMISSION NO. 6:

16        Admit that Executive Order VR-202-G stipulates that any fueling point whose V/L ratio is

17   determined to be at or below 0.80 shall be deemed defective and removed from service.

18   RESPONSE TO REQUEST FOR ADMISSION NO. 6:

19        Franklin objects that this request is ambiguous in that it refers to a superseded executive

20   order.  Subject to and without waiving this objection or General Objections set forth above,

21   Franklin responds as follows.  Denied.

22   REQUEST FOR ADMISSION NO. 7:

23        Admit that a nozzle that exhibits  more than 10% of fueling events with V/L ratios

24   between 0.50 and 0.82 does not comply with Executive Order VR-202-G.

25   RESPONSE TO REQUEST FOR ADMISSION NO. 7:

26        Franklin objects that this request is ambiguous in that it refers to a superseded executive

27   order.  Subject to and without waiving this objection or the General Objections set forth above,

28   Franklin responds as follows.  Denied.

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST
SET OF REQUESTS FOR ADMISSION

-4-

09-CV-00580-FCD-JFM

SanFran-233106.1 0039731-00003

1    REQUEST FOR ADMISSION NO. 8:

2        Admit that V/L ratios between 0.50 and 0.81 indicate an increased risk of

3    overpressurization in a service station's fuel tank.

4    RESPONSE TO REQUEST FOR ADMISSION NO. 8:

5        Subject to and without waiving the General Objections set forth above, Franklin responds

6    as follows.  Denied.

7    REQUEST FOR ADMISSION NO. 9

8        Admit that alarms such as those referenced in Paragraph 25 of the Amended Complaint

9    increase service station maintenance costs.

10   RESPONSE TO REQUEST FOR ADMISSION NO. 9:

11       Franklin objects that this request is vague, ambiguous and overbroad, and vague as to the

12   meaning of alarms and "service station maintenance costs."  Subject to and without waiving this

13   objection and the General Objections set forth above, Franklin responds as follows.  Franklin is

14   unable to admit or deny this request because it is overbroad and ambiguous with regard to the

15   meaning of "alarms" and "maintenance costs."

16   REQUEST FOR ADMISSION NO. 10:

17       Admit that new nozzles may deteriorate over time.

18   RESPONSE TO REQUEST FOR ADMISSION NO. 10:

19       Franklin objects that this request is vague, ambiguous, overbroad, is vague as to the

20   meaning of "may deteriorate," calls for speculation, and requests information that is neither

21   relevant to the subject matter of the action nor likely to lead to the discovery of admissible

22   evidence.

23   REQUEST FOR ADMISSION NO. 11:

24       Admit that the V/L shift in Franklin's EVR System was not detectible with field tests in

25   use on or before February 13, 2009.

26   RESPONSE TO REQUEST FOR ADMISSION NO. 11:

27       Franklin objects that this request is vague, ambiguous, and unintelligible, and assumes

28   facts.  Subject to and without waiving these objections or the General Objections set forth above,

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST
SET OF REQUESTS FOR ADMISSION

-5-

09-CV-00580-FCD-JFM

SanFran-233106.1 0039731-00003

1    Franklin responds as follows.  The phrase "V/L shift in Franklin's EVR System" does not make

2    any sense, and therefore Franklin is unable to admit or deny this request.  The reference to V/L

3    shift in this Request is presumably a reference to data that ARB gathered from certain Veeder

4    Root in-station diagnostic systems in Yolo County.  However, V/L shift refers to data concerning

5    the ratio of vapor recovered to fuel dispensed during refueling, and is not something that is "in

6    Franklin's EVR System," nor is V/L shift something that is necessarily caused by the Franklin

7    EVR System.  The Request is also confusing in that the data regarding V/L shift is recoverable

8    from in-station diagnostic systems and therefore to that extent is "detectible", although it may be

9    difficult to diagnose the cause of that V/L shift with the field tests in use on or before February

10   13, 2009.

11   REQUEST FOR ADMISSION NO. 12:

12         Admit that the V/L shift in Franklin's EVR System may result in overpressure alarms and

13   site shutdown.

14   RESPONSE TO REQUEST FOR ADMISSION NO. 12:

15         Franklin objects that this request is vague, ambiguous, and unintelligible, assumes facts, is

16   compound, and that the phrase "V/L shift in Franklin's EVR System" is unintelligible for the

17   reasons set forth in Franklin's response to Request for Admission No. 11.  Subject to and without

18   waiving these objections or the General Objections set forth above, Franklin responds as follows.

