1   EDWARD C. DUCKERS (SB #242113)
    SETH D. HILTON (SB #181899)
2   ecduckers@stoel.com
    sdhilton@stoel.com
3   STOEL RIVES LLP
    980 Ninth Street, 19th Floor
4   Sacramento, CA 95814
    Telephone: (916) 447-0700
5   Facsimile: (916) 447-4781

6   Attorneys for Plaintiff
    FRANKLIN FUELING SYSTEMS, INC.

7

8                 UNITED STATES DISTRICT COURT

9               EASTERN DISTRICT OF CALIFORNIA

10                   SACRAMENTO DIVISION

11   FRANKLIN FUELING SYSTEMS, INC.,       Case No. 2:09-CV-00580-FCD-JFM

12               Plaintiff,                   JOINT STATEMENT RE DISCOVERY
                                      DISAGREEMENT
13         v.

14   VEEDER ROOT COMPANY and DOES 1       Date:         October 8, 2009
    through 20,                             Time:         11:00 a.m.
15                                       Dept:         2
                Defendants.             Judge:       Hon. John F. Moulds
16

17

18   **I.**       **INTRODUCTION**

19           Plaintiff Franklin Fueling Systems, Inc. ("Franklin") and defendant Veeder Root Co.

20   ("Veeder Root") submit this Joint Statement Re Discovery Disagreement in connection with

21   Franklin's Notice of Motion and Motion to Compel Further Responses to Requests for Production

22   of Documents [Docket No. 33]. The majority of the discovery dispute centers around three main

23   issues: (1) the definition of the term "alarms," which is used throughout the Requests for

24   Production of Documents ("Requests"), including the relevant scope of the different types of

25   alarms that should be subject to discovery; (2) the relevant time frame for discovery; and (3)

26   Veeder Root's sales data. Since these three issues, especially items (1) and (2), implicate the

27   majority of Franklin's Requests, Franklin moves to compel further responses in connection with

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT STATEMENT RE DISCOVERY
DISAGREEMENT

2:09-CV-00580-FCD-JFM

SanFran-234699.1 0039731-00003

1  almost all of its Requests.  Except for a few additional requests, the Court's determination of

2  these three issues will resolve the majority of the discovery dispute.

3  **II.      THE PARTIES HAVE CONFERRED REGARDING THE DISCOVERY**

4  **          DISAGREEMENT**

5          Franklin initially served its Requests on June 2, 2009, and Veeder Root served its

6  Objections and Responses on July 6, 2009.  Thereafter, Franklin and Veeder Root conferred

7  telephonically on July 30, 2009 and via letter on July 21, August 5, 13, and 27, and September 8,

8  10, and 14.  As discussed below, through the meet and confer process, Franklin and Veeder Root

9  significantly narrowed the scope of the instant discovery dispute.

10 **III.     FRANKLIN'S STATEMENT OF THE NATURE OF THE CASE AND FACTUAL**

11 **          DISPUTES[1]**

12         Franklin's Amended Complaint for Injunctive Relief and Damages [Docket No. 20]

13 centers around marketing material circulated by Veeder Root in February 2009 that contained

14 false statements of fact about Franklin's products.  Franklin and Veeder Root compete in the

15 California market for enhanced vapor recovery products, which are designed to capture gasoline

16 vapor released during vehicle refueling.  Amended Complaint ("Am. Compl.") at ¶ 2.  Those

17 products are regulated by the California Air Resources Board ("ARB"), and must be certified by

18 ARB before being offered for sale in California.  *Id.*  Enhanced vapor recovery products include

19 the nozzle or dispenser and related components—the EVR System—and the in-station diagnostics

20 system—the ISD System.  *Id.* at ¶ 3.  The ISD System monitors the performance of the EVR

21 System and is designed to trigger alarms if the EVR System fails to perform as required.  *Id.*

22 Franklin manufactures an EVR System called the Healy Phase II Enhanced Vapor Recovery

23 System ("Healy System") and an ISD System, the INCON ISD.  *Id.* at ¶¶ 4, 8.  Veeder Root

24 markets a competing EVR System and ISD System ("Veeder Root ISD").  *Id.* at 9.

25         In late 2008, gas station owners began to report an increase in the number of false alarms

26 being triggered by the Veeder Root ISD when used with the Healy System.  *Id.* at ¶ 25.  The

---

27 [1] Veeder-Root takes issue with Franklin's summary of the case, and by including its position regarding the
28 discovery disputes is in no way adopting any of Franklin's statements on this or any other issue.

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT STATEMENT RE DISCOVERY
DISAGREEMENT                     -2-                    2:09-CV-00580-FCD-JFM

SanFran-234699.1 0039731-00003

1   Healy System, when used with the INCON ISD, did not trigger false alarms. *Id.* ARB, after

2   receiving a number of complaints, instituted an investigation into the causes of the false alarms.

3   *Id.* at ¶ 26. ARB further advised Franklin and Veeder Root not to make public statements

4   concerning the cause of the false alarms until ARB had completed its investigation. *Id.* ARB has

5   not yet reached a formal conclusion as to the cause or causes of the false alarms. *Id.* ARB staff

6   did, however, make a PowerPoint presentation to the California Pollution Control officers'

7   Association ("CAPCOA") concerning its tentative findings during the course of its investigation.

8   *Id.*

9       Nonetheless, at least as early as February 12, 2009, Veeder Root began circulating

10  marketing materials containing a number of false statements. *Id.* at ¶ 27. Those marketing

11  materials consist of e-mail text and two attachments—a copy of ARB staff's CAPCOA

12  presentation, and a marketing piece prepared by Veeder Root. *Id.* at ¶ 27 and Ex. A. Veeder

13  Root's marketing material falsely represented to Franklin's customers that Franklin's Healy

14  System was the cause of alarms being experienced by gas station owners using the Healy System

15  in conjunction with the Veeder Root ISD. Am. Compl. at ¶¶25-29.

16      Franklin alleges that the Veeder Root marketing material makes the following false

17  statements of fact, among others, concerning the Healy System:

18      • "ARB indicates…22% failure rate found contributing to degradation ISD alarms."

19      • "CUSTOMER OPTIONS

20          Option 1: Replace 1 in 4 nozzles to maintain assist site performance"

21      • "Assist nozzles contribute to site maintenance cost."

22      • "…the problem in the overwhelming majority of cases are in the Nozzles, not the

23          ISD System or its protocol/software. Attached are two documents supporting this

24          position; 1) CARB ppt presentation to Capcoa…." [sic]. Am. Compl. at ¶ 28.

25      After learning of the marketing material, Franklin requested that Veeder Root cease

26  circulating marketing material containing the false statements. When Veeder Root refused,

27  Franklin filed the instant lawsuit.

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT STATEMENT RE DISCOVERY
DISAGREEMENT                    -3-                    2:09-CV-00580-FCD-JFM

SanFran-234699.1 0039731-00003

1    Franklin's Amended Complaint states causes of action for (1) false and misleading

2    advertising in violation of the Lanham Act (15 U.S.C. § 1125), (2) trade libel, (3) false

3    advertising in violation of California Business and Professions Code Section 17500, (4) unfair

4    competition in violation of California Business and Professions Code Section 17200, and (5)

5    intentional interference with prospective economic advantage.  Franklin alleges that by

6    distributing the marketing material containing false statements to its actual and potential

7    customers, Veeder Root caused Franklin damages in the form of lost sales, lessening of good will,

8    and lost market share.  *Id.* at ¶¶ 40, 48, 72.  On June 26, 2009, Veeder Root filed a Motion to

9    Dismiss the Amended Complaint ("Motion to Dismiss") [Docket No. 22], which the court denied

10    in its August 11, 2009 Memorandum and Order ("August 11, 2009 Order") [Docket No. 31].

11    Franklin's Requests are narrowly tailored to seek discovery of relevant information

12    required to prove Franklin's claims, including the falsity of Veeder Root's statements, the source

13    of the alarms and Franklin's damages, lost profits and loss of market share.

14    **IV.    THE DISCOVERY DISAGREEMENT**

15    The parties disagree about the following Requests:

16    **A.  Disagreement Regarding RFP No. 1**

17    1.  RFP No. 1

18    RFP No. 1 requests all documents concerning, "COMMUNICATIONS[2] with ARB[3]

19    CONCERNING[4] any of the following: (1) ALARMS,[5] (2) the VR ISD,[6] (3) the HEALY

20    SYSTEM,[7] (4) the INCON ISD,[8] (5) the CARBON CANISTER,[9] or (6) the VST SYSTEM."[10]

21    _____

[2]  The Requests define "COMMUNICATION" or "COMMUNICATIONS" as "any contact between or
22    among two or more PERSONS and includes written contact of any nature by such means as letter, memoranda,
telegram, telex, electronic mail, or facsimile, or oral contact by such means as face-to-face meeting or telephone
23    conversation."
[3]  The Requests define  "ARB" as "the California Air Resources Board and all of its present or former
24    employees agents, representatives, officers or consultants, or any person or entity acting on its behalf.
[4]  The Requests define "CONCERNING as "constituting, summarizing, memorializing, referring and/or
25    relating to."
[5]  The Requests define "ALARMS" as "alarms generated by the VR ISD when used with the HEALY
26    SYSTEM, including but not limited to the alarms referenced by Jack Bergman in his February 13, 2009 e-mail
attached as Exhibit 3 to the initial complaint in this action.
27    [6]  The Requests define "VR ISD" as "the Veeder Root In-Station Diagnostics System certified for use with
the VST System in ARB Executive Order VR-204-F and for use with the HEALY SYSTEM in ARB Executive
28    Order VR-202-J."

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT STATEMENT RE DISCOVERY
DISAGREEMENT                                    -4-                          2:09-CV-00580-FCD-JFM

SanFran-234699.1 0039731-00003

2.  <u>Response to RFP No. 1</u>

In response to RFP No. 1, Veeder Root stated, "Veeder Root objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the foregoing objection and subject to entry of a mutually agreeable protective order, Veeder Root will produce documents sent to or received from CARB from August 1, 2008 to February 13, 2009 regarding the V/L shift associated with Healy nozzles that Veeder Root's ISD has identified.

3.  <u>Meet and Confer Regarding RFP No. 1</u>

During the meet and confer process, after exchanging various iterations of proposed modifications, Franklin proposed the following modification to RFP No. 1: "Documents sent to or received from ARB regarding investigations of (1) the V/L shift exhibited by systems employing Healy nozzles in conjunction with Veeder Root ISDs; (2) ALARMS generated by systems employing Healy nozzles in conjunction with Veeder Root's ISDs; (3) compatibility problems between Veeder Root's ISD and the Healy System and (4) the Healy System. *See* Declaration of Brian J. Nese ("Nese Decl.") at ¶ 3 and Ex. B.

Franklin and Veeder Root disagree about the definition of the term "ALARMS". After exchanging various iterations of proposed definitions, Franklin proposed the following definition: "warning and failure alerts associated with the following alarms generated by systems implementing Healy nozzles in conjunction with the Veeder Root's ISD: (1) ISD Degradation Vapor Collection Alarms; (2) ISD Gross Vapor Collection Alarms; (3) BLKD Alarms; (4) ISD Degradation Pressure Alarms; (5) ISD Gross Pressure Alarms; (6) ISD Vapor Leakage Alarms; and (7) Hardware Alarms CONCERNING the vapor flow meter, the vapor pressure sensor, or

---

(. . . continued)

[7] The Requests define "HEALY SYSTEM" as "the Healy Phase II Enhanced Vapor Recovery System, certified by ARB in Executive Orders VR-201-J and VR-202-J."

