EDWARD C. DUCKERS (SB #242113)
SETH D. HILTON (SB #181899)
STOEL RIVES LLP
980 Ninth Street, Suite 1900
Sacramento, CA 95814
Telephone: (916) 447-0700
Facsimile: (916) 447-4781

Attorneys for Plaintiff
FRANKLIN FUELING SYSTEMS, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| FRANKLIN FUELING SYSTEMS, INC., | Case No. 2:09-CV-00580-FCD-JFM |
|---|---|
| Plaintiff, | DECLARATION OF BRIAN J. NESE IN SUPPORT OF PLAINTIFF FRANKLIN FUELING SYSTEMS, INC.,'S MOTION TO COMPEL FURTHER RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS |
| v. | |
| VEEDER ROOT COMPANY and DOES 1 through 20, | |
| Defendant. | Date: October 8, 2009<br>Time: 11:00 a.m.<br>Crtrm: 2<br>Judge: Hon. John F. Moulds |

I, Brian J. Nese declare as follows:

1. I am an attorney licensed to practice in the State of California and am employed with the law firm of Stoel Rives, LLP, attorneys of record for Plaintiff Franklin Fueling Systems, Inc. ("Franklin"). I have personal knowledge as to the facts herein, and if called as a witness would testify to these facts.

2. On August 5, 2009, C. Bryan Wilson, counsel for Veeder Root Co., sent a meet and confer letter to me regarding Franklin's First Set Requests for Production of Documents. A true and correct copy of the August 5, 2009 letter is attached hereto as Exhibit A.

STOEL RIVES LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DECLARATION OF BRIAN J. NESE IN SUPPORT OF MOTION TO COMPEL

-1-

2:09-CV-00580-FCD-JFM

SanFran-234686.1 0039731-00003

3. On August 13, 2009, I sent a meet and confer letter to C. Bryan Wilson regarding Franklin's First Set of Requests for Production of Documents. A true and correct copy of the August 13, 2009 letter is attached hereto as Exhibit B.

4. On September 8, 2009, I sent another meet and confer letter to C. Bryan Wilson regarding Franklin's First Set of Requests for Production of Documents. A true and correct copy of the September 8, 2009 letter is attached hereto as Exhibit C.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated this 5th day of October, 2009.

/s/ BRIAN J. NESE
BRIAN J. NESE

**Exhibit A**

LAW OFFICES
# WILLIAMS & CONNOLLY LLP
725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

C. BRYAN WILSON
(202) 434-5428
bwilson@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

August 5, 2009

**VIA EMAIL TO BJNESE@STOEL.COM AND FIRST CLASS MAIL**

Brian Nese, Esq.
Stoel Rives LLP
12265 El Camino Real, Suite 303
San Diego, CA 92130

  Re: *Franklin Fueling Systems, Inc. v. Veeder Root Co.*,
    No. 2:09-CV-00580 (E.D. Cal.)

Dear Mr. Nese:

  In furtherance of our telephone conversation of July 30, 2009, this letter memorializes the parties' agreement and follow up items regarding the First Requests for Production served by Franklin Fueling Systems, Inc. ("Franklin") in the above-styled matter. This letter tracks the issues raised in your letter dated July 21, 2009. Please inform me immediately if your recollection differs from this letter on any of these points.

  **A.** **Protective Order**

  As discussed, attached please find a clean, revised draft and a delta view comparing the new draft to Franklin's original draft. Please advise whether Franklin has additional changes or concerns with this draft.

  **B.** **Objection to Definition of "ALARMS"**

  Veeder Root Company ("Veeder Root") will construe "ALARMS" in Franklin's First Requests for Production to mean "alarms related to the V/L shift associated with Healy nozzles that Veeder Root's ISD has identified and hose blockage alarms associated with Healy nozzles that Veeder Root's ISD has identified." Franklin agrees to this modification.

