1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANKLIN FUELING SYSTEMS, INC.,

           Plaintiff,                           No. 2:09-cv-0580 FCD JFM

     vs.

VEEDER-ROOT COMPANY, et al.,

           Defendants.                          <u>        ORDER</u>

_____/

        Plaintiff's motion to compel further responses to request for production of documents and defendant Veeder-Root's motion to compel further responses to first set of interrogatories, first requests for production, and first requests for admission, came on regularly for hearing October 8, 2009.  Seth D. Hilton appeared for plaintiff.  C. Bryan Wilson appeared pro hac vice for defendant Veeder-Root Company.  Upon review of the motion and the documents in support and opposition, upon hearing the arguments of counsel and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        Plaintiff has filed an amended complaint for violation of the Lanham Act, 15 U.S.C. § 1125, false and misleading advertising, trade libel, false advertising, unfair competition, and intentional interference with prospective economic relations based on defendant's alleged publication of defamatory or misleading statements regarding the Healy System to potential

1 Franklin customers.  Plaintiff seeks actual, compensatory, special and consequential damages,

2 punitive damages, restitution and disgorgement of any profits, permanent injunction and

3 attorneys fees and costs.

4         To establish standing for a false advertising claim brought pursuant to the Lanham

5 Act, a party must allege: (1) a commercial injury based upon a misrepresentation about a product;

6 and (2) that the injury is competitive, or harmful to the plaintiff's ability to compete with the

7 defendant.  Lanham Act, § 43(a)(1)(B), 15 U.S.C.A. § 1125(a)(1)(B).  To prevail on its false

8 advertising claim under the Lanham Act, plaintiff must establish that:  (1) defendant made a false

9 statement of fact in a commercial advertisement; (2) the statement deceived or has the tendency

10 to deceive a substantial segment of its audience; (3) the false statement is material in that it is

11 likely to influence the purchasing decision; (4) defendant caused the false statement to enter

12 interstate commerce; and (5) plaintiff has been or is likely to be injured as a result of the false

13 statement.  15 U.S.C. § 1125(a)(1)(b); <u>Southland Sod Farms v. Stover Seed Co.</u>, 108 F.3d 1134,

14 1139 (9th Cir.1997).

15      A.   <u>Plaintiff's Motion</u>

16         Initially, the court will address the three main disputes overriding the plaintiff's

17 request for production of documents:  definition of alarms, time frame and sales data.

18         The Requests define "alarms" as "alarms generated by the VR ISD when used

19 with the Healy System, including but not limited to the alarms referenced by Jack Berman in his

20 February 13, 2009 e-mail."  <u>Id.</u>  Except for requests 6 and 7, the parties have agreed to define

21 alarms.  (<u>See</u> definition, 251 stip at 5.)  Defendants shall further respond to Request Nos. 6 and 7

22 as to ISD Vapor Leakage Alarms and Hardware Alarms, but only as to Veeder-Root ISD Systems

23 connected to the problems with the Healy EVR System.

24         Plaintiff insists on discovery from June 1, 2008 through the present; defendant

25 prefers July 1, 2008, and insists the closing date must be March 2, 2009, the date the original

26 complaint was filed.  Plaintiff has demonstrated that defendant sought public records from the

1  ARB concerning certification of the Healy System on June 19, 2008, and customer complaints

2  arose a few weeks later, justifying the June 1, 2008 start time for discovery.  Accordingly, all

3  discovery shall be produced from June 1, 2008 through the present, and the parties are reminded

4  of their continuing obligation to update discovery responses.  Fed. R. Civ. P. 26(e)(1)(A).

5       Plaintiff wants defendant to turn over sales figures so it can demonstrate the

6  injuries prong of the Lanham Act case, and it is entitled to sales and profits figures to ascertain

7  same.  Because plaintiff and defendant are the only two providers in this market, the production

8  is subject to an attorneys-eyes only protective order.

9       The court turns now to plaintiff's individual requests.

10      1.  Defendant contends that plaintiff's Request No. 3 is overbroad.  RFP No. 3 -!!