19   Franklin is unable to admit or deny this Request except to the extent that ARB has determined

20   that V/L shift does not lead to an increase in overpressure alarms.

21   REQUEST FOR ADMISSION NO. 13:

22         Admit that the V/L shift in Franklin's EVR System may result in ARB recommending

23   more extensive field testing on assist nozzles.

24   RESPONSE TO REQUEST FOR ADMISSION NO. 13:

25         Franklin objects that this request is vague, ambiguous, and nonsensical, that the phrase

26   "V/L shift in Franklin's EVR System" is unintelligible for the reasons set forth in Franklin's

27   response to Request for Admission No. 11, that the request seeks information that is neither

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST
SET OF REQUESTS FOR ADMISSION

-6-

09-CV-00580-FCD-JFM

SanFran-233106.1 0039731-00003

1    relevant to the subject matter of the action nor likely to lead to the discovery of admissible

2    evidence, and asks Franklin to speculate as to ARB's future actions.

3    REQUEST FOR ADMISSION NO. 14:

4        Admit that Exhibit B attached hereto is a true, correct, authentic, genuine, and admissible

5    copy of FFS Technical Bulletin No. TB1108-2.

6    RESPONSE TO REQUEST FOR ADMISSION NO. 14:

7        Subject to and without waiving the General Objections set forth above, Franklin responds

8    as follows.  Admitted.

9    REQUEST FOR ADMISSION NO. 15:

10       Admit that Franklin's nozzles exhibiting a V/L shift may be returned pursuant to the

11   Franklin Fueling Systems Warranty set forth in FFS Technical Bulletin No. TB1106-2.

12   RESPONSE TO REQUEST FOR ADMISSION NO. 16:

13       Franklin objects to this request is vague, ambiguous, overbroad, and unintelligible.

14   Subject to and without waiving these objections or the General Objections set forth above,

15   Franklin responds as follows.  Denied.  Tech Bulletin No. TB1106-02 does not exist.  To the

16   extent that the Request intends to inquire regarding Tech Bulletin No. TB1108-02, the purpose of

17   Tech Bulletin No. TB1108-2 was to assist Healy certified technicians troubleshooting information

18   to verify that the Healy components are functioning properly, and prevent components from being

19   replaced for no reason, including in circumstances where a Veeder Root ISD indicates that what

20   ARB calls a V/L shift has occurred.

21   REQUEST FOR ADMISSION NO. 16:

22       Admit that ARB has decertified Franklin's ISD versions 1.0.0 and 1.1.0 for use in

23   multiproduct (six-pack) fuel dispensers.

24

25

26

27

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST
SET OF REQUESTS FOR ADMISSION

-7-

09-CV-00580-FCD-JFM

SanFran-233106.1 0039731-00003

1   <u>RESPONSE TO REQUEST FOR ADMISSION NO. 16:</u>

2        Franklin objects that this request seeks information that is neither relevant to the subject

3   matter of the action nor likely to lead to the discovery of admissible evidence.

4   DATED:  August 10, 2009

5                  Stoel Rives LLP

7                  By: _____

8                     SETH D. HILTON
                          Attorneys for Plaintiff

9                     FRANKLIN FUELING SYSTEMS, INC.

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST
SET OF REQUESTS FOR ADMISSION      -8-      09-CV-00580-FCD-JFM

SanFran-233106.1 0039731-00003

**PROOF OF SERVICE**

I declare that I am over the age of eighteen years and not a party to this action.  I am employed in the City and County of San Francisco and my business address is 555 Montgomery Street, Suite 1288, San Francisco, California 94111.

On August 10, 2009, at San Francisco, California, I served the attached document(s):

**PLAINTIFF FRANKLIN FUELING SYSTEMS, INC.'S RESPONSE TO DEFENDANT VEEDER ROOT COMPANY'S FIRST SET OF REQUESTS FOR ADMISSION**

on the following parties:

| | |
|---|---|
| Bradley A. Benbrook, Esq. | Curtis Joseph Mahoney, PHV |
| Charles Joseph Stevens | Dane H. Butswinkas, PHV |
| Stevens & O'Connell LLP | C. Bryan Wilson, PHV |
| 400 Capitol Mall, Suite 1400 | Williams & Connolly |
| Sacramento, CA 95814-4498 | 725 Twelfth Street, N.W. |
| | Washington, DC 20005 |

☒ **BY FIRST CLASS MAIL:**  I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the U.S. Postal Service.  In the ordinary course of business, correspondence would be deposited with the U.S. Postal Service on the day on which it is collected.  On the date written above, following ordinary business practices, I placed for collection and mailing a copy of the attached document in a sealed envelope, with postage fully prepaid, addressed as shown on the service list.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing contained in this declaration.