[8] The Requests define "INCON ISD" as "the INCON in-station diagnostics system certified for use with the HEALY SYSTEM in ARB Executive Order VR-202-J.

[9] The Requests define "CARBON CANISTER" as "the Veeder Root Carbon Canister Vapor Polisher, certified by ARB in Executive Orders VR-203-F and VR-204-F.

[10] The Requests define "VST SYSTEM" as "the Vapor Systems Technologies, Inc.'s Phase II Enhanced Vapor Recovery System, certified by ARB in Executive Orders VR-203-F and VR-204-F.

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT STATEMENT RE DISCOVERY
DISAGREEMENT                          -5-                    2:09-CV-00580-FCD-JFM

SanFran-234699.1 0039731-00003

1    any interconnected component." The parties agree on this definition, except with respect to items

2    (6) and (7). *See* Nese Decl. at ¶ 4 and Ex. C.

3        Franklin and Veeder Root also disagree about the relevant time period for discovery.

4    Franklin contends that Veeder Root should produce documents created, sent and/or received after

5    June 1, 2008 through the present. Veeder Root contends that it should produce documents

6    created, sent and/or received after July 1, 2008 to March 3, 2009 (which is the date Franklin filed

7    its original complaint). *See* Nese Decl. at ¶¶ 2-3 and Exs. A and B.

8                4. <u>Franklin's Position</u>

9                    i. Definition of "Alarms"

10        Franklin contends that items (6) and (7) in the proposed definition of "ALARMS"—ISD

11    Vapor Leakage Alarms and Hardware Alarms CONCERNING the vapor flow meter, the vapor

12    pressure sensor, or any interconnected component—are relevant to the its claims. Federal Rule of

13    Civil Procedure 26 authorizes discovery of information "relevant to any party's claim or

14    defense." In order to prove its claim for violation of Lanham Act, Franklin must prove, amongst

15    other things, that "in its advertisements, the defendant made false statements of fact about its

16    products or the product of another…." August 11, 2009 Order at 8:9-12, *quoting Cook, Perkiss &*

17    *Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F. 2d 242, 244 (9th Cir. 1990). Similarly, in order

18    to prove its claim for trade libel, Franklin must prove, amongst other things, that Veeder Root

19    made false and disparaging statements about Franklin's products. *Id.* at 12:10-15, *quoting*

20    *New.Net, Inc. v. Lavasoft*, 356 F. Supp. 2d 1090, 1113 (C.D. Cal. 2004). Franklin has alleged that

21    Veeder Root made false statements in advertisements about Franklin's products, including

22    statements regarding the cause of alarms experienced by customers who used the Healy System in

23    conjunction with the Veeder Root ISD. Am. Compl. at ¶¶ 28, 37, 44. The rash of alarms that gas

24    station owners experience in 2008 included a variety of types of alarms, including ISD Vapor

25    Leakage Alarms and various Hardware Alarms. *See* Declaration of Don Kenney ("Kenney

26    Decl.") at ¶ 3. Gas station owners reported these alarms to Franklin, and both Franklin and ARB

27    investigated these alarms. Documents relating to these alarms will prove the causes of the alarms

28    and, accordingly, the falsity of Veeder Root's statements in its advertising materials.

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT STATEMENT RE DISCOVERY
DISAGREEMENT       -6-       2:09-CV-00580-FCD-JFM

SanFran-234699.1 0039731-00003

ii.   Relevant Time Frame for Discovery

Franklin contends that Veeder Root should produce documents created, sent and/or received after June 1, 2008 through the present. While the Amended Complaint alleges that gas station owners began to report problems with alarms in "late 2008," since filing the Amended Complaint, it has subsequently come to Franklin's attention that gas station owners began lodging complaints as far back as July 2008. *See* Kenney Decl. at ¶ 2. Additionally, Franklin has learned that on June 19, 2008 Veeder Root sent a request for public records to ARB requesting documents submitted by Franklin relating to certification of the Healy System, including:

> specifications and descriptions of how the ISD monitoring test algorithms work, including vapor collection, ullage pressure vapor containment monitoring for pressure integrity (a.k.a. weekly pressure integrity or weekly ullage pressure leak test), and ullage pressure vapor containment monitoring for overpressure." *See* Kenney Decl. at ¶ 4 and Ex. A.

Veeder Root's request for public records, coupled with the customer complaints that started a few weeks later, indicates that Veeder Root was experiencing problems with alarms relating to its products at least as far back as June 2008. Franklin has brought this fact to Veeder Root's attention. Veeder Root responded by agreeing to produce documents created, sent or received after July 2008. Veeder Root draws an arbitrary deadline by refusing to produce documents created, sent, or received in June 2008. The subject matter of the documents, rather than the date they created, sent or received determines whether the documents are relevant. If Veeder Root possess relevant responsive documents that were created sent or received during June 2008, they are required to produce them under Federal Rule of Civil Procedure 26. If, however, Veeder Root is correct and relevant documents were not created, sent or received during June 2008, then it will not have to produce anything since no documents exist. In either case, Veeder Root should provided an amended response and agree to produce all responsive documents that exist, including those that were created, sent or received in June 2008. Compelling Veeder Root to search for and produce documents created, sent or received in June 2008—one additional month—does not create an undue burden on Veeder Root that would justify the arbitrary time restriction Veeder Root proposes.

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT STATEMENT RE DISCOVERY
DISAGREEMENT                    -7-                    2:09-CV-00580-FCD-JFM

SanFran-234699.1 0039731-00003

1    Further, non-privileged documents[11] created, sent or received after March 3, 2009 remain

2    relevant regardless of the fact that they were created after the date Franklin filed the original

3    complaint.  Veeder Root provides no logical or legal justification for its refusal to produce

4    relevant documents that are created, sent or received after March 3, 2009.  It is highly probable

5    that relevant documents were created, sent or received after March 3, 2009.  For example, RFP

6    No. 1 requests production of all documents concerning, amongst other things, communications

7    with ARB regarding the alarms.  It is highly plausible that, after March 3, 2009, Veeder Root had

8    communications with ARB regarding its continuing investigation of the alarms and their causes.

9    These communications will tend to prove the falsity of the statements in Veeder Root's

10   advertising, regardless of the fact that the documents were created, sent or received after the date

11   Franklin filed its original complaint.  Accordingly, documents created, sent or received after

12   March 3, 2009 are relevant to Franklin's claims and should be produced.

13       In fact, Veeder Root implicitly concedes this point in its Second Requests for Production

14   to Franklin when it states in Instruction No. 1, "Unless otherwise specified, these requests are

15   limited to the time period beginning April 1, 2006 to the present."  (emphasis added).  It is

16   completely disingenuous for Veeder Root to object to Franklin's Requests and limit its responses

17   to March 3, 2009, and then turn around and request that Franklin produce documents up to and

18   including the present.

19           5.   Veeder Root's Position

20   Definition of "ALARMS."  From the day it served responses to Franklin's requests,

21   Veeder-Root offered to provide responsive documents based on a reasonable, limited construction

22   of Franklin's many overbroad requests.  Veeder-Root did so despite the fact that, to date, Franklin

23   has not pointed to a single customer that it has lost because of the single, one-page marketing

24   document Veeder-Root allegedly published along with a lengthy presentation by the regulator,

25   ARB.  With respect to the definition of "ALARMS," Veeder-Root offered to produce the first

---

[11] Franklin does not request production of materials protected by the attorney-client privilege, attorney work product doctrine or any other applicable privilege.  Further, Franklin will not request that documents created after the filing of the original complaint and for the purpose of litigation will not have to be entered on a privilege log.

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT STATEMENT RE DISCOVERY
DISAGREEMENT                    -8-                    2:09-CV-00580-FCD-JFM

SanFran-234699.1 0039731-00003

1   five categories of "ALARMS" listed above *without prejudice to Franklin's right to move to*

2   *compel production of the remaining two categories.*  Given that this litigation is in its earliest

3   stages (discovery is scheduled to close on June 1, 2010), this good faith offer would have

4   permitted Franklin to assess the documents, seek discovery in the form of deposition testimony,

5   and in short ascertain if there is any good faith reason to see documents related to the final two,

6   broad categories of "ALARMS" as defined by Franklin.  By refusing this offer, Franklin chose to

7   prematurely burden the Court with this discovery dispute.

8         In assessing the requests for documents pertaining to "ALARMS," the Court should bear

9   in mind that an in-station diagnostics system has one overriding purpose:  to monitor the EVR

10   system and, in the event of non-compliance, to issue a warning or alarm.  Therefore, to attempt to

11   collect and produce all documents in any way referencing "ALARMS" would require collection,

12   review, and production of nearly every document associated with the Veeder-Root ISD System,

13   regardless of whether that document had any connection to the problems with the Healy EVR

14   System identified by the Veeder-Root ISD System which form the basis of Franklin's claims.

15   Franklin's requests for documents covering "ALARMS" as drafted include no subcategories at

16   all—and therefore all of Franklin's requests may be legitimately challenged as overbroad and

17   unduly burdensome.  Rather than refusing to provide any documents at all, however, Veeder-Root

18   agreed to produce a wide subset of documents that might in any way be relevant to the V/L shift

19   problem exhibited by the Healy EVR System that Veeder-Root's ISD recognizes.

20         "The party seeking to compel discovery has the burden of establishing that its request

21   satisfies the relevancy requirements of Rule 26(b)(1)."  *Bryant v. Ochoa*, No. 07cv200, 2009 WL

22   1390794, at *1 (S.D. Cal. May 14, 2009); *see also Glass v. Beer*, No. 1:04-cv-05466, 2007 WL

23   913876, at *1 (E.D. Cal. 2007) (noting that the party making a discovery request has the burden

24   of showing "why the information sought is relevant and why defendants' objections are not

25   justified").  Veeder-Root has already agreed to provide documents covering a wide number of

26   warnings and alarms:

27        •   ISD Degradation Vapor Collection Alarms;

28        •   ISD Gross Vapor Collection Alarms;

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT STATEMENT RE DISCOVERY
DISAGREEMENT       -9-       2:09-CV-00580-FCD-JFM

SanFran-234699.1 0039731-00003

1          • BLKD Alarms;

2          • ISD Degradation Pressure Alarms; and

3          • ISD Gross Pressure Alarms.

4          Franklin has provided no explanation as to why the two additional categories of alarms

5   subject to Franklin's motion to compel—ISD Vapor Leakage Alarms and Hardware Alarms—

6   have any relevance to the issues raised by Franklin's Complaint or are reasonably calculated to

7   lead to the discovery of admissible evidence.  Instead, Franklin simply says—without citation to

8   any evidence or even the pleadings—that "[t]he rash of alarms that gas station owners experience

9   [sic] in 2008 included a variety of types of alarms, including ISD Vapor Leakage Alarms and

10  various Hardware Alarms."  (Joint Statement at 6.)

11         The centerpiece of Franklin's lawsuit shows otherwise.  The ARB study attached to the

12  Amended Complaint as Exhibit A references the following types of alarms:

13         • "degradation collection alarms"  (Am. Compl., Ex. A, at 7 of the filing; *see also id.*

14            at 9 (same); *id.* at 13 (same));

15         • "statistical blockage alarm[s]"  (*Id.* at 13.)

16         • "over pressurization alarms."  (*Id.* at 15.)

17         As shown above, Veeder-Root has agreed to produce documents concerning *all* of these

18  alarms.  Vapor Leakage Alarms, vapor pressure sensor alarms, and vapor flow meter hardware

19  alarms however, are *not* mentioned in the ARB study and, so far as Veeder-Root can tell, are not

20  related to the V/L shift problem in Franklin's nozzles.  The Court should deny Franklin's motion

21  on these categories.