WILLIAMS & CONNOLLY LLP

Brian Nese, Esq.
August 5, 2009
Page 2

### C. Limitation of Production of Documents Created, Sent or Received During the August 1, 2008 to February 13, 2009 Time Frame

I have looked into this issue further and offer the following limitation: Veeder Root will limit its production in response to RFP Nos. 1, 2, 13, 16, and 17 to documents created, sent, and/or received from July 1, 2008 (which is well in advance of "late 2008," when Franklin alleges the relevant alarms and complaints began to occur, see Amended Complaint ¶ 25) to March 3, 2009 (the date Franklin filed the Complaint for Injunctive Relief and Damages). Please confirm Franklin's agreement to this modification.

### D. Specific Responses

#### RFP No. 1

Subject to its general objections and entry of a mutually agreeable protective order, Veeder Root will produce documents sent to or received from ARB between July 1, 2008 and March 3, 2009 regarding investigations of (1) the V/L shift associated with Healy nozzles that Veeder Root's ISD has identified, (2) hose blockage alarms associated with Healy nozzles that Veeder Root's ISD has identified, and (3) compatibility problems between Veeder Root's ISD and the Healy System. Franklin agrees to this modification.

#### RFP No. 2

Subject to its general objections and entry of a mutually agreeable protective order, Veeder Root will produce non-privileged documents created from July 1, 2008 to March 3, 2009 regarding investigations of the V/L shift associated with Healy nozzles that Veeder Root's ISD has identified and hose blockage alarms associated with Healy nozzles that Veeder Root's ISD has identified. Franklin agrees to this modification.

#### RFP No. 3

Subject to its general objections and entry of a mutually agreeable protective order, Veeder Root will produce non-privileged copies of the following categories of documents if Veeder Root (a) created such documents between July 1, 2008 and March 3, 2009, and (b) transmitted such documents to distributors, customers, and other potential purchasers of the Carbon Canister: (1) copies of the document attached as Exhibit A to the Amended Complaint, (2) documents comparing the Veeder Root ISD to the Healy System (including documents comparing assist and balance systems), (3) documents that incorporate the Capcoa Presentation attached as Exhibit A to the Amended Complaint for Injunctive Relief and Damages, (4) documents that reference the V/L shift associated with Healy nozzles that Veeder Root's ISD has identified, (5) documents that reference hose blockage alarms associated with the Healy nozzles that Veeder Root's ISD has identified, and (6) documents that address compatibility problems between Veeder Root's ISD and the Healy System. Franklin agrees to this modification.

WILLIAMS & CONNOLLY LLP

Brian Nese, Esq.
August 5, 2009
Page 3

### RFP No. 4

Subject to its general objections and entry of a mutually agreeable protective order, Veeder Root will produce non-privileged copies of the document categories (and during the time period) described in response to RFP No. 3 above, but also include internal drafts of such documents that may not have been transmitted outside Veeder Root. Franklin agrees to this modification.

### RFP No. 5

Veeder Root stands on its objections to RFP No. 5.

### RFP Nos. 6 through 10

Veeder Root stands on its objections to these requests, but is open to revisiting these requests upon, for example, receipt of Franklin's responses to Veeder Root's discovery requests if those responses provide specific customers or accounts that Franklin claims it has lost based on the conduct at issue in this litigation. Franklin agrees to revisit this issue in the future if necessary.

### RFP No. 11

Subject to its general objections and entry of a mutually agreeable protective order, Veeder Root will produce non-privileged documents that Veeder Root marketing personnel created, sent, or received between July 1, 2008 and March 3, 2009 to the extent such documents discussed documents intended to be sent to distributors, customers, and other potential purchasers of the Carbon Canister regarding: (1) the document attached as Exhibit A to the Amended Complaint, (2) comparing the Veeder Root ISD to the Healy System (including comparisons between assist and balance systems), (3) the Capcoa Presentation attached as Exhibit A to the Amended Complaint for Injunctive Relief and Damages, (4) the V/L shift associated with Healy nozzles that Veeder Root's ISD has identified, (5) hose blockage alarms associated with Healy nozzles that Veeder Root's ISD has identified, and (6) compatibility problems between Veeder Root's ISD and the Healy System. Franklin agrees to this modification.