11 Defendant does not want to produce all documents that reference the Healy System (category 7).

12 This request could be more narrowly tailored to all documents that reference a problem with the

13 combined use of the Veeder-Root ISD System with the Healy System, the V/L shift problem, the

14 CAPCOA presentation, and the one-page marketing document.  Defendant shall supplement its

15 response to Request No. 3 as revised here.

16      2.  Defendant shall supplement its response to Request No. 4, as narrowly tailored

17 with regard to Request No. 3 above.

18      3.  Request No. 5 requests production of all documents concerning "any plan or

19 strategy for marketing or increasing the market penetration of any of the following:  (1) VR ISD,

20 (2) the VST System, or (3) the Carbon Canister."  Plaintiff argues defendant's plans and

21 strategies are highly relevant because it may include deliberate attempts to attack or disparage

22 Franklin's products.  Defendant contends this is overbroad because many of its products are

23 distributed worldwide.  Defendant argues that any strategic documents that explicitly

24 contemplate making deliberate attempts to attack or disparage Franklin's products would fall in

25 categories defendant has agreed to provide.  Defendant shall supplement its response to Request

26 /////

No. 5 except that it is limited to those documents referencing the Healy System or Franklin

and/or comparing Franklin's Carbon Canister System to the Healy System or Franklin.

4.   Request No. 6 requests production of documents reflecting, "Sales of the

Carbon Canister, including but not limited to the number of Carbon Canisters sold from the date

of certification to present, to whom the Carbon Canisters were sold, and when they were sold."

Request No. 7 addresses sales of VR ISD.  Request No. 8 addresses sales of VST System.

Defendant objects that this information is overbroad and highly proprietary, includes information

regarding client lists, financial performance and pricing strategy.  Plaintiff claims this

information is necessary to prove it has been injured as a result of the false advertising either by

direct diversion of sales or by lessening of good will.  Plaintiff must also prove "special

damages" to prevail on its claim for trade libel.  Finally, plaintiff avers that cross-referencing this

information with plaintiff's will prove it was damaged.

Defendant is correct in the sense that "all sales documents" is overbroad, and its

argument that the court could narrow the request is well taken.  Defendant shall supplement its

response to Request Nos. 6, 7 and 8, limited to the names of the customers who purchased

Carbon Canisters or VSR ISDs during the relevant period so that plaintiff can compare it to its

own customer list.  This discovery shall be subject to the attorneys-eyes-only protective order.

Defendant maintains it does not sell VST Systems, and that response is sufficient.  !!

5.   Request No. 9 addresses projected or future sales of Carbon Canister, VR ISD

and VST System.  Defendant shall supplement its response to Request No. 9 as to the sales of

Carbon Canister and VR ISD, subject to the attorneys-eyes-only protective order.  Plaintiff's

motion to compel further response as to the VST System is denied.

6.   Request No. 10 seek production of all documents concerning "sales of the

Healy System or Incon ISD, including but not limited to any analysis or evaluation of sales of the

Healy System or Incon ISD."  Id.  Defendant objects that plaintiff already has this information

because it sells Healy Systems and Incon ISD, not defendant.  Defendant further objects that it's

1   likely both parties maintain competitive information about one another and claims it's not

2   relevant.  Plaintiff claims it seeks documents created or compiled by defendant, which would not

3   be in plaintiff's possession.  Plaintiff's motion to compel further response to Request No. 10 is

4   granted.

5           7.   Request No. 11 seeks production of all documents concerning "any marketing

6   guidelines for sales persons involved in the marketing or sale of the Carbon Canister or the VR

7   ISD or guidelines applicable to sales persons generally."  Defendant agrees to produce formal

8   written policies.  Defendant shall supplement its response to Request No. 11 to produce any

9   informal communications between Veeder Root marketing and sales personnel with regard to the

10  Healy System and the VR ISD and the Carbon Canister.

11          8.   Defendant shall supplement its responses to Request Nos. 12, 13 and 16 so that

12  discovery responses include the time frame June 1, 2008 to the present.