☒ **BY E-MAIL:**  On the date written above, I caused a copy of the attached document to be transmitted via e-mail to the person on whom it is served at the e-mail address shown on the service list.  That transmission was reported as complete and without error.

☐ **BY FACSIMILE:**  On the date written above, I caused a copy of the attached document to be transmitted to a fax machine maintained by the person on whom it is served at the fax number shown on the service list.  That transmission was reported as complete and without error and a transmission report was properly issued by the transmitting fax machine.

☐ **BY HAND DELIVERY:**  On the date written above, I placed a copy of the attached document in a sealed envelope, with delivery fees paid or provided for, and arranged for it to be delivered by messenger that same day to the office of the addressee, as shown on the service list.

☐ **BY OVERNIGHT MAIL:**  I am readily familiar with my employer's practice for the collection and processing of correspondence for overnight delivery.  In the ordinary course of business, correspondence would be deposited in a box or other facility regularly maintained by the express service carrier or delivered to it by the carrier's authorized courier on the day on which it is collected.  On the date written above, following ordinary business practices, I placed for collection and overnight delivery  a copy of the attached document in a sealed envelope, with delivery fees prepaid or provided for, addressed as shown on the service list.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this document was executed on August 10, 2009, at San Francisco, California.

_____
Daniela Mehedinti

# EXHIBIT D

LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

C. BRYAN WILSON
(202) 434-5428
bwilson@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

August 5, 2009

**VIA EMAIL TO BJNESE@STOEL.COM AND FIRST CLASS MAIL**

Brian Nese, Esq.
Stoel Rives LLP
12265 El Camino Real, Suite 303
San Diego, CA 92130

      Re:   *Franklin Fueling Systems, Inc. v. Veeder Root Co.*,
            No. 2:09-CV-00580 (E.D. Cal.)

Dear Mr. Nese:

      In furtherance of our telephone conversation of July 30, 2009, this letter memorializes the parties' agreement and follow up items regarding the First Requests for Production served by Franklin Fueling Systems, Inc. ("Franklin") in the above-styled matter. This letter tracks the issues raised in your letter dated July 21, 2009. Please inform me immediately if your recollection differs from this letter on any of these points.

      **A.**      **Protective Order**

      As discussed, attached please find a clean, revised draft and a delta view comparing the new draft to Franklin's original draft. Please advise whether Franklin has additional changes or concerns with this draft.

      **B.**      **Objection to Definition of "ALARMS"**

      Veeder Root Company ("Veeder Root") will construe "ALARMS" in Franklin's First Requests for Production to mean "alarms related to the V/L shift associated with Healy nozzles that Veeder Root's ISD has identified and hose blockage alarms associated with Healy nozzles that Veeder Root's ISD has identified." Franklin agrees to this modification.

WILLIAMS & CONNOLLY LLP

Brian Nese, Esq.
August 5, 2009
Page 2

**C.      Limitation of Production of Documents Created, Sent or Received
           During the August 1, 2008 to February 13, 2009 Time Frame**

I have looked into this issue further and offer the following limitation:  Veeder
Root will limit its production in response to RFP Nos. 1, 2, 13, 16, and 17 to documents created,
sent, and/or received from July 1, 2008 (which is well in advance of "late 2008," when Franklin
alleges the relevant alarms and complaints began to occur, *see* Amended Complaint ¶ 25) to
March 3, 2009 (the date Franklin filed the Complaint for Injunctive Relief and Damages).  Please
confirm Franklin's agreement to this modification.

**D.      Specific Responses**

**RFP No. 1**

Subject to its general objections and entry of a mutually agreeable protective
order, Veeder Root will produce documents sent to or received from ARB between July 1, 2008
and March 3, 2009 regarding investigations of (1) the V/L shift associated with Healy nozzles
that Veeder Root's ISD has identified, (2) hose blockage alarms associated with Healy nozzles
that Veeder Root's ISD has identified, and (3) compatibility problems between Veeder Root's
ISD and the Healy System.  Franklin agrees to this modification.