22         <u>Relevant Time Period.</u>  Franklin's Amended Complaint alleges that the alarms at issue

23  took place in "late 2008."  (Am. Compl. [Docket Entry No. 20] ¶ 25.)  Franklin further alleges

24  that, in transmitting a single email on February 12, 2009, Veeder-Root made false statements

25  about Franklin.  (*Id.* ¶ 27.)  Franklin filed this lawsuit on March 2, 2009.  (*See generally* Compl.

26  [Docket Entry No. 1].)  Franklin's discovery requests include *no* temporal limitation of any kind.

27  Despite repeated formal and informal requests from Veeder-Root to identify (1) any other

28  allegedly false statements that Franklin believes Veeder-Root has made about Franklin, or (2) any

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT STATEMENT RE DISCOVERY
DISAGREEMENT                    -10-                    2:09-CV-00580-FCD-JFM

SanFran-234699.1 0039731-00003

1 specific damage Franklin has suffered by way of lost customers, sales leads that went cold, and

2 the like by reason of Veeder-Root's allegedly false statements, Franklin has steadfastly declined.

3        Without conceding that yet another month's worth of documents will yield anything

4 relevant, Veeder-Root agrees to commence its review efforts from June 1, 2008.  Veeder-Root

5 will not consent to search for documents beyond the date Franklin filed this lawsuit.  Franklin's

6 Amended Complaint focuses, thus far, only on a one-page marketing document sent one time on

7 or about February 12, 2009.  Veeder-Root's communications with ARB about this issue, to the

8 extent relevant at all, are relevant only *before* Veeder-Root transmitted that document.  March 2,

9 2009—the date Franklin commenced litigation—is a reasonable and slightly overly broad cut-off

10 date to halt discovery.  Facts concerning whether Veeder-Root's one-page marketing document

11 was false and whether Veeder-Root believed it to be true before publishing it—the two scenarios

12 Franklin describes above in its argument—are relevant only insofar as they go to Veeder-Root's

13 mindset *before* Veeder-Root published the document, which allegedly took place February 12,

14 2009.  Franklin's efforts to expand discovery into events that occurred after Veeder-Root had

15 committed the alleged torts and statutory violations Franklin asserts should be denied.

16        **B.  Disagreement Regarding RFP No. 2**

17            1.  RFP No. 2

18        RFP No. 2 requests all documents concerning "any investigation of the ALARMS,

19 including but not limited to any investigation by ARB, YOU, or any third party at YOUR

20 request."

21            2.  Response to RFP No. 2

22        In response to RFP No. 2, Veeder Root stated, "Veeder Root objects to this Request to the

23 extent that it calls for production of information protected by the attorney-client privilege and/or

24 attorney work product doctrine.  Veeder Root further objects to this Request to the extent that it

25 calls for production of highly sensitive proprietary information, including information regarding

26 the design of Veeder Root's product.  Without waiving the foregoing objections and subject to

27 entry of a mutually agreeable protective order, Veeder Root will produce all non-privileged

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT STATEMENT RE DISCOVERY
DISAGREEMENT                    -11-                    2:09-CV-00580-FCD-JFM

SanFran-234699.1 0039731-00003

1   documents created from August 1, 2008 to February 13, 2009 regarding investigations of the V/L

2   shift associated with Healy nozzles that Veeder Root's ISD has identified.

3            3.   Meet and Confer Regarding RFP No. 2

4        During the meet and confer process, after exchanging various iterations of proposed

5   modifications, Franklin proposed the following modification to RFP No. 2: "documents

6   concerning any investigation of (1) the V/L shift exhibited by systems employing Healy nozzles

7   in conjunction with  Veeder Root ISDs; (2) ALARMS generated by systems employing Healy

8   nozzles in conjunction with Veeder Root ISDs; and (3) compatibility problems between Veeder

9   Root's ISD and the Healy System. *See* Nese Decl. at ¶ 3 and Ex. B.

10       Franklin and Veeder Root agree on this modification except with respect to, as previously

11  discussed above in connection with RFP No. 1, the definition of "ALARMS" and the relevant

12  time frame for discovery.

13           4.   Franklin's Position

14       Franklin's position regarding the definition of "ALARMS" and the relevant time frame

15  for discovery is discussed above in Section IV.A.4.

16           5.   Veeder Root's Position

17       Veeder-Root's position regarding the definition of "ALARMS" is set forth above.  "The

18  party seeking to compel discovery has the burden of establishing that its request satisfies the

19  relevancy requirements of Rule 26(b)(1)."  *Bryant v. Ochoa*, 2009 WL 1390794, at *1 (S.D. Cal.

20  May 14, 2009); *Glass v. Beer*, 2007 WL 913876, at *1 (E.D. Cal. 2007) (same).  Notwithstanding

21  Franklin's reference above, Franklin has put forward no argument at all in support of its temporal

22  limitations regarding this Request.  The only argument Franklin makes relates to Request No. 1—

23  "It is highly plausible that, after March 3, 2009, Veeder Root had communications with ARB

24  regarding its continuing investigation of alarms and their causes."  (Joint Statement at 8.)[12]  This

25  Request involves investigations conducted by Veeder-Root, not communications with ARB.

26

27  ---
    [12] Veeder-Root's own discovery requests are irrelevant in this respect.  Moreover, Veeder-Root has not
    moved to compel based on any time limitations Franklin has suggested and Franklin has not objected to Veeder-
    Root's proposed timelines.

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT STATEMENT RE DISCOVERY
DISAGREEMENT                              -12-                        2:09-CV-00580-FCD-JFM

1  Additionally, Franklin has provided no valid reason to broaden this Request further to cover even

2  more irrelevant months of documents.  Veeder-Root will search for documents sent, received, or

3  created as far back as June 1, 2008.  Documents created sent, or received up until March 2, 2009,

4  when Franklin commenced litigation, will cover the time period during which Veeder-Root

5  prepared and transmitted the single one-page marketing document that Franklin alleges caused it

6  great damage.  Indeed, one would expect Franklin to argue that Veeder-Root's knowledge and

7  investigation should only be relevant insofar as it conducted investigations into this problem

8  *before* opining on it through the one-page marketing document.  After-the-fact investigations

9  would be of dubious, if any, relevance and the Request is not reasonably calculated to lead to the

10  discovery of admissible evidence.

11  **C.  Disagreement Regarding RFP No. 3**

12            1.  RFP No. 3

13  RFP No. 3 requests production of all documents concerning "COMMUNICATIONS with

14  distributors, customers or other potential purchasers of the CARBON CANISTER, VR ISD or

15  any other products manufactured or distributed by YOU, Danaher Corporation, Gilbarco or

16  Gasboy, CONCERNING any of the following:  (1) ALARMS, (2) VR ISD, (3) the HEALY

17  SYSTEM, (4) the INCON ISD, (5) CARBON CANISTER, or (6) the VST SYSTEM."

18            2.  Response to RFP No. 3

19  In response to RFP No. 3, Veeder Root stated, "Veeder Root objects to this Request as

20  overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of

21  admissible evidence.  Veeder Root further objects to this Request as calling for the production of

22  documents in the possession of third parties to which discovery requests may be propounded.

23  Veeder Root further objects to this Request as calling for the production of highly sensitive

24  proprietary information, including information regarding Veeder Root's customers and marketing

25  strategy.  Without waiving the foregoing objections and subject to entry of a mutually agreeable

26  protective order, Veeder Root will produce all non-privilege copies of the document attached as

27  Exhibit A to the Amended Complaint in Veeder-Root's possession, including all non-privileged

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT STATEMENT RE DISCOVERY
DISAGREEMENT                                   -13-                        2:09-CV-00580-FCD-JFM

SanFran-234699.1 0039731-00003

1   documents that reflect transmission of that document to distributors, customers, and other

2   potential purchasers of the Carbon Canister."

3                  3.   <u>Meet and Confer Regarding RFP No. 3</u>

4         During the meet and confer process, after exchanging various iterations of proposed

5   modifications, Franklin proposed the following modification to RFP No. 3: Documents Veeder

6   Root transmitted to distributors, customers, and other potential purchasers of the Carbon Canister

7   reflecting the following categories: (1) copies of the document attached as Exhibit A to the

8   Amended Complaint, (2) documents comparing the Veeder Root ISD to the Healy System

9   (including documents comparing assist and balance systems), (3) documents that incorporate the

10  Capcoa Presentation attached as Exhibit A to the Amended Complaint for Injunctive Relief and

11  Damages, (4) documents that reference the V/L shift exhibited by systems employing Healy

12  nozzles in conjunction with Veeder Root ISDs; (5) ALARMS generated by systems employing

13  Healy nozzles in conjunction with Veeder Root ISDs; (6) documents that reference compatibility

14  problems between Veeder Root's ISD and the Healy System and (7) documents that reference the

15  Healy System.  *See* Nese Decl. at ¶ 3 and Ex. B.

16        Franklin and Veeder Root agree on this modification except with respect to, as previously

17  discussed above in connection with RFP No. 1, the definition of "ALARMS" and the relevant

18  time frame for discovery.  Additionally, Veeder Root does not agree on category (7) "documents

19  that reference the Healy System."

20                 4.   <u>Franklin's Position</u>

21        Franklin's position regarding the definition of "ALARMS" and the relevant time frame

22  for discovery is discussed above in Section IV.A.4.

23        Franklin contends that documents referencing the Healy System that Veeder Root sent to

24  its distributors and customers are relevant to Franklin's false advertising claims.  As alleged in the

25  Amended Complaint (¶ 26), discovery and Franklin's Rule 26 disclosures, Veeder Root has made

26  multiple false and misleading statements about Franklin's products.  These statements comprise

27  the basis of Franklin's Amended Complaint and are part of all five of Franklin's claims for relief.

28  *See* Am. Compl. at ¶¶ 28, 37, 44, 53, 59, 69.  Franklin has already come into possession of one

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT STATEMENT RE DISCOVERY
DISAGREEMENT                    -14-                    2:09-CV-00580-FCD-JFM

SanFran-234699.1 0039731-00003

1    such document, which Franklin attached to the Amended Complaint as Exhibit A. RFP No. 3

2    seeks production of other similar documents. Franklin is entitled to discovery of Veeder Root's

3    communications with customers regarding the Healy system in order to determine the extent of

4    Veeder Root's campaign of false advertising and determine Franklin's damages with certainty.

5    Accordingly, the Court should order Veeder Root to produce the documents requested by RFP

6    No. 3.

7                    5.  Veeder Root's Position

8           This is another example of Veeder-Root's good faith response to Franklin's overly broad

9    and unduly burdensome request being met with Franklin's refusal to cooperate in discovery. As

10   drafted, Franklin's Request demands production of every single communication Veeder-Root has

11   ever had with any distributor, customer, or potential purchaser of two widely sold Veeder-Root

12   products—the Carbon Canister and the Veeder-Root ISD System—that mentions any of the

13   alarms generated by the Veeder-Root ISD System, the Veeder-Root ISD System itself, the Healy

14   System, the Incon ISD, or the VST System (which is manufactured and sold by a non-party to this

15   litigation), without any temporal, geographic, or subject-matter limitation. Thus, as drafted, this

16   Request would cover every invoice, receipt, shipping label, user manual, packing slip, and likely

17   every single marketing document Veeder-Root has ever produced for distribution in California

18   since the inception of the Veeder-Root ISD System. The Request is overbroad, unduly

19   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

20          Veeder-Root again, however, offered to provide a wide range of documents in response to

21   this Request. Specifically, Veeder-Root agreed to produce:

- copies of the document attached as Exhibit A to the Amended Complaint;

- documents comparing the Veeder Root ISD to the Healy System (including documents comparing assist and balance systems);

- documents that incorporate the Capcoa Presentation attached as Exhibit A to the Amended Complaint for Injunctive Relief and Damages;

- documents that reference the V/L shift exhibited by systems employing Healy nozzles in conjunction with Veeder Root ISDs;

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT STATEMENT RE DISCOVERY
DISAGREEMENT                    -15-                    2:09-CV-00580-FCD-JFM

SanFran-234699.1 0039731-00003

1        • ALARMS generated by systems employing Healy nozzles in conjunction with

2            Veeder Root ISDs; and

3        • documents that reference compatibility problems between Veeder Root's ISD and

4            the Healy System

5    to the extent that such documents were created, sent, or received between June 1, 2008 (expanded

6    from Veeder-Root's previous agreement to July 1, 2008) and March 3, 2009.  These six wide-

7    reaching categories cover every conceivable document with a legitimate connection to Franklin's

8    claims, which, to date, focus on a single email sent on or about February 12, 2009 that transmitted

9    the Capcoa Presentation and a one-page marketing document.