### RFP No. 12

The parties agree that this request, as modified, is coextensive with RFP No. 11.

### RFP No. 15

The parties agree that this request, as modified, is coextensive with RFP No. 1.

WILLIAMS & CONNOLLY LLP

Brian Nese, Esq.
August 5, 2009
Page 4

### RFP Nos. 19 through 21

Veeder Root stands on its objections to these requests, but is open to revisiting these requests upon, for example, receipt of Franklin's responses to Veeder Root's discovery requests if those responses provide specific customers or accounts that Franklin claims it has lost based on the conduct at issue in this litigation. Franklin agrees to revisit this issue in the future if necessary.

Do not hesitate to contact me with any questions.

Sincerely,

*Bryan Wilson*

C. Bryan Wilson

Enclosures

CC: Charles J. Stevens, Esq. (via email to cjs@sojllp.com only)
Bradley A. Benbrook, Esq. (via email to bab@sojllp.com only)
Edward C. Duckers, Esq. (via email to ecduckers@stoel.com only)
Seth D. Hilton, Esq. (via email to sdhilton@stoel.com only)

**Exhibit B**

August 13, 2009

BRIAN J. NESE
*Direct (858) 794-4102*
bjnese@stoel.com

**VIA E-MAIL BWILSON@WC.COM**

C. Bryan Wilson
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005-5901

Re:   **Franklin Fueling Systems, Inc. v. Veeder Root Co.,
Case No. 2:09-CV-00580 (E.D. Cal.)**

Dear Mr. Wilson:

I write in response to your letter dated August 5, 2009 and in furtherance of our efforts to meet and confer regarding Veeder Root's Objections and Responses to Franklin's First set of Requests for Production of Documents.

### A. Protective Order

Please find attached for your review and comment a further mark up of the draft Stipulated Protective Order. This version builds off yours of August 5, 2009 and adds additional language. Please let me know if the additional language is acceptable.

### B. Objection to Definition of "ALARMS"

Franklin does not agree to Veeder Root's modification as drafted. I have consulted with Franklin technical personnel to specifically identify the relevant alarms. Accordingly, Franklin will agree to the following modification of the definition of "ALARMS:" warning and failure alerts associated with the following alarms generated by systems implementing Healy nozzles in conjunction with Veeder Root's ISDs: (1) ISD Degradation Vapor Collection Alarms; (2) ISD Gross Vapor Collection Alarms; (3) BLKD Alarms; (4) ISD Degradation Pressure Alarms; (5) ISD Gross Pressure Alarms; (6) ISD Vapor Leakage Alarms; (7) any Hardware Alarm." Please state whether Veeder Root agrees to this modification.

C. Bryan Wilson
August 13, 2009
Page 2

### C. Limitation of Production of Documents Created, Sent or Received During the August 1, 2008 to February 13, 2009 Time Frame

Franklin does not agree to the modification that Veeder Root will limit its production in response to RFP Nos. 1, 2, 13, 16 and 17 to documents created, sent and/or received after July 1, 2008. Franklin, however, will agree to the modification that Veeder Root will limit its production to documents created, sent and/or received after June 1, 2008.

Additionally, Franklin does not agree that Veeder Root will not have to produce documents created, sent or received after March 3, 2009. Franklin will move to compel regarding the March 3, 2009 time limit. In the meantime, please proceed to produce documents.

### D. Specific Responses

#### RFP No. 1

Franklin does not agree to Veeder Root's modification as drafted. Franklin, however, will agree to the following modification: Subject to its general objections and entry of a mutually agreeable protective order, Veeder Root will produce documents sent to or received from ARB regarding investigations of (1) the V/L shift exhibited by systems employing Healy nozzles in conjunction with Veeder Root ISDs; (2) ALARMS (as redefined above) generated by systems employing Healy nozzles in conjunction with Veeder Root ISDs; (3) compatibility problems between Veeder Root's ISD and the Healy System and (4) the Healy System. Please state whether Veeder Root agrees to this modification.