13          9.   Request No. 15 requests production of all documents concerning "whether the

14  VR ISD met or meets the certification requirements contained in CP-201, TP-2021 or any other

15  applicable certification or testing procedure."  Plaintiff has failed to demonstrate the relevance of

16  this information which arguably is available from the ARB or other third parties from whom

17  discovery may be propounded.  To the extent that plaintiff seeks documents from CARB that

18  determined that the Veeder-Root ISD System did not meet the requirements of CP-201, TP-2021

19  at any point between June 1, 2008 to March 2, 2009, Veeder-Root contends no such documents

20  exist, but if any turn up in discovery, defendant will produce such a document.  No further

21  response to Request No. 15 is required.

22          10.  Defendant shall supplement its response to Request No. 17 so that discovery

23  responses include the time frame June 1, 2008 to the present, and include the definition of alarms

24  as expanded in the instant order.

25          11.  Plaintiff's motion to compel further response to Request No. 19 is denied.

26  /////

12.  Requests Nos. 20 and 21 seek production of sales and profit figures from 2008 to the present.  Financial records are relevant for damages.  Defendant shall supplement its responses to Requests Nos. 20 and 21, subject to the attorneys-eyes-only protective order.

B.     Defendant Veeder-Root's Motion

Generally, the interrogatories were not well-drafted and were all compound.  Moreover, the responses to this discovery were submitted prior to the filing of defendant's counter-claim, so plaintiff is under no obligation to provide discovery responsive to the counter-claim in connection with the motion to compel.  Defendant's request to order plaintiff to supplement its responses in light of the counterclaims is denied.  To the extent defendant seeks production of documents based on these interrogatories, such a request is denied.  Interrogatories are not the proper discovery device for obtaining production of documents.  The discovery requests will be addressed seriatim:

1.  Interrogatory No. 2 seeks identification of all false and misleading statements plaintiff believes defendant made regarding plaintiff or its products.  Plaintiff shall supplement its interrogatory response to include all specific information it relied on in opposing the motion to dismiss, including a precise description of all such false statements, and if plaintiff cannot identify any other such statements at this time, shall so state in its supplemental response.

2.  Interrogatory No. 7 seeks specific information concerning plaintiff's claim for damages.  Defendant has provided authority for the proposition that plaintiff is required to identify particular customers and transactions it lost based on trade libel allegations.  Defendant needs this information to determine whether they are now defendant's customers and through discovery determine whether those customers came to defendant because of alternative reasons.  Plaintiff shall supplement its response to interrogatory 7 to include a list of those customers and transactions it lost based on its allegations in this case, subject to the attorneys eyes only protective order.

/////

6

1          3.  Interrogatory Nos. 8, 9, and 11 seek information outside the subject matter of

2 the amended complaint.  Defendant contends discovery concerning "all" product recalls, a 2007

3 site test, fines, warnings, enforcement actions or other disciplinary measures will demonstrate

4 reasons why customers would choose Veeder-Root over Franklin.  Plaintiff objects that

5 defendant can obtain this information by discovery through customers who moved to Veeder-

6 Root.  Moreover, the interrogatories were not narrowly tailored in terms of time or breadth.

7 Defendant is entitled to discover information concerning plaintiff's reputation in the marketplace.

8 Plaintiff shall supplement its response to interrogatory 8 and 11, subject to recalls and

9 disciplinary actions pertinent to the Franklin EVR, limited to the time frame June 1, 2008 to the

10 present.  The motion to compel further response to No. 9 is denied.

11          4.  Interrogatory No. 12 seeks any changes made to the Franklin ISD software in

12 the last two years and whether those changes were submitted to and approved by the ARB.

13 However, as noted by plaintiff, the alarms at issue here were not generated on systems using the

14 Franklin ISD.  Defendant's motion to compel further response to No. 12 is denied.

15          5.  Interrogatory No. 13 seeks any changes made to any components of the

16 Franklin EVR System, including changes in materials or material suppliers, in the last two years

17 and whether those changes were submitted to and approved by the ARB.  This interrogatory is

18 directed to defendant's counter-claim.  Thus, no further response is required.