**RFP No. 2**

Subject to its general objections and entry of a mutually agreeable protective
order, Veeder Root will produce non-privileged documents created from July 1, 2008 to March
3, 2009 regarding investigations of the V/L shift associated with Healy nozzles that Veeder
Root's ISD has identified and hose blockage alarms associated with Healy nozzles that Veeder
Root's ISD has identified.  Franklin agrees to this modification.

**RFP No. 3**

Subject to its general objections and entry of a mutually agreeable protective
order, Veeder Root will produce non-privileged copies of the following categories of documents
if Veeder Root (a) created such documents between July 1, 2008 and March 3, 2009, and (b)
transmitted such documents to distributors, customers, and other potential purchasers of the
Carbon Canister:  (1) copies of the document attached as Exhibit A to the Amended Complaint,
(2) documents comparing the Veeder Root ISD to the Healy System (including documents
comparing assist and balance systems), (3) documents that incorporate the Capcoa Presentation
attached as Exhibit A to the Amended Complaint for Injunctive Relief and Damages, (4)
documents that reference the V/L shift associated with Healy nozzles that Veeder Root's ISD has
identified, (5) documents that reference hose blockage alarms associated with the Healy nozzles
that Veeder Root's ISD has identified, and (6) documents that address compatibility problems
between Veeder Root's ISD and the Healy System.  Franklin agrees to this modification.

WILLIAMS & CONNOLLY LLP

Brian Nese, Esq.
August 5, 2009
Page 3

### RFP No. 4

Subject to its general objections and entry of a mutually agreeable protective order, Veeder Root will produce non-privileged copies of the document categories (and during the time period) described in response to RFP No. 3 above, but also include internal drafts of such documents that may not have been transmitted outside Veeder Root. Franklin agrees to this modification.

### RFP No. 5

Veeder Root stands on its objections to RFP No. 5.

### RFP Nos. 6 through 10

Veeder Root stands on its objections to these requests, but is open to revisiting these requests upon, for example, receipt of Franklin's responses to Veeder Root's discovery requests if those responses provide specific customers or accounts that Franklin claims it has lost based on the conduct at issue in this litigation. Franklin agrees to revisit this issue in the future if necessary.

### RFP No. 11

Subject to its general objections and entry of a mutually agreeable protective order, Veeder Root will produce non-privileged documents that Veeder Root marketing personnel created, sent, or received between July 1, 2008 and March 3, 2009 to the extent such documents discussed documents intended to be sent to distributors, customers, and other potential purchasers of the Carbon Canister regarding: (1) the document attached as Exhibit A to the Amended Complaint, (2) comparing the Veeder Root ISD to the Healy System (including comparisons between assist and balance systems), (3) the Capcoa Presentation attached as Exhibit A to the Amended Complaint for Injunctive Relief and Damages, (4) the V/L shift associated with Healy nozzles that Veeder Root's ISD has identified, (5) hose blockage alarms associated with Healy nozzles that Veeder Root's ISD has identified, and (6) compatibility problems between Veeder Root's ISD and the Healy System. Franklin agrees to this modification.

### RFP No. 12

The parties agree that this request, as modified, is coextensive with RFP No. 11.

### RFP No. 15

The parties agree that this request, as modified, is coextensive with RFP No. 1.

WILLIAMS & CONNOLLY LLP

Brian Nese, Esq.
August 5, 2009
Page 4

### RFP Nos. 19 through 21

Veeder Root stands on its objections to these requests, but is open to revisiting these requests upon, for example, receipt of Franklin's responses to Veeder Root's discovery requests if those responses provide specific customers or accounts that Franklin claims it has lost based on the conduct at issue in this litigation. Franklin agrees to revisit this issue in the future if necessary.

Do not hesitate to contact me with any questions.

Sincerely,

C. Bryan Wilson

Enclosures

CC:     Charles J. Stevens, Esq. (via email to cjs@sojllp.com only)
        Bradley A. Benbrook, Esq. (via email to bab@sojllp.com only)
        Edward C. Duckers, Esq. (via email to ecduckers@stoel.com only)
        Seth D. Hilton, Esq. (via email to sdhilton@stoel.com only)