10        Veeder-Root's position on the definition of "ALARMS" is set forth above.  As with the

11    previous request, Franklin has put forward no argument in favor of its desire to expand the time

12    period.  And Veeder-Root is unaware of any—all of the relevant conduct identified to date by

13    Franklin took place in "late 2008" (Am. Compl. ¶ 25) or February 12, 2009 (*id.* ¶ 27).  Franklin

14    has put forward no good faith rationale to extend the relevant time period beyond these dates,

15    which already allow Franklin to review a significant number of irrelevant documents.

16        Franklin's demand for all documents that in any way reference the Healy System is also

17    overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of

18    admissible evidence.  As Franklin points out in its Complaint, the Veeder-Root ISD System is

19    designed and certified to work with the Healy EVR System.  (*See* Am. Compl. ¶¶ 18, 25.)

20    Therefore, if this Request is broadened to include every reference or mention of the Healy

21    System, Veeder-Root will be obliged to collect, review, and produce every document that points

22    out or references this straightforward fact, which is not in dispute and sheds no light on Franklin's

23    claims or Veeder-Root's defenses.  An inquiry from a distributor or customer about whether the

24    Veeder-Root ISD System is certified to work with the Healy System, to take one example, would

25    become responsive.  Veeder-Root's narrower construction of this overbroad Request will require

26    collection, review, and production of a number of irrelevant documents, but those irrelevant

27    documents will at least have some connection to the dispute at hand:  the V/L shift problem, the

28    CAPCOA presentation, the one-page marketing document, and *compatibility problems* stemming

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT STATEMENT RE DISCOVERY
DISAGREEMENT                     -16-                    2:09-CV-00580-FCD-JFM

SanFran-234699.1 0039731-00003

1  from the combination of the Healy EVR System and the Veeder-Root ISD System.  Even

2  assuming that documents that mention the Healy System in some way could be relevant, "the

3  burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of

4  the case, the amount in controversy, the parties' resources, the importance of the issues at stake in

5  the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P.

6  26(b)(2)(C)(iii).  In considering this last point, Veeder-Root again suggests that the Court

7  consider that *seven months* after filing this lawsuit, Franklin has not (1) identified any allegedly

8  false statement beyond a single email or (2) identified any specific damage that it has suffered,

9  including the name of any customer it has lost or a sales lead that went cold.  Franklin is not

10  seeking legitimate discovery; it is using discovery to punish the first company to compete with

11  Franklin in the California Phase II EVR System market.

12      D. **Disagreement Regarding RFP No. 4**

13          1. RFP No. 4

14  RFP No. 4 requests all documents concerning, "Any marketing materials or other

15  DOCUMENTS intended to be distributed to distributors of Veeder Root products, customers, or

16  potential purchasers of Veeder Root products CONCERNING the following: (1) VR ISD, (2) the

17  VST SYSTEM, (3) the ALARMS, (4) the CARBON CANISTER, (5) the INCON ISD, or (6) the

18  HEALY SYSTEM.

19          2. Response to RFP No. 4

20  In response to RFP No. 4, Veeder Root stated, "Please see Veeder Root's objections and

21  response to Request No. 3, which are incorporated herein by reference.

22          3. Meet and Confer Regarding RFP No. 4

23  During the meet and confer process, after exchanging various iterations of proposed

24  modifications, Franklin proposed the following modification of RFP No. 4:  Internal drafts of

25  documents that Veeder Root created but may not have transmitted to distributors, customers, and

26  other potential purchasers of the Carbon Canister reflecting the following categories: (1) copies of

27  the document attached as Exhibit A to the Amended Complaint, (2) documents comparing the

28  Veeder Root ISD to the Healy System (including documents comparing assist and balance

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT STATEMENT RE DISCOVERY
DISAGREEMENT                    -17-                    2:09-CV-00580-FCD-JFM

SanFran-234699.1 0039731-00003

1   systems), (3) documents that incorporate the Capcoa Presentation attached as Exhibit A to the

2   Amended Complaint for Injunctive Relief and Damages, (4) documents that reference the V/L

3   shift exhibited by systems employing Healy nozzles in conjunction with Veeder Root ISDs; (5)

4   ALARMS generated by systems employing Healy nozzles in conjunction with Veeder Root ISDs;

5   (6) documents that reference compatibility problems between Veeder Root's ISD and the Healy

6   System and (7) documents that reference the Healy System.  *See* Nese Decl. at ¶ 3 and Ex. B.

7          Franklin and Veeder Root agree on this modification except with respect to, as previously

8   discussed above in connection with RFP No. 1, the definition of "ALARMS" and the relevant

9   time frame.  Additionally, Veeder Root does not agree on category (7) "documents that reference

10  the Healy System."

11                      4.   Franklin's Position

12         Franklin's position regarding the definition of "ALARMS" and the relevant time frame

13  for discovery is discussed above in Section IV.A.4.  Additionally, Franklin's position regarding

14  the relevance of "documents that reference the Healy System" is discussed above in Section

15  IV.C.4.

16                      5.   Veeder Root's Position

17         Veeder-Root's position on these issues is the same as discussed above in Sections IV.A.5

18  and IV.C.5.  Again, Franklin has put forward no argument as to why the broad time period

19  Veeder-Root has proposed should be further broadened for this Request.  Veeder-Root will use

20  June 1, 2008 as the start date; it will not consent to an end date past the date Franklin commenced

21  litigation.

22         **E.  Disagreement Regarding RFP No. 5**

23                      1.   RFP No. 5

24         RFP No. 5 requests production of all documents concerning "any plan or strategy for

25  marketing or increasing the market penetration of any of the following: (1) VR ISD, (2) the VST

26  SYSTEM, or (3) the CARBON CANISTER."

27  / / /

28  / / /

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT STATEMENT RE DISCOVERY
DISAGREEMENT                              -18-                    2:09-CV-00580-FCD-JFM

SanFran-234699.1 0039731-00003

2.  <u>Response to RFP No. 5</u>

In response to RFP No. 5, Veeder Root stated, "Please see Veeder Root's Objections and Response to Request No. 3, which are incorporated herein by reference."

3.  <u>Meet and Confer Regarding RFP No. 5</u>

Veeder Root stood on its objection.

4.  <u>Franklin's Position</u>

Franklin contends that documents relating to Veeder Root's marketing plans and strategies are relevant to Franklin's claims for false advertising and trade libel.  Franklin alleges that Veeder Root made false statements in advertisements about Franklin's products.  Accordingly, Veeder Root's plans and strategies for marketing their products are highly relevant.  For example, Veeder Root's marketing plan may explicitly contemplate making deliberate attempts to attack or disparage Franklin's products.  These documents will prove that when Veeder Root made the false statements alleged in the Amended Complaint, it made them "knowingly and with reckless disregard for their truth or falsity." *See* August 11, 2009 Order at 11:25-26 (listing elements of trade libel).

5.  <u>Veeder Root's Position</u>

This Request has no legitimate bearing on this lawsuit.  Veeder-Root has already agreed to provide a great deal of documents that touch on or come close to the issues raised in this lawsuit.  Specifically, Veeder-Root agreed to provide

- copies of the document attached as Exhibit A to the Amended Complaint;
- documents comparing the Veeder Root ISD to the Healy System (including documents comparing assist and balance systems);
- documents that incorporate the Capcoa Presentation attached as Exhibit A to the Amended Complaint for Injunctive Relief and Damages;
- documents that reference the V/L shift exhibited by systems employing Healy nozzles in conjunction with Veeder Root ISDs;
- ALARMS generated by systems employing Healy nozzles in conjunction with Veeder Root ISDs; and

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SanFran-234699.1 0039731-00003

1        •   documents that reference compatibility problems between Veeder Root's ISD and

2            the Healy System

3   to the extent that such documents were created, sent and/or received from June 1, 2008 to March

4   2, 2009 and can be obtained, reviewed, and produced without undue burden.

5       These broad categories will provide Franklin with substantial insight into the marketing

6   practices relevant to Franklin's claims. Assuming *arguendo* that Veeder-Root has strategic

7   documents that "explicitly contemplate making deliberate attempts to attack or disparage

8   Franklin's products," such documents—to the extent they had any connection to the claims

9   Franklin has raised—would fall within one of the six categories of documents Veeder-Root has

10   agreed to provide.

11       This Request is overbroad and unduly burdensome for several reasons. Although Veeder-

12   Root has only recently joined the California Phase II EVR System market, which Franklin alone

13   has dominated for some time, Veeder-Root sells various other products throughout the world.

14   Consequently, Veeder-Root has a number of marketing personnel and executives who create,

15   review, edit, and comment on strategic marketing documents and other documents discussing

16   sales strategies and the rational desire to increase market share. Many of these documents may

17   contain passing references to the California vapor system market, but do not contain any

18   significant detail and any information contained in these documents will be cumulative of what

19   Veeder-Root has agreed to produce. (And, as noted above, to the extent any of these documents

20   fall within one of the six categories of documents Veeder-Root has already agreed to produce,

21   Veeder-Root will produce those documents.) Additionally, Veeder-Root, like any company,

22   understandably has many documents that discuss or reference "increasing market penetration" of

23   Veeder-Root's products—but such documents do not in any way reference Franklin or any of

24   Franklin's products. Franklin's lawsuit focuses on alleged misconduct by Veeder-Root *against*

25   *Franklin* during a very short time period early this year. Requiring Veeder-Root to collect,

26   review, and produce every document that references Veeder-Root's marketing strategy or desire

27   to increase its profitability but contains no mention of Franklin or the matters at issue in this

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT STATEMENT RE DISCOVERY
DISAGREEMENT       -20-       2:09-CV-00580-FCD-JFM

SanFran-234699.1 0039731-00003

1  litigation will yield no non-cumulative, relevant evidence, but impose a significant, onerous

2  burden on Veeder-Root.

3        As Veeder-Root noted above with respect to several other Requests, even assuming that

4  these wide-ranging categories of documents could in some way be relevant, "the burden or

5  expense of the proposed discovery outweighs its likely benefit, considering the needs of the case,

6  the amount in controversy, the parties' resources, the importance of the issues at stake in the

7  action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P.

8  26(b)(2)(C)(iii). In considering this last point, Veeder-Root again suggests that the Court

9  consider that *seven months* after filing this lawsuit, Franklin has not identified (1) any allegedly

10  false statement beyond a single email with an attached one-page marketing document or (2) any

11  specific damage that it has suffered, including the name of any customer it has lost or a sales lead

12  that went cold. Given the foregoing and Veeder-Root's good faith approach to Franklin's

13  discovery requests, the Court should not order Veeder-Root to collect every document mentioning

14  its vapor marketing strategy or desire to increase its market penetration.