#### RFP No. 2

Franklin does not agree to Veeder Root's modification as drafted. Franklin, however, will agree to the following modification: Subject to its general objections and entry of a mutually agreeable protective order, Veeder Root will produce non-privileged documents regarding investigations of (1) the V/L shift exhibited by systems employing Healy nozzles in conjunction with Veeder Root ISDs; (2) ALARMS (as redefined above) generated by systems employing Healy nozzles in conjunction with Veeder Root ISDs; and (3) compatibility problems between Veeder Root's ISD and the Healy System. Please state whether Veeder Root agrees to this modification.

#### RFP No. 3

Franklin does not agree to Veeder Root's modification as drafted. Franklin, however, will agree to the following modification: Subject to its general objections and entry of

C. Bryan Wilson
August 13, 2009
Page 3

a mutually agreeable protective order, Veeder Root will produce non-privileged copies of the following categories of documents it transmitted to distributors, customers, and other potential purchasers of the Carbon Canister: (1) copies of the document attached as Exhibit A to the Amended Complaint, (2) documents comparing the Veeder Root ISD to the Healy System (including documents comparing assist and balance systems), (3) documents that incorporate the Capcoa Presentation attached as Exhibit A to the Amended Complaint for Injunctive Relief and Damages, (4) documents that reference the V/L shift exhibited by systems employing Healy nozzles in conjunction with Veeder Root ISDs; (5) ALARMS (as redefined above) generated by systems employing Healy nozzles in conjunction with Veeder Root ISDs; (6) documents that reference compatibility problems between Veeder Root's ISD and the Healy System and (7) documents that reference the Healy System. Please state whether Veeder Root agrees to this modification.

### RFP No. 4

Franklin does not agree to Veeder Root's modification as drafted. Franklin, however, will agree to a modification that mirrors the modification described above in connection with RFP No. 3, but also to include internal drafts of such documents that may not have been transmitted outside Veeder Root. Please state whether Veeder Root agrees to this modification.

### RFP No. 5

In light of the fact that Veeder Root will stand on its objections, please be advised that Franklin will file a motion to compel.

### RFP Nos. 6 through 10

In light of the fact that Veeder Root will stand on its objections, please be advised that Franklin will file a motion to compel.

### RFP No. 11

Franklin does not agree to Veeder Root's modification as drafted. Veeder Root has already agreed to produce non-privileged documents reflecting formal, written policies Veeder Root may have adopted concerning advertisements and communication with customers. As we discussed, RFP No. 11 also calls for the production of informal written policies relating to "any marketing guidelines for sales persons involved in the marketing or sale of the CARBON

C. Bryan Wilson
August 13, 2009
Page 4

CANISTER or the VR ISD," which includes internal communications between Veeder Root marketing and sales personnel. Please state whether Veeder Root will produce all responsive, non-privileged documents. If not, please be advised the Franklin will file a motion to compel.

### RFP No. 12

Franklin does not agree that RFP No. 12 is necessarily coextensive with RFP No. 11. To the extent that non-privileged documents exist that are responsive to RFP No. 12 but not responsive to RFP No. 11, please state whether Veeder Root will produce all responsive, non-privileged documents. If not, please be advised the Franklin will file a motion to compel.

### RFP No. 15

Franklin does not agree that RFP No. 15 is coextensive with RFP No. 1. Franklin, however, will agree to modify RFP No. 15 as follows: Subject to its general objections and entry of a mutually agreeable protective order, Veeder Root will produce non-privileged documents relating to whether the VR ISD met or meets the certification requirements relating to v/l shift, ALARMS (as redefined above) and/or compatibility with the Healy System contained in CP-201, TP-2021 or any other applicable certification or testing procedure. Please state whether Veeder Root agrees to this modification.

### RFP Nos. 19 through 21

In light of the fact that Veeder Root will stand on its objections, please be advised that Franklin will file a motion to compel.

Please contact me with any questions.