19          6.  The motion to compel further response to Interrogatories 14 and 16 is denied

20 because they sweep in every allegation from the Amended Complaint which is inappropriate.

21 Bilyeu v. City of Portland, 2008 WL 4912048 at *2 (D. Or. 2008) (interrogatory requiring party

22 to identify all persons with whom it had discussed the incident vague and burdensome because it

23 would require plaintiff to list every person to whom plaintiff ever mentioned the incident); See

24 Hilt v. SFC, Inc., 170 F.R.D. 182, 186-88 (D. Kan. 1997) (interrogatory which indiscriminately

25 sweeps an entire pleading is overly broad and unduly burdensome).

26 /////

7.  Request for Production of Documents No. 5 seeks documents received from or provided to ARB in connection with the recent decertification of Franklin's ISD versions 1.0.0 and 1.1.0 for use in multiproduct (six-pack) fuel dispensers.  The alarms at issue in the amended complaint were not generated on fueling points using the Franklin ISD or on multiproduct (six-pack) fuel dispensers.  Defendant's motion to compel further response to No. 5 is denied.

8.  Request for Production of Documents No. 6 references the Veeder Root EVR; however, only the documents referencing the Veeder Root ISD are relevant to defendant's defense of unclean hands, which plaintiff has agreed to produce.  Campagnolo S.R.L. v. Full Speed Ahead, Inc., 2009 WL 1835938 (W.D. Wash 2009)("the misconduct which brings the clean hands doctrine into operation must relate directly to the transaction upon which the complaint is made, i.e., it must pertain to the very subject matter involved and affect the equitable relations between the litigants.")  The motion to compel further response to No. 6 is denied.

9.  Defendant's motion to compel further response to Request No. 8 is partially granted.  Plaintiff shall provide documents relating to the certification of the Veeder-Root ISD for use with the Franklin EVR System, including any documents regarding V/L monitoring requirements from June 1, 2008 to the present.

10.  Defendant's motion to compel further response to Request No. 9 is partially granted.  Plaintiff shall supplement its response to No. 9, subject to fines, warnings, enforcement actions or other disciplinary actions pertinent to the Franklin EVR, limited to the time frame June 1, 2008 to the present.

11.  Defendant's motion to compel further response to Request No. 11 is partially granted.  Plaintiff shall supplement its response to No. 11 as to the Franklin EVR, limited to the time frame June 1, 2008 to the present.

12.  Defendant seeks additional financial information, specifically from 2007 in Request Nos. 15 and 17.  However, because the first date of the false or misleading statement

8

1    appear to be February 2009, and defendant did not have a competing EVR product until October

2    17, 2008, the financial data from 2007 is not relevant.  No further response is required.

3            13.  Similar to the interrogatories noted in number 6 above, the Request Nos. 22,

4    23, 24 and 25 are broad requests for "all" documents to which plaintiff relied on or referred to in

5    preparing responses to interrogatories, requests for admissions and the Amended Complaint.

6    These requests are overly broad and should be denied.

7            14.  Plaintiff's objections to the requests for admissions are all well-taken.

8    Defendant's motion to compel further responses to the requests for admissions is denied.

9            Accordingly, IT IS HEREBY ORDERED that:

10           1.  Plaintiff's August 24, 2009 motion to compel further responses to request for

11    production of documents (#33) is denied in part and granted in part as set forth above;

12           2.  Defendants' September 4, 2009 motion to compel further responses to first set

13    of interrogatories and first requests for production of documents (#38) is denied in part and

14    granted in part, as set forth above;

15           3.  Defendants' September 4, 2009 motion to compel further responses to the first

16    requests for admission (#38) is denied *in toto*; and

17           4.  Each side shall bear its own attorneys fees and costs.

18    DATED:  November 12, 2009.

19

20                                                UNITED STATES MAGISTRATE JUDGE

21

22    001; franklin.oah

23

24

25

26