15      **F. Disagreement Regarding RFP No. 6**

16          1. <u>RFP No. 6</u>

17      RFP No. 6 requests production of documents reflecting, "Sales of the CARBON

18  CANISTER, including but not limited to the number of CARBON CANISTERs sold from the

19  date of certification to present, to whom the CARBON CANISTERS were sold, and when they

20  were sold."

21          2. <u>Response to RFP No. 6</u>

22      Veeder Root objects to this Request on the grounds that it is overly broad, unduly

23  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

24  Veeder Root further objects to this Request on the grounds that it calls for the production of

25  highly sensitive proprietary information, including information regarding Veeder Root's customer

26  lists, financial performance, and pricing strategy.

27  /// 

28  /// 

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT STATEMENT RE DISCOVERY
DISAGREEMENT                    -21-                    2:09-CV-00580-FCD-JFM

SanFran-234699.1 0039731-00003

3.  Meet and Confer Regarding RFP No. 6

Veeder Root stood on its objections, but noted that "it is open to revisiting these requests upon, for example, receipt of Franklin's responses to Veeder Root's discovery requests if those responses provide specific customers or accounts that Franklin claims it has lost based on the conduct at issue in this litigation." *See* Nese Decl. at ¶ 2 and Ex. A.

4.  Franklin's Position

Franklin contends that Veeder Root's objections are baseless, and the documents requested by RFP No. 6 reflecting Veeder Root's sales are relevant to Franklin's claims.  In rejecting Veeder Root's Motion to Dismiss, the Court determined that Franklin has stated a claim for violation of the Lanham Act.  To prove this claim, Franklin must prove that it "has been or is likely to be injured as the result of the [false advertising] either by direct diversion of sales from itself to defendant, or by lessening of the good will which its products enjoy with the buying public." August 11, 2009 Order at 8:17-20, *citing Cook,* 911 F.2d at 245.

Franklin has also stated a claim for trade libel.  To prove this claim, Franklin must prove "special damages." August 11, 2009 Order at 12:14, *citing New.Net, Inc. v. Lavasoft*, 356 F. Supp. 2d 1090, 1113 (C.D. Cal. 2004).  California case law discussing "special damages" indicates that "although the plaintiff may allege loss of business in general terms, it nevertheless appear that the plaintiff must prove loss by showing the effect of the disparaging statements on the conduct of specific persons." *Erlich v. Etner*, 224 Cal. App. 2d 69, 73-74 (1964).  One way Franklin can meet this burden is by showing a direct diversion of sales from Franklin to Veeder Root.

The sales data requested by RFP No. 6 is directly relevant to Franklin's claim damages for violation of the Lanham Act and trade libel.  Franklin seeks to discover information relating to Veeder Root's sales, including to whom Veeder Root sold products and when.  This information, when cross-referenced with the companies that received Veeder Root's advertising materials containing false statements, will prove that Franklin was damaged in the form of the direct diversion of sales to Veeder Root.

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT STATEMENT RE DISCOVERY
DISAGREEMENT                              -22-                    2:09-CV-00580-FCD-JFM

SanFran-234699.1 0039731-00003

1    In its Motion to Dismiss the Amended Complaint, Veeder Root argued, amongst other

2    things, that the Court should dismiss Franklin's Amended Complaint because Franklin failed to

3    "identify particular transactions of which it was deprived as a result" of Veeder Root's false

4    advertising.  Memo in Support of Veeder Root Company's Motion to Dismiss at 15-16.  The

5    Court explicitly rejected this argument holding that Franklin adequately pled damaged.  *See*

6    August 11, 2009 Order at 12:8-13:13.  Nonetheless, Veeder Root continues to stand on its

7    baseless objection that the Court has already rejected, and continues to insist that Franklin must

8    identify specific customers before Veeder Root will produce its sales data.  The Court should

9    compel discovery of Veeder Root's sales data because it is relevant to Franklin's damages, and

10   Franklin is under no obligation to identify specific customers before it can obtain discovery of

11   relevant information.  Production of the sales data will reveal the true extent of Veeder Root's

12   campaign of false advertising and the details of the transactions Franklin was deprived of as a

13   result.

14   Further, Veeder Root's objection on confidentiality grounds is equally baseless.  The

15   parties have negotiated and the Court has entered a Stipulated Confidentiality and Protective

16   Order ("Protective Order") [Docket No. 37] designed to protect confidential information such as

17   the requested sales information.  The parties spent an extensive amount of time negotiating and

18   drafting the Protective Order.  The Protective Order entered by the Court was specifically agreed

19   to by Veeder Root, and Veeder Root should not be allowed to object to discovery based on

20   confidentiality grounds.  The Court should order Veeder Root to comply with its discovery

21   obligations and produce the requested sales information, which Veeder Root can designate as

22   "Confidential" or "Attorneys' Eyes Only Confidential Material" pursuant to the Protective Order.

23   5.   Veeder Root's Position

24   This Request asks for every single piece of sales information about the Veeder-Root

25   Carbon Canister from its inception to present.  This Request is woefully overbroad in a lawsuit in

26   which *Franklin's* sales figures, not Veeder-Root's, are at issue.  (*See, e.g.*, Am. Compl. ¶ 33

27   (alleging lost market share, lost sales, and "loss of future revenue" to Franklin).)  Franklin—

28   which maintained a monopoly on this market until very recently—is asking for a roadmap of

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT STATEMENT RE DISCOVERY
DISAGREEMENT                    -23-                    2:09-CV-00580-FCD-JFM

SanFran-234699.1 0039731-00003

1   Veeder-Root's most sensitive financial data without any limitation beyond a protective order.

2   Franklin has not made the basic showing necessary that this Request will result in production of

3   relevant information or information reasonably calculated to lead to the discovery of admissible

4   evidence.

5          Franklin's own argument above concedes that it is seeking far more information than

6   could be relevant: "This information, when cross-referenced with the companies that received

7   Veeder Root's advertising materials containing false statements, will prove that Franklin was

8   damaged in the form of the direct diversion of sales to Veeder Root." (Joint Statement at 24.)

9   But that is not what Franklin requested.  Instead, Franklin requested *every* document ever created,

10  sent, or received that in any way references sales of the Veeder-Root Carbon Canister.  Veeder-

11  Root's willingness to revisit this issue after Franklin provides the names of specific customers it

12  has lost is not, as Franklin suggests, an effort to put an unfair burden on Franklin.  Instead,

13  Veeder-Root suggested to Franklin—and now suggests to the Court—that one way to tailor this

14  Request in a reasonable way would be for Franklin to identify specific customers it has lost or has

15  a good faith basis to believe it has lost because those customers reviewed the one-page marketing

16  document at issue.  After all, Franklin must make this showing to prevail on any of its claims.

17  *See, e.g.,* Memo. and Order Denying Mot. to Dismiss [Docket Entry No. 31] at 8.  If Franklin

18  provides a list of customers or sales leads that it lost, for example, in the week following receipt

19  of the one-page marketing document, Veeder-Root likely could produce documents (under the

20  protective order) sufficient to show whether Veeder-Root sold the Carbon Canister to any of these

21  customers (if such documents exist) without undue burden. [13]   In any event, any documents that

22  Veeder-Root may legitimately be asked to produce should be limited to documents sufficient to

23  show "to whom and when" Veeder-Root made these sales, as Franklin suggests in its argument.

24  (*See* Joint Statement at 24.)  The Request, however, calls for far more information—including

25  information about sales *figures*.  This information would not be relevant to Franklin's alleged

26

27  [13] The Protective Order specifically provides that entry of the Order does not waive any party's objections
    to the production or disclosure of any material.  Protective Order [Docket Entry No. 37] ¶ 15.)  Franklin's argument
    to the contrary is inaccurate.

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT STATEMENT RE DISCOVERY
DISAGREEMENT                        -24-                    2:09-CV-00580-FCD-JFM

SanFran-234699.1 0039731-00003

1   damages no matter how limited.  If Franklin lost a particular sale, the relevant damage figure

2   might be the amount *Franklin* would have received from that customer; what the customer paid

3   Veeder-Root is irrelevant, as are any other documents "reflecting" such sales, which necessarily

4   would include Veeder-Root's profit information that has no bearing on what revenue *Franklin*

5   may have lost. [14]

6         In another case involving allegedly unfair trade practices, *Nalco Chemical Co. v. Hydro*

7   *Technologies, Inc.*, 149 F.R.D. 686 (E.D.Wis. 1993), the court adopted a similar approach to

8   narrow the scope of an overbroad discovery request.  The plaintiff in *Nalco* alleged that the

9   defendant had unfairly poached its customers by disseminating its trade secrets.  In an effort to

10  prove damages, the plaintiff served interrogatories asking for all manner of information about the

11  defendant's "Customers."  *Id.* at 696.  The defendant protested that these requests were

12  overbroad because they asked for information about "Hydro customers and prospects who may

13  not be former Nalco customers."  *Id.*  The court agreed, narrowing the definition of "'Customer'"

14  to mean "'all customers of the defendants in the Territory that were *formerly* Nalco customers.'"

15  *Id.*  Similarly, information about Veeder-Root's customers is relevant in this case only to the

16  extent Franklin has some valid claim to those customers—*i.e.*, to the extent those customers are

17  former Franklin customers.  Information regarding other customers is irrelevant, and Franklin

18  should be allowed to use the discovery process in order to gain access to it.

19         **G.  Disagreement Regarding RFP No. 7**

20               1.   RFP No. 7

21         RFP No. 7 requests production of all documents concerning, "Sales of the VR ISD,

22  including but not limited to the number of VR ISDs sold from July 1, 2008 to the present, to

23  whom the VR ISDs were sold, when they were sold, and the type of Phase II Enhanced Vapor

24  Recovery Systems with which the VR ISDs would be used."

25

26  [14] Not only is this Request irrelevant, facially overly broad and unduly burdensome, but Franklin does not
even limit the Request to a discrete set of sales figures.  Instead, it asks for "all documents" that in any way "reflect"
Veeder-Root's sales figures.  This Request thereby sweeps in every email, note, accounting entry, and every
27  conceivable report that might compile Carbon Canister sales data and sort or reconfigure it in any way.  In a case
that, to date, centers on one e-mail sent one time, this is grossly overbroad.
28

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT STATEMENT RE DISCOVERY
DISAGREEMENT                          -25-                    2:09-CV-00580-FCD-JFM

SanFran-234699.1 0039731-00003

1

2. <u>Response to RFP No. 7</u>

2       In response to RFP No. 7, Veeder Root stated, "Please see Veeder Root's objections and

3   response to Request No. 6, which are incorporated herein by reference.

4                    3. <u>Meet and Confer Regarding RFP No. 7</u>

5       Veeder Root stood on its objections, but noted that "it is open to revisiting these requests

6   upon, for example, receipt of Franklin's responses to Veeder Root's discovery requests if those

7   responses provide specific customers or accounts that Franklin claims it has lost based on the

8   conduct at issue in this litigation." *See* Nese Decl. at ¶ 2 and Ex. A.

9                    4. <u>Franklin's Position</u>

10      The documents requested by RFP No. 7 are relevant and should be produced for the same

11  reasons stated above in Section IV.F.4.

12                   5. <u>Veeder Root's Position</u>

13      Although Veeder-Root's arguments stated above in Section IV.F.5 apply with equal force

14  to this Request, this Request is irrelevant to the litigation for several additional reasons.  Franklin

15  contends that Veeder-Root engaged in misconduct to improve sales of its competing EVR

16  System, the Carbon Canister.  (*See, e.g.*, Am. Compl. ¶ 24.)  This Request calls for the same

17  overly broad swath of documents for a totally different product, the Veeder-Root ISD System.