Sincerely,

Brian J. Nese

**Exhibit C**



**STOEL RIVES LLP**
ATTORNEYS AT LAW

12265 El Camino Real, Suite 303
San Diego, California 92130
main 858.794.4100
fax 858.794.4101
www.stoel.com

September 8, 2009

Brian J. Nese
Direct (858) 794-4102
bjnese@stoel.com

**Via E-Mail bwilson@wc.com and U.S. First-Class Mail**

C. Bryan Wilson
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005-5901

Re:   **Franklin Fueling Systems, Inc. v. Veeder Root Co.
      Case No. 2:09-CV-00580 (E.D. Cal.)**

Dear Mr. Wilson:

I write in response to your letter dated August 27, 2009 addressed to me and your letter dated September 3, 2009 addressed to my colleague Seth Hilton.

### A. Veeder Root's Responses to Franklin's First Set of Requests for Production

With respect to Franklin's proposed definition of "ALARMS," Franklin believes that item (6) ISD Vapor Leakage Alarms is relevant to the litigation. The vapor to liquid ratio and its effects on the overall system are central to this litigation, so any alarms regarding vapor leakage are relevant.

Franklin proposes to amend item (7) "Any Hardware Alarm" to "Hardware Alarms CONCERNING the vapor flow meter, the vapor pressure sensor, or any interconnected component."

Accordingly, Franklin proposes the following definition of "ALARMS": warning and failure alerts associated with the following alarms generated by systems implementing Healy nozzles in conjunction with the Veeder Root's ISD: (1) ISD Degradation Vapor Collection Alarms; (2) ISD Gross Vapor Collection Alarms; (3) BLKD Alarms; (4) ISD Degradation Pressure Alarms; (5) ISD Gross Pressure Alarms; (6) ISD Vapor Leakage Alarms; and (7) Hardware Alarms CONCERNING the vapor flow meter, the vapor pressure sensor, or any interconnected component." Please let me know if this definition is acceptable to Veeder Root.



C. Bryan Wilson
September 8, 2009
Page 2

### B. Franklin's Responses to Veeder Root's First Sets of Interrogatories, Requests for Admission and Requests for Production

Franklin will provide amended responses to Interrogatories Nos. 2 and 7.

In response to Request for Production No. 8, Franklin will produce non-privileged, responsive documents reflecting internal communications regarding ARB's certification of the Veeder Root ISD for use with the Franklin EVR System, including documents relating to V/L monitoring requirements. In response to Request for Production No. 11, Franklin will produce non-privileged, responsive documents regarding site tests performed by ARB or any Air Quality Management District involving the alarms that are the subject of Franklin's Amended Complaint. In response to Request for Production Nos. 15 and 17, Franklin will not produce financial information from 2007. This information is irrelevant to the litigation because it reflects sales from over two years before ARB required EVR upgrades, during which time Veeder Root was not yet competing with Franklin in the EVR and ISD markets.

Finally, in your letter dated August 25, 2009, Veeder Root stated that the information and documents requested by Interrogatories Nos. 8, 9 and 11-14; Request for Production No. 9; and Request for Admission No. 2 are now relevant in light of Veeder Root's newly filed counterclaims. In response to this discovery, Franklin timely provided valid objections and responses as required under the Federal Rules. Franklin is not aware of any obligation under Federal Rule of Civil Procedure 26 to supplement objections and responses that were complete when served in light of the issues raised by a later filed pleading. If you are aware of legal authority to the contrary, please provide a copy.

Despite Veeder Root's blatant attempt to introduce irrelevant and improperly prejudicial material into this litigation by filing baseless counterclaims, Franklin is considering its response to both Veeder Root's counterclaims and its abusive discovery, and will respond within the time required under the Federal Rules.

### C. Joint Statements on Motions to Compel

In response to your suggestion regarding the parties respective motions to compel, Franklin proposes that the parties exchange their respective Joint Statements on Discovery Disputes no later than September 18, 2009. This will allow each party two full weeks before the October 5, 2009 filing deadline to complete their respective portion of the Joint Statements.



C. Bryan Wilson
September 8, 2009
Page 3

Please let me know if you agree, and feel free to contact me with questions or comments.

Sincerely,

Brian J. Nese