18  Franklin has not explained in any way how documents reflecting sales figures for the Veeder-

19  Root ISD System have any relevance to Franklin's claims or Veeder-Root's defenses.  For that

20  additional reason, the Court should deny Franklin's motion on this Request.

21      **H. Disagreement Regarding RFP No. 8**

22                   1. <u>RFP No. 8</u>

23      RFP No. 8 requests production of all documents concerning, "Sales of the VST SYSTEM,

24  including but not limited to the number of VST SYSTEMs sold from January 1, 2008 to the

25  present, to whom the VST SYSTEMs were sold, and when they were sold."

26  / / /

27  / / /

28  / / /

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT STATEMENT RE DISCOVERY
DISAGREEMENT                          -26-                    2:09-CV-00580-FCD-JFM

SanFran-234699.1 0039731-00003

2.   Response to RFP No. 8

In response to RFP No. 8, Veeder Root stated, "Veeder Root objects to the extent that it suggests that Veeder Root sells the VST system.  Further, please see Veeder Root's objections and responses to Request No. 6, which are incorporated herein by reference.

3.   Meet and Confer Regarding RFP No. 8

Veeder Root stood on its objections, but noted that "it is open to revisiting these requests upon, for example, receipt of Franklin's responses to Veeder Root's discovery requests if those responses provide specific customers or accounts that Franklin claims it has lost based on the conduct at issue in this litigation." *See* Nese Decl. at ¶ 2 and Ex. A.

4.   Franklin's Position

The documents requested by RFP No. 8 are relevant and should be produced for the same reasons stated above in Section IV.F.4.

5.   Veeder Root's Position

Veeder-Root's arguments in Sections IV.F.5 and IV.G.5 apply with equal force to this Request, but still further reasons exist to sustain Veeder-Root's objections to this Request.  As Franklin knows, Veeder-Root *does not sell the VST System*.  Sales of the VST System have no relevance to Franklin's claims or Veeder-Root's defenses.  To the extent Veeder-Root has any "documents" that in any way relate to sales of the VST System, those documents would have nothing to do with Franklin, Veeder-Root's alleged marketing strategy vis-à-vis Franklin, or any malicious motive Veeder-Root might have towards Franklin.  Furthermore, to the extent Franklin wants admissible evidence about sales of the VST System—which Veeder-Root will not have—Franklin should seek that evidence from the company that sells the VST System and maintains records about VST System sales in the ordinary course of its business.  *See* Fed. R. Evid. 803(6) (record falls within the business records exception to the hearsay prohibition "if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make" the record).  Because Franklin has not even put forward an argument about the relevance of these documents, much less explained why Veeder-Root should be burdened with surveying every single document within its possession, custody or control that discusses sales by

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT STATEMENT RE DISCOVERY
DISAGREEMENT                          -27-                    2:09-CV-00580-FCD-JFM

SanFran-234699.1 0039731-00003

1   an entity that is not a party to this litigation, the Court should deny Franklin's motion on this

2   Request.

3   **I.   Disagreement Regarding RFP No. 9**

4         1.   RFP No. 9

5       RFP No 9 requested production of all documents concerning "projected or future sales of

6   the CARBON CANISTER, the VR ISD, or the VST SYSTEM."

7         2.   Response to RFP No. 9

8       In response to RFP No. 9, Veeder Root stated, "Please see Veeder Root's objections and

9   response to Request No. 6, which are incorporated herein by reference."

10        3.   Meet and Confer Regarding RFP No. 9

11      Veeder Root stood on its objections, but noted that "it is open to revisiting these requests

12  upon, for example, receipt of Franklin's responses to Veeder Root's discovery requests if those

13  responses provide specific customers or accounts that Franklin claims it has lost based on the

14  conduct at issue in this litigation." *See* Nese Decl. at ¶ 2 and Ex. A.

15        4.   Franklin's Position

16      The documents requested by RFP No. 9 relating to Veeder Root's projected or future sales

17  are relevant to Franklin's claims for false advertising and trade libel and should be produced for

18  the same reasons stated above in Section IV.F.4.

19      Additionally, documents relating to Veeder Root's projected or future sales are will tend

20  to prove that Veeder Root intentionally made false statements.  For example, Veeder Root's sales

21  projections before and after its campaign of false advertising may have specifically contemplated

22  increased sales from the illegal marketing tactics.

23      Further, Veeder Root's sales projections will also tend to prove that Veeder Root's false

24  advertising caused Franklin to lose market share.  For example, before it circulated the false

25  advertising, Veeder Root may have projected certain sales that it greatly exceeded after it

26  circulated the false advertising.  Such evidence will tend to prove that Veeder Root's increased

27  sales and market share—and Franklin's resulting loss of sales and market share—resulted from

28  the false advertising.  Whatever the case may be, Franklin is entitled to discover documents

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT STATEMENT RE DISCOVERY
DISAGREEMENT        -28-        2:09-CV-00580-FCD-JFM

SanFran-234699.1 0039731-00003

1    concerning Veeder Root's projected or future sales because such information is relevant to

2    Franklin's claims for damages.

3                    5.   Veeder Root's Position

4         Much like Request Number 7, this Request calls for an astounding number of documents

5    that in any way contemplate future sales of three products, one of which Veeder-Root does not

6    sell (the VST System) and one of which is not the alleged, intended beneficiary of Veeder-Root's

7    one-page marketing document (the Veeder-Root ISD System).  Even if Franklin had limited this

8    Request to the possibly relevant product, the Carbon Canister, Franklin imposed no temporal or

9    subject-matter limitations whatsoever that would permit Veeder-Root to conduct a reasonable

10   search for responsive documents.  Instead, Franklin requested every single document that in any

11   way reference "future or potential sales" of the Carbon Canister.  This would require collection,

12   review, and production of every email, memo, handwritten note, sales report and projection—

13   regardless of time period, level of detail, or distribution—that in any way contemplates "future or

14   potential sales" of the Carbon Canister.  To ask a company of any size to produce this wide array

15   of documents would be oppressive and unduly burdensome.  To ask Veeder-Root to produce

16   these documents in the face of Franklin's allegations—circulation of a single e-mail and a one-

17   page marketing document on a single day in February 2009—would eliminate any reasonable

18   boundary on discovery.

19        Although Franklin suggested that an example of a responsive document would be a

20   document that "specifically contemplated increased sales from the illegal marketing tactics,"

21   (Joint Statement at 30), *Veeder-Root has already agreed to produce documents in response to this*

22   *Request* to the extent it asks for:

23        • copies of the document attached as Exhibit A to the Amended Complaint;

24        • documents comparing the Veeder Root ISD to the Healy System (including

25             documents comparing assist and balance systems);

26        • documents that incorporate the Capcoa Presentation attached as Exhibit A to the

27             Amended Complaint for Injunctive Relief and Damages;

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT STATEMENT RE DISCOVERY
DISAGREEMENT                                    -29-                        2:09-CV-00580-FCD-JFM

SanFran-234699.1 0039731-00003

1       •  documents that reference the V/L shift exhibited by systems employing Healy

2          nozzles in conjunction with Veeder Root ISDs;

3       •  ALARMS generated by systems employing Healy nozzles in conjunction with

4          Veeder Root ISDs; and

5       •  documents that reference compatibility problems between Veeder Root's ISD and

6          the Healy System

7   during the broad time period of June 1, 2008 to March 2, 2009 to the extent that such documents

8   can be collected, reviewed, and produced without undue burden.

9        Franklin's example is also telling in that it suggests the existence of documents that

10  specifically mention Franklin.  But the Request has no such subject-matter litigation.  Instead,

11  Franklin demands every document that in any way contemplates future sales of one of Veeder-

12  Root's preeminent products.  There is no reasonable way to limit this Request, and the Court

13  should deny Franklin's motion.

14       **J.  Disagreement Regarding RFP No. 10**

15          1.  RFP No. 10

16      RFP No. 10 requests production of all documents concerning "sales of the HEALY

17  SYSTEM or INCON ISD, including but not limited to any analysis or evaluation of sales of the

18  HEALY SYSTEM or INCON ISD."

19          2.  Response to RFP No. 10

20      In response to RFP No. 10, Veeder Root stated, "Veeder Root objects to this Request on

21  the grounds that Franklin, which owns and sells the Healy System and Incon ISD, is already in

22  possession, custody, and control of such information.  Further, please see Veeder Root's

23  objections and response to Request No. 6, which are incorporated herein by reference.

24          3.  Meet and Confer Regarding RFP No. 10

25      Veeder Root stood on its objections, but noted that "it is open to revisiting these requests

26  upon, for example, receipt of Franklin's responses to Veeder Root's discovery requests if those

27  responses provide specific customers or accounts that Franklin claims it has lost based on the

28  conduct at issue in this litigation." *See* Nese Decl. at ¶ 2 and Ex. A.

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT STATEMENT RE DISCOVERY
DISAGREEMENT          -30-          2:09-CV-00580-FCD-JFM

SanFran-234699.1 0039731-00003

1

### 4.  Franklin's Position

2      Franklin contends that Veeder Root's objections are baseless, and the documents

3  requested by RFP No. 10 are relevant to Franklin's claims for false advertising and trade libel.

4  While Franklin concedes that it already possesses its own documents reflecting sales of the Healy

5  System, this fact does not relieve Veeder Root from its obligation to produce documents in its

6  possession reflecting sales of the Healy System.  Veeder Root may possess documents concerning

7  sales of the Healy System that Veeder Root independently created or compiled.  Franklin is not

8  "already in possession" of documents created or compiled by Veeder Root.  These documents

9  will likely contain different information than the documents created by Franklin.

10      Further, the simple fact that Veeder Root is in possession of this information is relevant to

11  Franklin's claims.  Federal Rule of Civil Procedure 26 contemplates such discovery, as it

12  provides, "Parties may obtain discovery regarding any non-privileged matter that is relevant to

13  any party's claim or defense — including the existence…of any documents or other tangible

14  things and the identity and location of persons who know of any discoverable matter."  If Veeder

15  Root possesses documents reflecting Franklin's sales and customers, and Veeder Root sent

16  Franklin's customers advertising containing false statements about Franklin's products, such

17  evidence would tend to prove that that Veeder Root intentionally distributed the false statements

18  to specific customers that it intended to poach from Franklin.  Accordingly, Veeder Root's

19  objections are baseless, and the Court should order Veeder Root to produce documents responsive

20  to RFP No. 10.

21

### 5.  Veeder Root's Position

22      Franklin has articulated no rationale for the relevance of these documents.  (*See* Joint

23  Statement at 33 (stating, without elaboration, that "the documents requested by RFP No. 10 are

24  relevant to Franklin's claims for false advertising and trade libel").)  Both parties likely collect

25  and maintain competitive information about one another (as well as other competitors in the

26  marketplace).  That information is not relevant to this lawsuit or likely to lead to the discovery of

27  admissible evidence.  Although Franklin is correct about the general stricture of Rule 26, it has

28  not explained how this information, assuming it exists, has any bearing on Franklin's claims.

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT STATEMENT RE DISCOVERY
DISAGREEMENT                    -31-                    2:09-CV-00580-FCD-JFM

SanFran-234699.1 0039731-00003

This Request is simply an attempt to use a baseless lawsuit to conduct a wide-ranging fishing expedition into the records of Franklin's biggest competitor and to provide further leverage against Veeder-Root in the marketplace, and the Court should not countenance it.

### K. Disagreement Regarding RFP No. 11

#### 1. RFP No. 11

RFP No. 11 requests production all documents concerning "any marketing guidelines for sales persons involved in the marketing or sale of the CARBON CANISTER or the VR ISD, or guidelines applicable to sales persons generally."

#### 2. Response to RFP No. 11

In response to RFP No. 11, Veeder Root stated, "Veeder Root objects to this Request on the grounds that it is overly broad and unduly burdensome. Subject to a mutually agreeable protective order, Veeder Root will produce non-privileged documents reflecting formal, written policies Veeder Root may have adopted concerning advertising and communication with customers.

#### 3. Meet and Confer Regarding RFP No. 11

During the meet and confer process, in addition to "documents reflecting formal, written policies," Franklin requested that Veeder Root produce "documents reflecting informal, written policies," including internal communications between Veeder Root marketing and sales personnel.

Additionally, Franklin and Veeder Root disagree regarding the relevant time frame for discovery.

#### 4. Franklin's Position

Documents concerning Veeder Root's marketing guidelines for its sales persons are directly relevant to Franklin's claims for false advertising, trade libel and intentional interference with prospective economic relations. Veeder Root concedes that formal written policies are relevant and subject to discovery. Informal communications, including internal communications between Veeder Root marketing and sales personnel, are equally relevant. For example, the communications between Veeder Root's marketing personnel and the sales person that sent the

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT STATEMENT RE DISCOVERY
DISAGREEMENT                    -32-                    2:09-CV-00580-FCD-JFM

SanFran-234699.1 0039731-00003

1    email attached to the Amended Complaint will tend to prove the falsity of the statements and

2    Veeder Root's malicious intent.  August 11, 2009 Order at 19:20-28 (listing elements of

3    intentional interference with prospective economic relations, including proof of "acts by

4    defendant designed to disrupt [plaintiff's economic relationships]").  Any other similar

5    communications between Veeder Root marketing personnel and sales persons are equally relevant

6    and should be produced.

7            Franklin's position regarding the relevant time frame for discovery is discussed above in

8    Section IV.A.4.

9                    5.   Veeder Root's Position

10           Veeder-Root has already agreed to produce "the communications between Veeder Root's

11   marketing personnel and the sales person that sent the email attached to the Amended Complaint

12   will tend to prove the [alleged] falsity of the statements and Veeder Root's malicious intent"

13   (Joint Statement at 35 (Franklin's position)) to the extent that those emails actually discuss that

14   email or the attachments to that email.  What Veeder-Root cannot agree to search for and produce

15   is Franklin's unintelligible, imprecise request for every document ever sent in the history of

16   Veeder-Root that in any way reflects "informal" marketing guidelines.  There is no reasonable

17   way to draw a line between what is an "informal" marketing guideline and what is not, which is

18   why Veeder-Root stands on this very narrow objection to the Request.  Veeder-Root will provide

19   all documents reflecting discussions of the single marketing document at issue in the lawsuit (to

20   the extent those documents are reasonably available), and those documents likely will reflect any

21   "informal" marketing guidelines used by Veeder-Root in creating the marketing document at

22   issue.  Franklin's demand, however, would require collection, review, and potential production of

23   every casual email or documented exchange between anyone involved in "sales generally" of

24   Veeder-Root's products around the world, sales of the Carbon Canister, and sales of the Veeder-

25   Root ISD System, as any discussion that in any way concerns "marketing" could be deemed an

26   informal marketing guideline.  Franklin's motion is pointless on this issue—and more likely is an

27   attempt to impose an impossible standard for Veeder-Root to meet so that Franklin can later

28   complain that Veeder-Root failed to produce every responsive document.

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT STATEMENT RE DISCOVERY
DISAGREEMENT                          -33-                          2:09-CV-00580-FCD-JFM

SanFran-234699.1 0039731-00003

**L.  Disagreement Regarding RFP No. 12**

1.  RFP No. 12

RFP No 12 requests production of all documents concerning "any system or procedure to review marketing materials prior to dissemination, including but not limited to any review of marketing materials to ensure such materials are factually accurate."

2.  Response to RFP No. 12

In response to RFP No. 12, Veeder Root stated, "Please see Veeder Root's objections and responses to Request No. 11, which are incorporated herein by reference."

3.  Meet and Confer Regarding RFP No. 12

During the meet and confer process, Veeder Root represented that all non-privileged responsive documents called for by RFP No. 12 will be produced in response to RFP No. 11.

Franklin and Veeder Root disagree regarding the relevant time frame for discovery.

4.  Franklin's Position

Franklin's position regarding the relevant time frame for discovery is discussed above in Section IV.A.4.

5.  Veeder Root's Position

Franklin's recitation of the meet and confer process is inaccurate.  Veeder-Root's position is that the documents it has agreed to produce in response to Request No. 11 will cover any reasonable construction of the documents called for in response to Request No. 12.  For the reasons stated in Section IV.K.5 above, Veeder-Root objects to conducting a never-ending search for every document sent or received by any Veeder-Root employee in some way involved in marketing.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT STATEMENT RE DISCOVERY
DISAGREEMENT                         -34-                    2:09-CV-00580-FCD-JFM

SanFran-234699.1 0039731-00003

**M. Disagreement Regarding RFP No. 13**

    1.  <u>RFP No. 13</u>

RFP No. 13 requests production of all documents concerning "the CAPCOA PRESENTATION,[15] including but not limited to any analysis of that presentation or COMMUNICATIONS CONCERNING that presentation, either internally or externally.

    2.  <u>Response to RFP No. 13</u>

In response to RFP No. 13, Veeder Root stated, "Veeder Root objects to this Request to the extent that it calls for production of information protected by the attorney-client privilege and/or attorney work product doctrine. Without waiving the foregoing objections and subject to entry of a mutually acceptable protective order, Veeder Root will produce non-privileged documents created before February 13, 2009 that are responsive to this Request.

    3.  <u>Meet and Confer Regarding RFP No. 13</u>

Franklin and Veeder Root disagree regarding the relevant time frame for discovery.

    4.  <u>Franklin's Position</u>

Franklin's position regarding the relevant time frame for discovery is discussed above in Section IV.A.4.

    5.  <u>Veeder Root's Position</u>

Veeder-Root has agreed to produce responsive documents created, sent, or received from June 1, 2008 up to and including March 2, 2009, the date Franklin filed this lawsuit. Franklin has articulated no basis to extent this time period *for this Request* in Section IV.A.4 or in any meet and confer discussion or correspondence with Veeder-Root. Nor has Franklin offered any limitation after March 2, 2009. As argued in further detail above, although Veeder-Root's analyses and communications regarding the Capcoa presentation *before* Veeder-Root distributed that presentation and/or created the one-page marketing document may shed light on the veracity of Veeder-Root's marketing efforts or intent, such information produced after distribution is not.

---

[15]  The Requests define "CAPCOA PRESENTATION" as "the PowerPoint presentation given by ARB staff to the California Air Pollution Control Officers Association and attached as Exhibit 2 to the initial complaint in this action."

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT STATEMENT RE DISCOVERY
DISAGREEMENT      -35-      2:09-CV-00580-FCD-JFM

SanFran-234699.1 0039731-00003

1   At that time, Veeder-Root had engaged in all relevant conduct—the only apparent outstanding

2   issue is whether Franklin suffered damage from Veeder-Root's acts or omissions, which is

3   available only from Franklin.  Furthermore, it is burdensome to continually search for responsive

4   documents.  Without any endpoint, Veeder-Root must continually canvas its employees

5   throughout the course of this litigation in search of anyone who may have mentioned the

6   CAPCOA presentation, no matter the context or reason for doing so.  This reality makes this

7   Request unduly burdensome as well.

8       **N.  Disagreement Regarding RFP No. 15**

9           1.  <u>RFP No. 15</u>

10  RFP No. 15 requests production of all documents concerning "whether the VR ISD met or

11  meets the certification requirements contained in CP-201, TP-202I or any other applicable

12  certification or testing procedure."

13          2.  <u>Response to RFP No. 15</u>

14  In response to RFP No. 15, Veeder Root stated, "Veeder Root objects to this Request on

15  the grounds that it is overly broad, unduly burdensome, and unlikely to lead to the discovery of

16  admissible evidence.  Veeder Root further objects to this Request on the grounds that it calls for

17  the production of highly sensitive proprietary information, including information regarding the

18  design of Veeder Root's product.  Veeder Root further objects to this Request on the grounds

19  that it calls for the production of publicly available information, information available from third

20  parties to which discovery requests may be propounded, and information already in the

21  possession, custody, and control of Franklin.

22          3.  <u>Meet and Confer Regarding RFP No. 15</u>

23  Franklin and Veeder Root disagree regarding the relevant time frame for discovery.

24          4.  <u>Franklin's Position</u>

25  Franklin's position regarding the relevant time frame for discovery is discussed above in

26  Section IV.A.4.

27  / / /

28  / / /

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT STATEMENT RE DISCOVERY
DISAGREEMENT                          -36-                         2:09-CV-00580-FCD-JFM

SanFran-234699.1 0039731-00003

1        5.  <u>Veeder Root's Position</u>

2        Franklin articulates no basis as to the relevance of this information, and therefore Veeder-

3   Root cannot really respond to the motion in this respect.  The Request as drafted—even within the

4   nine-month period that might be appropriate for other Requests—is overbroad and unduly

5   burdensome.  Whether the Veeder-Root ISD System is in compliance with various test

6   procedures may be the subject of any number of documents reflecting engineering, research and

7   development, and other compliance tests and discussions that have no bearing on this lawsuit.

8   The Request's general call for any document that indicates "whether" the Veeder-Root ISD

9   System is compliant pulls in a great number of documents that will simply confirm that the

10  Veeder-Root ISD System *is* compliant.  The only conceivable subset of documents that might be

11  relevant out of the mass requested by Franklin would be documents from CARB that determined

12  that the Veeder-Root ISD System did not meet the requirements of CP-201, TP-202I at any point

13  between June 1, 2008 to March 2, 2009.  Veeder-Root contends that no such documents exist, but

14  if Veeder-Root learns otherwise during the course of its ongoing investigation, Veeder-Root will

15  produce any such documents.  Franklin's motion seeking production a far broader subset of

16  documents should be denied.

17     **O. Disagreement Regarding RFP No. 16**

18        1.  <u>RFP No. 16</u>

19  RFP No. 16 requests production of all documents concerning "any investigation

20  CONCERNING the HEALY SYSTEM, including but not limited to any investigation performed

21  by YOU or any third party at YOUR request."

22        2.  <u>Response to RFP No. 16</u>

23        In response to RFP No. 16, Veeder Root stated, "Veeder Root objection to this Request on

24  the grounds that it is overly broad and unduly burdensome.  Veeder Root further objects to this

25  Request on the grounds that it calls for the production of highly sensitive proprietary information,

26  including information regarding the design of Veeder Root's product.  Without waiving the

27  foregoing objections and subject to entry of a mutually acceptable protective order, Veeder Root

28

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT STATEMENT RE DISCOVERY
DISAGREEMENT                              -37-                    2:09-CV-00580-FCD-JFM

SanFran-234699.1 0039731-00003

1   will produce non-privileged documents responsive to this Request that were created from August

2   1, 2008 through February 13, 2009.

3         3.  Meet and Confer Regarding RFP No. 16

4   Franklin and Veeder Root disagree regarding the relevant time frame for discovery.

5         4.  Franklin's Position

6   Franklin's position regarding the relevant time frame for discovery is discussed above in

7   Section IV.A.4.

8         5.  Veeder Root's Position

9         Again, Franklin makes no argument as to why the time period Veeder-Root proposed

10  should be expanded with respect to *this* particular Request, and for that reason Franklin's motion

11  should be denied.  The only relevance any "investigation" into the Healy EVR System would

12  have is whether Veeder-Root investigated problems with the Healy EVR System to buttress or

13  support the views Veeder-Root expressed in the one-page marketing document (which itself is

14  supported, *inter alia*, by the CAPCOA presentation attached to that document).  Franklin alleges

15  that Veeder-Root transmitted this document on February 12, 2009.  Any "investigation"

16  conducted thereafter would not provide any insight into, or evidence about, what Veeder-Root

17  contemplated *before* it sent the document, and therefore a broader discovery period is

18  unwarranted.  For convenience, Veeder-Root agreed to extend the time period to the filing of the

19  lawsuit, March 2, 2009.

20        **P.  Disagreement Regarding RFP No. 17**

21        1.  RFP No. 17

22  RFP No. 17 requests production of all documents concerning "the ALARMS, including

23  but not limited to DOCUMENTS CONCERNING the cause of the ALARMS, or any plan or

24  strategy for addressing the ALARMS."

25        2.  Response to RFP No. 17

26  In response to RFP No. 17, Veeder Root stated, "Please see Veeder Root's Response and

27  Objections to Request No. 16, which are incorporated herein by reference."

28  / / /

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT STATEMENT RE DISCOVERY
DISAGREEMENT                          -38-                    2:09-CV-00580-FCD-JFM

SanFran-234699.1 0039731-00003

3.  Meet and Confer Regarding RFP No. 17

As previously discussed above in connection with RFP No. 1, Franklin and Veeder Root disagree regarding the definition of "ALARMS" and the relevant time frame.

4.  Franklin's Position

Franklin's positions regarding the definition of "ALARMS" and the relevant time frame for discovery are discussed above in Section IV.A.4.

5.  Veeder Root's Position

Veeder-Root's position regarding the definition of "ALARMS" is discussed above in Section IV.A.5.  Franklin has put forward no argument explaining why the time period proposed by Veeder-Root should be extended as to this Request.  As with the previous Request, Veeder-Root's discussion of the alarms associated with the V/L shift and strategy for dealing with those alarms is relevant up until Veeder-Root published the one-page marketing document, which Franklin alleges took place February 12, 2009.  To accommodate any imprecision in this assessment, Veeder-Root agreed to provide documents up to the filing of the lawsuit, March 2, 2009.  To continually search and revisit Veeder-Root personnel in pursuit of such documents after the fact will be unduly burdensome to Veeder-Root and is not reasonably calculated to yield admissible evidence.

**Q.  Disagreement Regarding RFP No. 19**

1.  RFP No. 19

RFP No 19 requests production of all documents concerning "any agreement or other arrangement with Vapor Systems Technologies, Inc. to license or market all or any part of the VST SYSTEM."

2.  Response to RFP No. 19

In response to RFP No. 19, Veeder Root stated, "Veeder Root objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Veeder Root further objects to this Request on the grounds that it calls for the production of highly sensitive proprietary information, including information regarding Veeder Root's business strategy.

JOINT STATEMENT RE DISCOVERY
DISAGREEMENT                          -39-                    2:09-CV-00580-FCD-JFM

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SanFran-234699.1 0039731-00003

1          3.  Meet and Confer Regarding RFP No. 19

2     Veeder Root stood on its objections.

3          4.  Franklin's Position

4          Veeder Root manufactures a product called the Carbon Canister.  The Carbon Canister is a

5     component of the VST System, an EVR System that competes with the Healy System.  Franklin

6     believes that Veeder Root is party to a licensing agreement with VST pursuant to which Veeder

7     Root markets the VST system.  Accordingly, Veeder Root profits from sales of the VST System

8     through sales of the Carbon Canister and through the licensing agreement.  Franklin seeks

9     discovery of this licensing agreement because its existence tends to prove Veeder Root's motive

10    for disparaging Franklin in order to gain market share for the VST System and the Carbon

11    Canister.  Franklin contends that Veeder Root is motivated to make misrepresentations about the

12    Healy System in order to increase sales of both the Veeder Root ISD and the VST System.

13    Veeder Root's financial motives will tend to prove that Veeder Root intentionally made the false

14    statements contained in the advertising.

15         Further, Veeder Root's objection on confidentiality grounds is baseless because, as

16    discussed above in Section IV.F.4.

17         5.  Veeder Root's Position

18         This is a pure fishing expedition.  The Veeder-Root Carbon Canister is no more a

19    "component of" the VST EVR System than the Veeder-Root ISD System is a component of the

20    Healy System.  ARB has certified the Carbon Canister to work in conjunction with the VST EVR

21    System just like ARB has certified the Veeder-Root ISD System to work with the Healy EVR

22    System.  That does not make documents or potential agreements with VST, which is not a party

23    to this litigation, relevant.  Veeder-Root does not dispute that it, like any rational company,

24    desires to sell the products it makes.  Under Franklin's rationale, Veeder-Root could be ordered to

25    turn over every single document in its possession that in any way reflects its desire to succeed as

26    a business selling California vapor products because that will show Veeder-Root's "motive" to

27    disparage Franklin.  Franklin does not need confidential agreements between Veeder-Root and a

28    non-party to this litigation to show this commonsense proposition, as such evidence will at most

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT STATEMENT RE DISCOVERY
DISAGREEMENT         -40-         2:09-CV-00580-FCD-JFM

SanFran-234699.1 0039731-00003

1 | be cumulative. *See* Fed. R. Evid. 26(b)(2); *Ibanez v. Miller*, No. CIV S-06-2668 2009 WL
2 | 1706665, at *1 (E.D. Cal. June 17, 2009) ("The court may limit discovery if it determines the
3 | discovery sought is unreasonably cumulative . . . .").

4 |     Furthermore, the Request as drafted is overly broad and unduly burdensome because it
5 | calls for all documents in any way "concerning" any agreements between Veeder-Root and VST.
6 | That would cover any communications between the two entities at any time that in any way
7 | reference the VST System, regardless of any impact such discussions may have on Veeder-Root's
8 | "profit motive" or any of the matters at issue in this litigation. Notably, beyond Veeder-Root's
9 | profit motive, Franklin has not put forward any connection between these documents and the
10 | matters in dispute in the litigation. None exists. Veeder-Root's objections to this Request are
11 | appropriate and Franklin's motion should be denied.

12 |     **R. Disagreement Regarding RFP No. 20**

13 |     1. RFP No. 20

14 | RFP No. 20 requests production of all documents concerning "the revenue or profit
15 | [Veeder Root] received or earned from the sales of VR ISDs from January 2008 through present.

16 |     2. Response to RFP No. 20

17 |     In response to RFP No. 20, Veeder Root stated, "Please see Veeder Root's objections and
18 | response to Request No. 19, which are incorporated herein by reference.

19 |     3. Meet and Confer Regarding RFP No. 20

20 |     Veeder Root stood on its objections, but stated that "it is open to revisiting these requests
21 | upon, for example, receipt of Franklin's responses to Veeder Root's discovery requests if those
22 | responses provided specific customers or accounts that Franklin claims it has lost based on the
23 | conduct at issue in this litigation." (August 5, 2009 Letter from C. Bryan Wilson to Brian Nese).

24 |     4. Franklin's Position

25 |     The documents requested by RFP No. 20 are relevant for the same reasons discussed
26 | above in Section IV.F.4 and IV.I.4, which also relate to Veeder Root sales information.

27 | ///
28 | ///

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT STATEMENT RE DISCOVERY
DISAGREEMENT     -41-     2:09-CV-00580-FCD-JFM

SanFran-234699.1 0039731-00003

1           5.  <u>Veeder Root's Position</u>

2          Veeder-Root's position concerning Franklin's overly broad and unduly burdensome

3 inquiries into Veeder-Root's finances is set forth in Section IV.E.5 above, applies with equal

4 force to this Request, and is incorporated herein by reference.

5          **S.  Disagreement Regarding RFP No. 21**

6            1.  <u>RFP No. 21</u>

7          RFP No. 21 requests production of all documents concerning "the revenue or profit

8 [Veeder Root] received or earned from the sales of CARBON CANISTERS from the date of its

9 first certification by ARB to present.

10          2.  <u>Response to RFP No. 21</u>

11          In response to RFP No. 21, Veeder Root stated, "Please see Veeder Root's objections and

12 response to Request No. 19, which are incorporated herein by reference."

13          3.  <u>Meet and Confer Regarding RFP No. 21</u>

14          Veeder Root stood on its objections, but stated that "it is open to revisiting these requests

15 upon, for example, receipt of Franklin's responses to Veeder Root's discovery requests if those

16 responses provided specific customers or accounts that Franklin claims it has lost based on the

17 conduct at issue in this litigation."  (August 5, 2009 Letter from C. Bryan Wilson to Brian Nese).

18          4.  <u>Franklin's Position</u>

19          The documents requested by RFP No. 20 are relevant for the same reasons discussed

20 above in Section IV.F.4 and IV.I.4, which also relate to Veeder Root sales information.

21          5.  <u>Veeder Root's Position</u>

22          Veeder-Root's position concerning Franklin's overly broad and unduly burdensome

23 inquiries into Veeder-Root's finances is set forth in Section IV.E.5 above, applies with equal

24 force to this Request, and is incorporated herein by reference.

25  / / /

26  / / /

27  / / /

28  / / /

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT STATEMENT RE DISCOVERY
DISAGREEMENT         -42-         2:09-CV-00580-FCD-JFM

1  **V.      FRANKLIN SHOULD BE ORDERED TO PAY VEEDER-ROOT'S ATTORNEY'S**

2  **FEES.**[16]

3       Franklin's Motion to Compel requests attorney's fees and expenses in seeking this motion.

4  [Docket Entry No. 33.]  Franklin made no argument in support of this request.  Furthermore,

5  because Veeder-Root's nondisclosure, responses, and objections were all "substantially justified,"

6  Franklin's request for attorney's fees should be denied.  Fed. R. Civ. P. 37(a)(5)(A)(ii).

7  Moreover, because Veeder-Root should prevail in opposing Franklin's motion and Franklin's

8  basis for moving to compel production was not substantially justified, Franklin should be ordered

9  to pay Veeder-Root's reasonable expenses incurred in opposing this motion, including attorney's

10  fees.  *See* Fed. R. Civ. P. 37(a)(5)(B)

11

12  DATED:  October 5, 2009

13                                                    Stoel Rives LLP

14

15                                                    By:/S/ SETH D. HILTON
                                                           SETH D. HILTON
16                                                         Attorneys for Plaintiff
                                                           Franklin Fueling Systems, Inc.
17
                                                      STEVENS, O'CONNELL & JACOBS LLP
18
                                                      Charles J. Stevens (106981)
19                                                    Bradley A. Benbrook (177786)

20                                                    WILLIAMS & CONNOLLY LLP

21                                                    By: /s/ C. Bryan Wilson
22                                                    Dane H. Butswinkas (*pro hac vice*)
                                                      C. Bryan Wilson (*pro hac vice*)
23                                                    bwilson@wc.com
                                                      Curtis J. Mahoney (*pro hac vice*)
24
                                                      *Attorneys for Defendant Veeder-Root*
25                                                    *Company*

26

27  _____

28  [16] For the avoidance of any doubt, counsel for Veeder-Root drafted this portion of the Joint Statement.

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT STATEMENT RE DISCOVERY
DISAGREEMENT                                    -43-                        2:09-CV-00580-FCD-JFM

SanFran-234699.1 0039731-00003

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOINT STATEMENT RE DISCOVERY
DISAGREEMENT

2:09-CV-00580-FCD-JFM